

COMMONWEALTH OF MASSACHUSETTS
NORFOLK COUNTY
**Public Docket Report**

### 1882CV00348 Gavin, Donna vs. Boston Police Department et al

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Torts | **FILE DATE:** | 03/16/2018 |
| **ACTION CODE:** | B22 | **CASE TRACK:** | F - Fast Track |
| **DESCRIPTION:** | Employment Discrimination | | |
| **CASE DISPOSITION DATE** 05/02/2018 | | **CASE STATUS:** | Closed |
| **CASE DISPOSITION:** | Transferred to another Court | **STATUS DATE:** | 05/02/2018 |
| **CASE JUDGE:** | | **CASE SESSION:** | Civil B |

## LINKED CASE

## DCM TRACK

| Tickler Description | Due Date | Completion Date |
|---|---|---|
| Service | 06/14/2018 | 05/02/2018 |
| Rule 12/19/20 Served By | 07/16/2018 | 05/02/2018 |
| Rule 15 Served By | 07/16/2018 | 05/02/2018 |
| Answer | 07/16/2018 | 05/02/2018 |
| Early Case Management Conference | 07/24/2018 | 05/02/2018 |
| Rule 12/19/20 Filed By | 08/13/2018 | 05/02/2018 |
| Rule 15 Filed By | 08/13/2018 | 05/02/2018 |
| Rule 15 Heard By | 09/12/2018 | 05/02/2018 |
| Rule 12/19/20 Heard By | 09/12/2018 | 05/02/2018 |
| Discovery | 01/10/2019 | 05/02/2018 |
| Rule 56 Served By | 02/11/2019 | 05/02/2018 |
| Rule 56 Filed By | 03/11/2019 | 05/02/2018 |
| Final Pre-Trial Conference | 07/09/2019 | 05/02/2018 |
| Judgment | 03/16/2020 | 05/02/2018 |

## PARTIES

| Plaintiff<br>Gavin, Donna | Private Counsel<br>Dan V Bair<br>Massachusetts Bar<br>15 Foster St<br>Quincy, MA 02169<br>Work Phone (508) 277-0720<br>Added Date: 03/16/2018 | 654369 |
|---|---|---|
| | Private Counsel<br>Kevin Mullen<br>Attorney at Law<br>Attorney at Law<br>15 Foster St<br>Quincy, MA 02169<br>Work Phone (617) 417-1097<br>Added Date: 03/16/2018 | 600535 |
| Defendant<br>Boston Police Department | | |
| Defendant<br>Hayes, Mark | Private Counsel<br>Evan Charles Ouellette<br>Brody Hardoon Perkins and Kesten LLP<br>Brody Hardoon Perkins and Kesten LLP<br>699 Boylston St<br>Boston, MA 02116<br>Work Phone (617) 880-7107<br>Added Date: 05/02/2018 | 655934 |

## PARTY CHARGES

| # | Offense Date/<br>Charge | Code | Town | Disposition | Disposition<br>Date |
|---|---|---|---|---|---|
| | | | | | |

## EVENTS

| Date | Session | Event | Result | Resulting Judge |
|---|---|---|---|---|
| | | | | |





| FINANCIAL DETAILS | | | | | |
|---|---|---|---|---|---|
| Date | Fees/Fines/Costs | Assessed | Paid | Dismissed | Balance |
| 03/16/2018 | Civil Filing Fee (per Plaintiff) Receipt: 11364 Date: 03/16/2018 | 240.00 | 240.00 | 0.00 | 0.00 |
| 03/16/2018 | Civil Security Fee (G.L. c. 262, § 4A) Receipt: 11364 Date: 03/16/2018 | 20.00 | 20.00 | 0.00 | 0.00 |
| 03/16/2018 | Civil Surcharge (G.L. c. 262, § 4C) Receipt: 11364 Date: 03/16/2018 | 15.00 | 15.00 | 0.00 | 0.00 |
| 03/16/2018 | Fee for Blank Summons or Writ (except Writ of Habeas Corpus) MGL 262 sec 4b Receipt: 11364 Date: 03/16/2018 | 20.00 | 20.00 | 0.00 | 0.00 |
| **Total** | | **295.00** | **295.00** | **0.00** | **0.00** |
| **Deposit Account(s) Summary** | | **Received** | **Applied** | **Checks Paid** | **Balance** |
| **Total** | | | | | |



**NORFOLK COUNTY**
**Public Docket Report**

| INFORMATIONAL DOCKET ENTRIES | | | |
|---|---|---|---|
| **Date** | **Ref** | **Description** | **Judge** |
| 03/16/2018 | | Attorney appearance<br>On this date Kevin Mullen, Esq. added as Private Counsel for Plaintiff<br>Donna Gavin | |
| 03/16/2018 | | Early Case Management Conference Pilot Program. | |
| 03/16/2018 | | Case assigned to:<br>DCM Track F - Fast Track was added on 03/16/2018 (Sent to Attorney) | |
| 03/16/2018 | 1 | Original civil complaint filed. | |
| 03/16/2018 | 2 | Civil action cover sheet filed. | |
| 03/16/2018 | | Demand for jury trial entered. | |
| 03/16/2018 | | Attorney appearance<br>On this date Dan V Bair, II, Esq. added as Private Counsel for Plaintiff<br>Donna Gavin | |
| 04/25/2018 | 3 | Service Returned for<br>Defendant Hayes, Mark: Service accepted by counsel Evan C. Ouellette<br>Esq of Brody, Hardoon, Perkins & Kesten, LLP attorney for defendant on<br>4/18/18 (rec'd 4/25/18) | |
| 05/02/2018 | 4 | Notice of Removal to the United States District Court filed by<br><br>(received 5/1/2018)<br><br>Applies To: Hayes, Mark (Defendant) | |
| 05/02/2018 | | Attorney appearance<br>On this date Evan Charles Ouellette, Esq. added as Private Counsel for<br>Defendant Mark Hayes | |
| 05/02/2018 | | Case transferred to another court. | |

I ATTEST THAT THIS DOCUMENT IS A
CERTIFIED PHOTOCOPY OF AN ORIGINAL
ON FILE.

Deputy Assistant Clerk
5/2/18

COMMONWEALTH OF MASSACHUSETTS
TRIAL COURT OF THE COMMONWEALTH

Norfolk, ss.

Superior Court Department
Civil Action No.

**18      0348**

DONNA GAVIN,                                    )
Plaintiff                                       )
                                                )
v.                                              )
                                                )
BOSTON POLICE DEPARTMENT AND                    )
MARK HAYES                                      )
Defendants                                      )
                                                )

## I. Nature of the Action

1.   Plaintiff, Donna Gavin ("Gavin"), brings this action against the Boston Police

Department ("BPD") and Mark Hayes ("Hayes") for gender discrimination, hostile work

environment based on gender, retaliation, aiding and abetting in discriminatory practices,

and coercion, intimidation, threats and interfering with the right to be free from

discrimination in violation of Massachusetts General Laws, Chapter 151B, Sections 4 (1),

4 (4), 4(4A) and 4 (5).  Additionally, Gavin brings this action against the BPD and Hayes

for gender discrimination and retaliation in violation of Title VII of the Civil Rights Act

of 1964, 42 U.S.C. §§ 2000e *et seq.*

## II. The Parties

2.   Plaintiff, Donna Gavin, is a natural person residing at: 88 Wharf Street, Milton, Norfolk

County, Massachusetts.

3.   Defendant, Boston Police Department, is a political subdivision of the City of Boston

located at One Schroeder Plaza, Boston, Suffolk County, Massachusetts.

4.     Defendant, Mark Hayes, is an individual located at One Schroeder Plaza, Boston, Suffolk

County, Massachusetts.


## III.   Venue

5.     Venue is proper as Plaintiff resides in Milton, Norfolk County, Massachusetts.

## IV.   The Facts

6.     The BPD is an employer as defined under G.L. c.151B, § 1 (5).  BPD is a paramilitary

organization with a well-defined command structure.

7.     At all times relevant, Gavin was the **only** female Lieutenant Detective employed by the

BPD, and the highest ranking female civil servant at the BPD.

8.     Gavin has been an employee of BPD for approximately thirty-two (32) years and has

always performed her job in a satisfactory manner earning commendations, regular pay

increases, and numerous awards.  After Gavin tied for second place on the Lieutenant's

exam, Gavin was promoted to temporary Lieutenant in April 2015 until July 2015 and

again in October 2015 until March 2016.  In March of 2016 Gavin was promoted to

permanent Lieutenant.  On or about October 15, 2016, Gavin was promoted to Lieutenant

Detective.

9.     On May 11, 2016, Hayes sent Gavin an email alerting her that "City Hall" and the BPD

were creating a new position, Lieutenant Detective, for the Commander of the Human

Trafficking Unit ("HTU") and the Crimes Against Children Unit ("CACU").

10.    On May 13, 2016, Gavin was transferred, and assumed command of both the HTU and

CACU of the BPD.  Additionally, Gavin was assigned as the City of Boston's City

Empowered Against Sexual Exploitation ("CEASE") co-coordinator.  Gavin's direct

supervisor, at all relevant times was Captain Detective Hayes.  Hayes was Gavin's direct

supervisor from 2010 until her promotion to temporary Lieutenant in 2015.

11.     Gavin interpreted Hayes' May 11, 2016 email as an attempt by Hayes to delegitimize her position and rank as the email was cc'd to two (2) of her subordinate Sergeants and an IT technician.

12.     Two (2) other male Lieutenant Detectives, one of whom is Hayes' brother-in-law, were supervised by Hayes in addition to Gavin.

13.     The HTU and CACU are housed at the Family Justice Center ("FJC") with the Suffolk County District Attorney's Children's Advocacy Center ("CAC") and other service providers who work with abused, neglected and sexually exploited children and adults. Gavin was led to believe that she was being transferred to the FJC because of her expertise in sex trafficking investigation, to lead Boston's CEASE initiative, and to oversee the CACU and HTU. The CACU was staffed with two veteran sergeant detectives, one of which had been overseeing the HTU prior to Gavin's transfer. Gavin, Hayes and the two (2) other male Lieutenant Detectives all worked at the FJC.

14.     Upon her arrival Gavin was given a small cubicle at the FJC with no privacy to conduct her work. Gavin's cubicle was actually smaller than the Sergeants that she supervised.

15.     The other two male Lieutenant Detectives had large private offices.

16.     When Gavin assumed command of HTU/CACU in May 2016, unlike other similarly situated male unit commanders at the FJC, Gavin had little to no input or influence over personnel decisions involving the transfer of detectives and sergeants in and/or out of the units she supervised.

17.     On or about May 19, 2016, Gavin was informed that Detective Jerrod Gero ("Gero") was being assigned to HTU and he arrived the next day. Normally, the commander of a unit has advanced notice and some input in the selection of his/her detectives.

18.  In June of 2016, Hayes conducted a case review of the CACU with Gavin. Gavin did not think this review was outside the norm as she had just assumed command of the CACU.

19.  In August of 2016, Hayes sent an email concerning the building of an interview room at the FJC, but there was no mention of a private office for Gavin.

20.  In late May of 2016, after being told the HTU staff was being increased, Gavin told Hayes she wanted more diversity in the unit. On or about September 2, 2016, after being asked to recruit a detective for the CACU, Gavin sought to have an African-American detective transferred to the unit. Hayes stated in an email that that transfer was not going to occur.

21.  The reason that Hayes gave Gavin that the transfer was not going to occur was because Sergeant Brian Miller ("Miller") vetoed the transfer. Miller was one of Gavin's direct subordinates.

22.  Upon information and belief, Hayes does not allow subordinates of the two (2) male Lieutenant Detectives to veto personnel transfers.

23.  On September 30, 2016, Gavin was summoned to a meeting with Hayes and Deputy Superintendent Norma Ayala ("Ayala"). Hayes and Ayala notified Gavin that they were transferring out of HTU two (2) experienced and dedicated detectives (both female), and were transferring into the HTU two (2) African-American female detectives. These transfers were to occur in November 2016.

24.  Gavin welcomed the two (2) new detectives; however, protested the transfer out of the HTU of two (2) veteran female detectives. Gavin questioned why they were being transferred out of HTU instead of Gero (the two female detectives both had more seniority than Gero, both in the unit and as detectives). Additionally, one of the detectives had been awarded detective of the year by her peers and the other was an openly gay female. Gavin informed Hayes and Ayala that Gero, although a good

4

investigator, lacked the proper victim centered skills to interact with victims of human trafficking in order to persuade them to cooperate in sex trafficking prosecutions. Additionally, Gavin had also received complaints about Gero from victim service providers at the FJC, including a survivor who reported that Gero was disrespectful to her during a presentation she was giving. Gavin's concerns about the personnel transfers were ignored. Hayes claimed that these transfers were due to Gavin's request for "diversity" in the HTU.

25.    In October 2016, Hayes conducted a second case review of the CACU. Upon information and belief, Hayes did not conduct case reviews of the male Lieutenant Detectives' respective units.

26.    On November 5, 2016, Hayes sent Gavin an email concerning the transfer of the two (2) HTU female detectives. Hayes threatened Gavin to not contact Mayor Walsh about the impending transfers. Hayes cc'd Gavin's subordinates on the email.

27.    Gavin believed that Hayes' threat was an attempt to undermine her authority with her subordinates, delegitimize her position and rank, and humiliate and embarrass her. Upon information and belief Hayes does not treat Gavin's male counterparts in such a condescending and unprofessional manner.

28.    On December 21, 2016, Hayes sent Gavin an email concerning a pending case. Hayes cc'd multiple subordinates and outside agencies. In the email Hayes criticized Gavin's work performance and decision making on the pending case. Upon information and belief, Hayes did not treat Gavin's male counterparts in the same fashion when addressing alleged performance issues. Hayes' deliberately eschewed the facts of the pending case in order to diminish Gavin's reputation with outside agencies and subordinates.

29.    Additionally, Hayes repeatedly allowed Gavin's subordinates to circumvent the chain of command and report directly to him despite Gavin's protests to the contrary.

30.  Hayes also countermanded Gavin's orders without justification on repeated occasions and cc'd subordinates and outside agencies concerning it.

31.  On January 13, 2017, Gavin wrote a report to Hayes concerning Gero. In the report, Gavin was critical of Gero's conduct during an investigation and suggested that he receive additional training.

32.  Hayes then started an "investigation" into her report on Gero in which he conducted interviews and contacted outside agencies. Hayes' impromptu investigation and behavior was outside of normal procedures and/or practices.

33.  On or about January 17, 2017, facility maintenance personnel brought an architect to the FJC regarding building an interview room and Gavin's office space. The architect asked Gavin who she was. After Gavin explained that she was a Lieutenant Detective the architect asked where the other Lieutenant Detectives' offices were located.

34.  The architect then told Gavin that her private office could be located near the other Lieutenant Detectives' offices. The architect stated that he and facility maintenance personnel would review the buildings' blue prints in order to create Gavin's office.

35.  On January 26, 2017, Hayes stated in an email, that Gavin was cc'd on, that her office was "cost prohibitive."

36.  At some point prior to March 2017, Gavin contacted her union and complained that she was being treated differently than her male counterparts with respect to her lack of a private office. Upon information and belief the union contacted the BPD and relayed her concerns regarding her lack of a private office.

37.  On March 4, 2017, a sergeant was transferred into the HTU, per Hayes' request, without Gavin's input or knowledge. Hayes contacted Gavin to let her know. During the conversation, Gavin asked Hayes about the status of her private office. Hayes told her that she was not getting a private office.

38. During the conversation on March 4, 2017, Gavin told Hayes that she felt as though she was being discriminated against by the BPD because she was not receiving a private office like her male counterparts. Hayes then stated that Gavin's job was "created" and it did not come with an office. At no time did Hayes report Gavin's March 4, 2017, complaint of discrimination to anyone within the BPD.

39. Gavin then contacted her union and complained that she was not getting a private office. Gavin also contacted BPD headquarters and complained.

40. As a result of Gavin's complaint, facility maintenance returned to the FJC on March 6, 2017.

41. Hayes' supervisor, Ayala and facility maintenance notified Gavin that they determined that her office would be located opposite from the other Lieutenant Detectives' offices, in a back hallway overlooking a dumpster and alley. Gavin found this to be demeaning and humiliating.

42. On March 7, 2017, Gavin called facility maintenance and stated that she could not agree to the space that they picked out as it was isolated and not comparable to the offices of her male counterparts (especially since there was available space at the front of the building and next to the other male lieutenant detectives). Facility maintenance agreed to return to the FJC.

43. On March 21, 2017, Hayes conducted a case review of the HTU for cases in 2015, 2016 and up to March 2017. At no time during the case review did Hayes raise any concerns regarding record keeping. On March 22, 2017, Hayes emailed Gavin agreeing that the case review went well.

44. On March 27, Gavin contacted her union concerning the private office. Upon information and belief the union contacted both Hayes and the BPD administration concerning Gavin receiving a private office.

45.     On or about March 30, 2017, Hayes sent Gavin an email concerning detectives under

        her command (and again cc'd subordinates).

46.     On April 2, 2017, Gavin sent Hayes an email concerning the March 30, 2017 email

        that stated:

        *Hi Captain. You have told me, I am the commander of both CACU and HTU. This
        latest email concerns me for 2 reasons, communication and chain of command. Since
        any discussions concerning personnel should include me as unit commander, I am
        requesting your assistance in correcting these problems. Once I get your response I
        speak with Tom and Brian. Thanks very much. Donna.*

47.     On April 2, 2017, Hayes replied to Gavin's email stating, in part, the following:

        *You are the commander of both units . . . Also, concerning your constant complaints
        about office space, the department has been diligently been working on it for months.
        You cannot file a grievance since there is no provision in the contract, collective
        bargaining agreement that provides for office space for anyone. I have also spoke
        with Union Vice President Talbot on this as well and **I am aware of your threats to
        go to the MCAD on this office space issue. So if that is what you want to do then I
        suggest you go ahead and do so.** I would appreciate it if you would focus more time
        with CACU issues than with trying to secure a different office space.*

        (emphasis added)

48.     Hayes cc'd Gavin's subordinates on the April 2, 2017 email. Gavin felt that Hayes'

        email was threatening and a blatant attempt to intimidate and coerce her.

49.     On or about April 20, 2017, Gavin learned that case files were missing from the HTU.

        Gavin made inquiries by email concerning the missing files. Gavin then learned from

        Hayes that he had been secretly removing case files from HTU and reviewing them

        within the last few weeks. This revelation was shocking as Hayes had just conducted

        a case review on March 21, 2017, and did not inform Gavin of this new "secret"

        review. Gavin believed that this was discriminatory and retaliatory behavior by

        Hayes in response to her complaints.

50.     On or about April 24, 2017, Gavin made a formal complaint to Superintendent

        Gregory Long ("Long"). The complaint stated, in part, the following:

8

*I respectfully request to file a formal complaint pursuant to Rule 114 (Harassment Policy) of the Boston Police Department. Since 2016, I have been the subject to a hostile working environment based upon my gender by Captain Detective Mark Hayes, my direct supervisor. In addition I have been discriminated against based on my gender and retaliated against by Captain Hayes for complaining about the discrimination. Finally, Captain Hayes, on at least one occasion, has attempted to intimidate and coerce me from exercising my right to be free from discrimination. I respectfully ask to meet and discuss my complaint at your earliest opportunity. Respectfully submitted, Lt. Det. Donna Gavin.*

51.  On April 27, 2017, Gavin and her attorneys met with the BPD's Internal Affairs Department ("IAD") concerning her April 24, 2017 complaint. Superintendent Francis Mancini ("Mancini"), who was in charge of the BPD's Bureau of Professional Standards was present at the meeting along with an IAD investigator and Mary Flaherty, Deputy Director of BPD's Human Resource Division. During the meeting Mancini indicated that if Hayes retaliated against Gavin she was to inform him directly.

52.  On or about May 1, 2017, Gavin was informed by an outside agency that there was going to be an operation initiated in which some of her subordinates were involved. The outside agency invited Gavin to participate in a briefing concerning the operation.

53.  Gavin was unaware of any operation. Gavin approached one of her subordinates about the impending operation. The subordinate indicated that Hayes told her that the operation was a "secret."

54.  Hayes deliberately circumvented the chain of command and froze Gavin out of activities involving detectives that she directly supervised in retaliation for her filing a complaint.

55.  Gavin then emailed Hayes and Ayala, among others, concerning the pending operation and her concerns about being uninformed about an operation involving her subordinates. Ayala told Gavin that her sergeant could handle it and to not attend the briefing to which the outside agency invited her. Gavin believed that this was done in

retaliation for filing a complaint against Hayes and was intended to humiliate and embarrass Gavin in front of her subordinates and outside agencies.

56. On May 2, 2017, Hayes handed Gavin a seventeen (17) page criticism of the HTU during a meeting. Gavin believed that this was done in retaliation for her filing a complaint of discrimination.

57. On May 5, 2017, Gavin ordered Miller to write a report concerning his activities surrounding the "secret" operation that was conducted on or about May 4, 2017. Miller by-passed the chain of command and contacted Ayala.

58. On May 8, 2017, Ayala contacted Gavin, via email, and countermanded Gavin's order to Miller in contravention of BPD policies and procedures. Gavin believed that this was done in retaliation for filing a complaint against Hayes.

59. On May 16, 2017, Hayes filed a forty-five (45) page complaint with IAD charging Gavin with neglect of duty and directives or orders. Gavin believed this complaint was retaliatory.

60. On or about May 17, 2017, Ayala contacted Gavin, via the telephone and informed her that she would now be reporting directly to Ayala instead of Hayes. When Gavin questioned Ayala about the command structure concerning detectives under her command Ayala stated that all officers under her command would continue to report to Gavin and Gavin would report to Ayala.

61. On May 23, 2017, Hayes sent an email to Gavin and all of her subordinates in both the HTU and CACU titled "Chain of Command" which stated, in relevant part:

*FYI, Due to the fact that Lt.. Gavin filed a Rule 114 complaint against me with the Internal Affairs Division, Lt. Det. Gavin will no longer report to me. Lt. Gavin will directly to Deputy Ayala until the IAD investigation has been completed. This **only** applies to Lt. Gavin. Detectives will continue to report to their respective Sergeants. Sergeants will continue to report to Lt. Gavin. However, all detectives and all sergeants can and will still report to me as well. I am the commander of the Family Justice Unit and I still need to be kept informed about what is going on in your respective units and with your cases. The **only** thing that has changed while the IAD investigation is that Lt. Gavin herself, will report directly to Deputy Ayala, instead of*

*reporting directly to me. If I have any questions or concerns I will speak with the sergeants and/or detectives directly.*

62.   Hayes' email of May 23, 2017, in which all of Gavin's subordinates were cc'd, was a blatant violation of Rule 114 of the BPD's Rules and Procedures which governs, among other things, the confidentiality of IAD investigations and complaints (including complaints of discrimination and/or harassment).

63.   Hayes' conduct in sending the May 23, 2017, email was retaliatory in nature and a blatant attempt to intimidate and/or coerce Gavin from pursuing her internal complaint of discrimination.

64.   On or about May 23, 2017, Gavin filed a complaint of discrimination with the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission.

65.   On or about May 31, 2017, Gavin met with IAD concerning Hayes' retaliatory conduct towards her. Gavin asked to speak directly with Mancini concerning Hayes' retaliatory conduct. The IAD investigator left the interview to see if Mancini was available to speak with Gavin and upon his return indicated that Mancini was not prepared to speak with Gavin. The IAD investigator then told Gavin that Mancini directed her to report any retaliatory conduct to Ayala.

66.   On or about June 7, 2017, Gavin sent a report outlining the retaliatory conduct that Hayes subjected her to since the filing of her April 24, 2017, complaint of discrimination and harassment.

67.   Since filing her complaint of discrimination and harassment with IAD, Hayes and individuals under Hayes' and Hayes' brother-in-law's command, have made statements regarding Hayes' retaliation against Gavin.   During the summer of 2016 at a social event, a sergeant under Hayes' brother-in-law's command (Hayes' brother-in-law is one of the two Lieutenant Detectives who report to Hayes at the FJC) stated

11

that Hayes was going to "get her" [Gavin]. Hayes reportedly told detectives under his

command that he "had her"[Gavin]. Hayes told a command staff member that he had

her [Gavin]. Finally, at another social gathering on or about September 28, 2018,

Hayes' told a retired BPD employee that he "had her" and that he has kept a dossier

on Gavin.

68.    On two (2) occasions since Gavin's complaint of discrimination and harassment,

frivolous IAD complaints have been filed against Gavin on behalf of other officers

claiming that Gavin was harassing them and creating a hostile work environment.

Upon information and belief, Hayes encouraged said officers to pursue frivolous

charges against Gavin in an attempt to intimidate and coerce her.

69.    Throughout Gavin's tenure as commander of HTU/CACU, Hayes repeatedly

attempted to undermine her authority with subordinates, delegitimize her

position/rank and humiliate and embarrass her. Additionally, Hayes micro-managed

and hyper scrutinized Gavin's management of both the HTU/CACU which was not

warranted. Hayes did not treat Gavin's male counterparts in the same fashion.

70.    As of March 14, 2018 (approximately one year) the IAD investigation filed by Gavin

has not been completed and Hayes continues to retaliate and undermine Gavin.

Although requested on numerous occasions, Mancini and IAD have refused to

provide Gavin and her attorneys with a copy of Hayes' 45 page IAD complaint

against Gavin.

## COUNT ONE
## GENDER DISCRIMINATION AND HOSTILE WORK
## ENVIRONMENT BASED ON GENDER
## (Violation of M.G.L. c.151B, § 4 [1])
## (Against Boston Police Department)

71.    Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1

through 70 above and incorporates same by reference.

72.     Defendant, BPD discriminated against Plaintiff with respect to terms, conditions, and/or privileges of employment based on her gender as outlined above in paragraphs 1-70. Additionally, BPD created and maintained a hostile work environment against Plaintiff based on her gender.

73.     As a result of the BPD's conduct, Plaintiff has suffered damages, including but not limited to, lost wages, emotional distress damages, costs, reasonable attorney's fees and interest.

        **WHEREFORE**, Plaintiff Donna Gavin demands judgment against Defendant, Boston Police Department, in an amount that the Court deems just, plus interest, costs, and attorneys' fees where applicable.

## COUNT TWO
## RETALIATION (Violation of M.G.L. c.151B, § 4 [4])
## (Against Mark Hayes & Boston Police Department)

74.     Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 73 above and incorporates same by reference.

75.     Plaintiff engaged in protected activity by complaining of discrimination, to the BPD and Hayes.

76.     Plaintiff engaged in protected activity by complaining of retaliation by Hayes to the BPD.

77.     Plaintiff engaged in protected activity by filing a charge of discrimination with the Massachusetts Commission Against Discrimination on or about May 23, 2017.

78.     Defendants BPD and Hayes retaliated against Plaintiff for engaging in protected activity as outlined above in paragraphs 1-77.

79.     As a result of the Defendants' conduct, Plaintiff has suffered damages, including but not limited to, emotional distress damages, lost wages, costs, reasonable attorney's fees and interest.

13

**WHEREFORE**, Plaintiff Donna Gavin demands judgment against Defendants, Boston

Police Department and Mark Hayes in an amount that the Court deems just, plus interest, costs,

and attorneys' fees where applicable.

## COUNT THREE
## INTERFERENCE WITH THE RIGHT TO BE FREE FROM DISCRIMINATION
### (Violation of M.G.L. c.151B, § 4 [4A])
### (Against Mark Hayes)

80.    Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1

through 79 above and incorporates same by reference.

81.    Plaintiff exercised rights granted and/or protected under M.G.L. c.151B as outlined in

Paragraphs 1-80 above.

82.    Defendant Hayes interfered, coerced, intimidated and/or threatened Plaintiff as a result of

her activities outlined in Paragraphs 1- 81 above.

83.    As a result of the Defendant's conduct, Plaintiff has suffered damages, including but not

limited to, emotional distress damages, lost wages, costs, reasonable attorney's fees and

interest.

**WHEREFORE**, Plaintiff Donna Gavin demands judgment against Defendant, Mark

Hayes in an amount that the Court deems just, plus interest, costs, and attorneys' fees where

applicable.

## COUNT FOUR
## AIDING AND ABETTING
### (Violation of M.G.L. c.151B, § 4 [5])
### (Against Mark Hayes)

84.    Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1

through 83 above and incorporates same by reference.

85.    Defendant Hayes aided, abetted, incited, compelled and/or coerced BPD into retaliating

against Plaintiff as outlined in Paragraphs 1-84 above.

14

86.    As a result of the Defendant's conduct, Plaintiff has suffered damages, including but not limited to, emotional distress damages, lost wages, costs, reasonable attorney's fees and interest.

**WHEREFORE**, Plaintiff Donna Gavin demands judgment against Defendant, Mark Hayes in an amount that the Court deems just, plus interest, costs, and attorneys' fees where applicable.

## COUNT FIVE
## GENDER DISCRIMINATION AND HOSTILE WORK ENVIRONMENT BASED ON GENDER
## (Violation of Title VII, 42 U.S.C. § 2000e-2)
## (Against Boston Police Department)

87.    Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 86 above and incorporates same by reference.

88.    Defendant, BPD discriminated against Plaintiff with respect to terms, conditions, and/or privileges of employment based on her gender as outlined above in paragraphs 1-87. Additionally, BPD created and maintained a hostile work environment against Plaintiff based on her gender.

89.    As a result of the BPD's conduct, Plaintiff has suffered damages, including but not limited to, lost wages, emotional distress damages, costs, reasonable attorney's fees and interest.

**WHEREFORE**, Plaintiff Donna Gavin demands judgment against Defendant, Boston Police Department, in an amount that the Court deems just, plus interest, costs, and attorneys' fees where applicable.

## COUNT SIX
## RETALIATION (Violation of Title VII, 42 USC § 2000e-3)
## (Against Mark Hayes & Boston Police Department)

90.    Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 89 above and incorporates same by reference.

91. Plaintiff engaged in protected activity by complaining of discrimination, to the BPD and Hayes.

92. Plaintiff engaged in protected activity by complaining of retaliation by Hayes to the BPD.

93. Plaintiff engaged in protected activity by filing a charge of discrimination with the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission on or about May 23, 2017.

94. Defendants BPD and Hayes retaliated against Plaintiff for engaging in protected activity as outlined above in paragraphs 1-93.

95. As a result of the Defendants' conduct, Plaintiff has suffered damages, including but not limited to, emotional distress damages, lost wages, costs, reasonable attorney's fees and interest.

**WHEREFORE**, Plaintiff Donna Gavin demands judgment against Defendants, Boston Police Department and Mark Hayes in an amount that the Court deems just, plus interest, costs, and attorneys' fees where applicable.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL TRIABLE ISSUES.**

PLAINTIFF,
DONNA GAVIN

Date: March 16, 2018          By:  _____

Dan V. Bair II, Esq. (BBO# 654369)
dbair@danbairlaw.com
Dan V. Bair, Attorney at Law
15 Foster Street
Quincy MA  02169
Tel: (508) 277-0720
Fax: (617) 770-4091

I ATTEST THAT THIS DOCUMENT IS A
CERTIFIED PHOTOCOPY OF AN ORIGINAL
ON FILE.
*Deborah Lewis*
Deputy Assistant Clerk
5/2/18

By:  _____

Kevin Mullen, Esq. (BBO# 600535)
kevinrmullen@verizon.net

16

2-C

| **CIVIL ACTION COVER SHEET** | **DOCKET NUMBER** 18 0348 | **Trial Court of Massachusetts** **The Superior Court** |
|---|---|---|

| PLAINTIFF(S): | Donna Gavin | COUNTY |
|---|---|---|
| ADDRESS: | 88 Wharf Street, Milton, MA | Norfolk |

| | | DEFENDANT(S): | Boston Police Department and Mark Hayes |
|---|---|---|---|

| ATTORNEY: | Dan V. Bair II |
|---|---|
| ADDRESS: | 15 Foster Street, Quincy, MA |

ADDRESS:   One Schroeder Plaza, Boston, MA

| BBO: | 654369 |
|---|---|

**TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B22 | Employment Discrimination | F | ☒ YES   ☐ NO |

*If "Other" please describe:

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
    1. Total hospital expenses ......................................................................................................... $ _____
    2. Total doctor expenses ......................................................................................................... $ _____
    3. Total chiropractic expenses ......................................................................................................... $ _____
    4. Total physical therapy expenses ......................................................................................................... $ _____
    5. Total other expenses (describe below) ......................................................................................................... $ _____
                                                      Subtotal (A): $ _____

B. Documented lost wages and compensation to date ......................................................................................................... $ _____
C. Documented property damages to dated ......................................................................................................... $ _____
D. Reasonably anticipated future medical and hospital expenses ......................................................................................................... $ _____
E. Reasonably anticipated lost wages ......................................................................................................... $ _____
F. Other documented items of damages (describe below) ......................................................................................................... $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Plaintiff was discriminated and retaliated against by Defendants in violation of M.G.L. c.151B and Title VII
of the Civil Rights Act of 1964, 42 U.S.C. s.2000e et seq.

TOTAL (A-F):$   250,000+

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

I ATTEST THAT THIS DOCUMENT IS A
CERTIFIED PHOTOCOPY OF AN ORIGINAL
ON FILE.

TOTAL: $   250,000+

Signature of Attorney/Pro Se Plaintiff: X

Deputy Assistant Clerk   5/7/18

Date:

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**
I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record:  X

Date: 3/16/18

3.0

**(TO PLAINTIFF'S ATTORNEY:   PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER)**

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. **18    0348**

_Donna Gavin_ ........................................, *Plaintiff(s)*

v.

_Boston Police Department and_
_Mark Hayes_ ........................................, *Defendant(s)*

### SUMMONS

To the above-named Defendant: _Mark Hayes_

    You are hereby summoned and required to serve upon _Dan V. Bair II_ ........, plaintiff's attorney, whose address is _15 Foster Street, Quincy, MA 02169_, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's attorney or within a reasonable time thereafter.

    Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

    WITNESS,   JUDITH FABRICANT, Esquire   , at ........................ the ........................

day of ........................................, in the year of our Lord two thousand and ........................

I ATTEST THAT THIS D............... IS A
CERTIFIED PHOTOCOPY............ ORIGINAL
ON FILE............

_Walter F. Timilty_ , *Clerk.*

Deputy Assistant C.... 5/2/18

NOTES:
1. This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ........................................, 20       , I served a copy of
the within summons, together with a copy of the complaint in this action, upon the within-named
defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

I, Evan C. Ouellette, Esq., of Brody, Hardoon, Perkins + Kesten, LLP,
Attorney for Defendant, Mark Hayes, hereby accept Service
of the Plaintiff's Complaint on this 18 day of April, 2018.

Dated: April 18          , 20 18     *Evan C. Ouellette*

**N. B.   TO PROCESS SERVER:-**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN**
**THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON**
**DEFENDANT.**

| |
|---|
| , 20      . |

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                  SUPERIOR COURT
                              CIVIL ACTION

                              NO.

                              .................., Plaintiff

                              v.

                              .................., Defendant

                              **SUMMONS**

                              (Mass. R. Civ. P.4)

40



5/1/18
RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY
5/2/18

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NORFOLK, ss

SUPERIOR COURT DEPARTMENT
CIVIL ACTION NO.: 1882CV00348

DONNA GAVIN,
     Plaintiff,

v.

BOSTON POLICE DEPARTMENT and
MARK HAYES,
     Defendants.

## WRITTEN NOTICE OF REMOVAL TO
## FEDERAL COURT PURSUANT TO 28 U.S.C. §1446(d)

A Notice of Removal of the above-captioned action from the Superior Court of the
Commonwealth of Massachusetts, Norfolk County, to the United States District Court for the
District of Massachusetts (a copy of which Notice is filed herewith) was duly filed on April
27, 2018 in the United States District Court for the District of Massachusetts. A copy of the
Notice of Removal, certified by the United States District Court for the District of
Massachusetts, having been duly filed with the Clerk for the Superior Court of the
Commonwealth of Massachusetts, Norfolk County, in accordance with 28 U.S.C. §1446(d),
the Superior Court shall proceed no further herein unless and until the case is remanded.

Respectfully submitted,

Defendant,
MARK HAYES,
By his attorney,

_Evan C. Ouellette_ /sm/

Evan C. Ouellette, BBO #655934
BRODY, HARDOON, PERKINS & KESTEN, LLP
699 Boylston Street
Boston, MA 02116
(617) 880-7100
eouellette@bhpklaw.com

DATED: May 1, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on this day, May 1, 2018 a true copy of the above document was served upon the attorney of record for each party by first class mail.

_Evan C. Ouellette_ /sm/

Evan C. Ouellette, BBO #655934

I ATTEST THAT THIS DOCUMENT IS A
CERTIFIED PHOTOCOPY OF AN ORIGINAL
ON FILE.
Deputy Assistant Clerk
5/2/18

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 1:18-cv-10819

DONNA GAVIN,
    Plaintiff,

v.

BOSTON POLICE DEPARTMENT and
MARK HAYES,
    Defendants.

I hereby certify on 4/27/18 that the
foregoing document is true and correct copy of the
  ☐ electronic docket in the captioned case
  ☑ electronically filed original filed on 4/27/18
  ☐ original filed in my office on

Robert M. Farrell
Clerk, U.S. District Court
District of Massachusetts
By: _____
Deputy Clerk

## DEFENDANT, MARK HAYES' NOTICE OF REMOVAL OF ACTION FROM STATE COURT

Pursuant to 28 U.S.C. §1441(c) and 1446, the Defendant, Mark Hayes, petitions for removal of this action to the United States District Court for the District of Massachusetts. As grounds therefore, the Defendant states as follows:

1.     On or about April 5, 2018, the Plaintiff filed this suit in the Norfolk Superior Court, Civil Action No.: 1882CV00348.

2.     On April 18, 2018, the Plaintiff's complaint was served upon Defendant Hayes, through his counsel. Attached as Exhibit A is a copy of the Plaintiff's complaint and summons which was served upon Defendant Hayes.

3.     This Court has original jurisdiction of this action because the Plaintiff brings claims under Title VII (42 U.S.C. §2000e et seq.) alleging gender discrimination and retaliation.

4.    Because this matter is an action arising under federal law of which this Court has

original jurisdiction, as authorized by 28 U.S.C. §1331, it is subject to removal under 28

U.S.C. §1441(c).

5.    This Notice of Removal is being filed within the time period required by law, 28

U.S.C. §1446(b).

                                    Respectfully submitted,

                                    Defendant,
                                    MARK HAYES,
                                    By his attorney,

                                    */s/ Evan C. Ouellette*
                                    Evan C. Ouellette, BBO# 655934
                                    BRODY, HARDOON, PERKINS & KESTEN,
                                    LLP
                                    699 Boylston Street
                                    Boston, MA 02116
                                    (617) 880-7100
                                    eouellette@bhpklaw.com

DATED: April 27, 2018

### CERTIFICATE OF SERVICE

        I hereby certify that this document was filed through the ECF system and will

therefore be sent electronically to the registered participants as identified on the Notice of

Electric Filing (NEF) and paper copies will be sent to those participants indicated as non-

registered participants.

                                    */s/ Evan C. Ouellette*
                                    Evan C. Ouellette, BBO# 655934

DATED: April 27, 2018

15 Foster Street
Quincy, MA  02169
Tel: (617) 417-1097
Fax: (617) 770-4091