UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 18-cv-10819-LTS

DONNA GAVIN

       Plaintiff,

v.

BOSTON POLICE DEPARTMENT[1], et al.
       Defendant.

**DEFENDANT CITY OF BOSTON'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff asserts four claims against the Defendant, City of Boston (hereinafter referred to as the "City"): a gender discrimination and hostile work environment claim under G. L. c. 151B §4 [1] (Count I); a retaliation claim under G. L. c. 151B §4 [1] (Count II); a Title VII, 42 U.S.C. §2000e-2 claim (Count V); and a retaliation claim under Title VII, 42 U.S.C. § 2000e-2 (Count VI). Plaintiff fails to establish a factual basis to assert any of the claims she has brought against the City. As a result, all charges against the City must be dismissed.

## II. FACTUAL BACKGROUND[2]

Plaintiff has been a member of the Boston Police Department (hereinafter referred to as the "Department") for about thirty-two years. (Complaint "Compl." ¶8). She is the Lieutenant Detective in-charge of the Human Trafficking and Crimes Against Children Units (Compl. ¶9).

---

[1] The Boston Police Department is not a separate legal entity. It is a department of the City of Boston.
[2] The following facts are accepted as true for the limited purpose of this motion only.

1

Captain Detective Mark Hayes oversees the Family Justice Division[3], which includes the units Plaintiff commands. This position was created specifically for the Plaintiff by the Defendant in or around May 2016 (Compl. ¶9). In order to accommodate space for an additional supervisor the Defendant spent several months working with the Plaintiff, architects, procurement and facilities management (Compl.¶19, ¶34, ¶35, 40, ¶42). Prior to Plaintiff's arrival there were no vacant offices. As of October 2017, Plaintiff's newly built office was complete and she moved into the space.

On or about April 24, 2017, Plaintiff notified Superintendent Gregory Long that she was having issues with Captain Detective Hayes. (Compl. ¶50). In May 2017, Plaintiff was informed that she would no longer be reporting to Captain Detective Hayes. (Compl. ¶60).

## III. STANDARD OF REVIEW

To survive a motion to dismiss, a complaint "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To determine "whether a complaint states a plausible claim, [courts] 'perform [a] two-step analysis.'" Saldivar v. Racine, 818 F.3d 14, 18 (1st Cir. 2016) (quoting Cardigan Mtn. Sch. v. N.H. Ins. Co., 787 F.3d 82, 84 (1st Cir. 2015)). "At the first step, we distinguish the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." Id. (internal quotation marks omitted). "At step two, we must determine whether the factual allegations are sufficient to support the reasonable inference that the defendant is liable." Id. (internal quotation marks omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations are true . . . ."

---

[3] Plaintiff stopped reporting to Captain Detective Hayes in or around May 2017 and was instructed to report to a Deputy Superintendent.

2

Twombly, 550 U.S. at 555.  This standard is "not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

## IV.     ARGUMENT

### A.     PLAINTIFF HAS FAILED TO ARTICULATE ANY ADVERSE EMPLOYMENT ACTION SHE SUFFERED ATTRIBUTABLE TO THE DEFENDANT.

To make out a prima facie case of discrimination under Mass. G. L. c. 151B § 4(1) and Title VII, Plaintiff must prove four statutory elements: "that he or she is a member of a protected class; that he or she was subject to an adverse employment action; that the employer bore 'discriminatory animus' in taking that action; and that the animus was the reason for the action (causation)." Bulwer v. Mount Auburn Hospital, 473 Mass. 672, 680 (2016), *citing* Lipchitz v. Raytheon Co., 434 Mass. 493, 502 (2001; *see* Blare v. Husky Injection Molding Sys. Boston, Inc., 419 Mass. at 441; Knight v. Avon Prod., Inc., 438 Mass. 413, 420-21 (2003); Zaniboni v. Massachusetts Trial Court, 81 Mass. App. Ct. 216, 218–19 (2012).  Plaintiff may establish the latter two elements, discriminatory animus and causation, using the three-stage framework espoused by the United States Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973), and adopted by Massachusetts courts, *see*, e.g., Sullivan v. Liberty Mut. Ins. Co., 444 Mass. 34, 39-40 (2005).  In this case, the Plaintiff cannot make out a prima facie case of discrimination because she has failed to articulate an adverse employment action under federal or state law[4].

---

[4] Arguably, the Plaintiff has also failed to show under a disparate treatment theory as she seems to be alleging, that the Defendant, Boston Police Department, bore any discriminatory animus towards her.  There is equally no evidence of causation to support Plaintiff's allegations against the City of Boston.  "A plaintiff who brings her claim under the disparate treatment theory must demonstrate that her employer intentionally treated her less favorably than

3

As Plaintiff readily points out in her Complaint, the Defendant has gone above and beyond to ensure that she is content not only with her employment, but also in her workplace environment. There are several examples that illustrate this point – i.e. creating a position specifically for her (Compl. ¶9), reconfiguring and rebuilding work space in order to give the Plaintiff an office (Compl.¶33, ¶41, ¶42), and transferring diverse detectives in to her unit at her request (Compl.¶23). Nothing in the Plaintiff's Complaint suggests, let alone establishes, an adverse employment action. In fact, the Plaintiff explicitly states that her basis for a discrimination complaint against the Department is because she was not given a private office liker her male counterparts. (Compl. ¶38). Not having an office space is not an adverse employment action. Furthermore, as the Plaintiff concedes, she "could not agree to the space" that was offered and faicility maintenance was required to return to the unit for further assessment.[5] (Compl. ¶42).

Similarly, the Plaintiff appears to rely on vague assertions regarding personnel decisions to support her theory as to adverse employment actions; however, the Plaintiff's dissatisfaction with the transfer of personnel within the Department, a decision that falls squarely with the Police Commissioner, fails to meet the criteria for an adverse action, much less evidence of discrimination. On its face, the Plaintiff appears to assert herself as the commander without regard for the hierarchy in place at the Family Justice Center—which is overseen in its entirety by Captain Detective Hayes. While the Plaintiff was responsible for oversight of the HTU and CACU, she was still subject to management and oversight by her commanders and her

---

others because of her race, gender, religion, national origin, or age...." Sullivan v. Liberty Mut. Ins. Co., 444 Mass. 34, 38 n.10 (2005).

[5] Plaintiff has omitted the fact that she refused office space that was offered to her by one of the male Lieutenant Detectives referenced in her Complaint and that within a few months a new office space was designed and built for her.

disagreement for decision making at higher ranks does not qualify as an adverse employment action required to establish a claim of discrimination against the Defendant.

To establish an adverse employment action, a complainant must generally prove that the employer took "something of consequence from the employee, say, by discharging or demoting [her], reducing [her] salary, or divesting [her] of significant responsibilities" or else that the employer withheld "an accouterment of the employment relationship, say, by failing to follow customary practice of considering [her] for promotion after a particular period of service [.]" Blackie v. State of Maine, 75 F.3d 716, 725 (1st Cir. 1996). The First Circuit went on to explain that :

> [T]he inquiry must be cast in objective terms. Work places are rarely idyllic retreats, and the mere fact that an employee is displeased by an employer's act or omission does not elevate that act or omission to the level of a materially adverse employment action.

Id.

In the instant case, the Plaintiff has failed to articulate any adverse employment action. The only thing that Plaintiff has repeatedly articulated is her own sense of self-importance and her inability to appreciate that the Department cannot drop everything (including procurement laws) in order to satisfy Plaintiff's often unreasonable demands. Nothing of consequence was ever taken away from the Plaintiff (in fact arguably the opposite occurred through her promotion and assignment to a position created specifically for her), and no accouterment of the employment relationship was ever denied to her. Blackie at 725. Moreover, "employers must be accorded reasonable flexibility in operational matters" Ahern v. Shinseki, 629 F.3d 49, 56 (1st Cir. 2010). In this case, the time spent reconfiguring the space in the Family Justice Center in order to meet the Plaintiff's demands was completely reasonable. In fact, the Plaintiff refused

proposals for a workspace, including an offer to move into an office occupied by another Lieutenant Detective, until she was presented with a plan that met her demands.

It is equally disingenuous for the Plaintiff to assert that she was not consulted on employment transfers because she is aware (or certainly should be aware) that the Defendant is not obligated to consult with employees, regardless of their rank, prior to making personnel decisions.  The use of this discretion when making personnel decisions does not amount to an adverse employment action, particularly since the Plaintiff cannot articulate how the transfer of personnel affected the terms and conditions of her employment.   Rather, the Plaintiff relies on pure speculation and conjecture, without any specific factual support, to assert a claim against the Department. The Plaintiff has failed to articulate any material change of circumstances to her employment and, as a result, her claim of discrimination must fail and the complaint dismissed. See Blackie, 75 F. 3d at 725.

      **B.**     **PLAINTIFF HAS ALSO FAILED TO ESTABLISH THAT SHE WAS SUBJECTED TO A HOSTILE WORK ENFIRONMENT BASED ON HER GENDER.**

Under Title VII, to prove a hostile work environment claim, the Plaintiff must demonstrate that the complained-of conduct was sufficiently severe or pervasive so as to alter the conditions of the Plaintiff's employment and create an abusive work environment. Ortiz v. Federal Bureau of Prisons, 290 F. Supp. 3d 96, 103 (D. Mass., 2017).  In a case, such as this one, in which the Plaintiff offers no direct evidence of discrimination, this Circuit has relied on the burden shifting analysis outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). The precise elements may be tailored to fit the realities of particular cases, but generally "require, among other things, a showing of an adverse employment action" Cham v. Station Operators, Inc., 685 F. 3d 87, 93 (1st Cir. 2012).  More specifically to a gender based hostile

proposals for a workspace, including an offer to move into an office occupied by another Lieutenant Detective, until she was presented with a plan that met her demands.

It is equally disingenuous for the Plaintiff to assert that she was not consulted on employment transfers because she is aware (or certainly should be aware) that the Defendant is not obligated to consult with employees, regardless of their rank, prior to making personnel decisions. The use of this discretion when making personnel decisions does not amount to an adverse employment action, particularly since the Plaintiff cannot articulate how the transfer of personnel affected the terms and conditions of her employment. Rather, the Plaintiff relies on pure speculation and conjecture, without any specific factual support, to assert a claim against the Department. The Plaintiff has failed to articulate any material change of circumstances to her employment and, as a result, her claim of discrimination must fail and the complaint dismissed. See Blackie, 75 F. 3d at 725.

**B. PLAINTIFF HAS ALSO FAILED TO ESTABLISH THAT SHE WAS SUBJECTED TO A HOSTILE WORK ENFIRONMENT BASED ON HER GENDER.**

Under Title VII, to prove a hostile work environment claim, the Plaintiff must demonstrate that the complained-of conduct was sufficiently severe or pervasive so as to alter the conditions of the Plaintiff's employment and create an abusive work environment. Ortiz v. Federal Bureau of Prisons, 290 F. Supp. 3d 96, 103 (D. Mass., 2017). In a case, such as this one, in which the Plaintiff offers no direct evidence of discrimination, this Circuit has relied on the burden shifting analysis outlined in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). The precise elements may be tailored to fit the realities of particular cases, but generally "require, among other things, a showing of an adverse employment action" Cham v. Station Operators, Inc., 685 F. 3d 87, 93 (1st Cir. 2012). More specifically to a gender based hostile

work environment claim, the Plaintiff must show (1) she is a member of a protected class; (2) she was subjected to unwelcome harassment based on her gender; and (3) there is a basis for employer liability. Rosario v. Dep't of Army, 607 F.3d 241, 247 (1st Cir. 2010). The Defendant does not dispute that the Plaintiff is a member of a protected class. However, as previously articulated, the fatal flaw in Plaintiff's Complaint is the absence of an adverse employment action. Bhatti v. Trustees of Boston University, 659 F. 3d 64, 70 (1st Cir. 2011); *see also* Garmon v. Amtrak, 844 F.3d 307, 313 (1st Cir. 2016). Plaintiff has failed to show a causal connection between her gender and any alleged adverse employment action.

"Title VII requires, rather, that the level of incivility or harassment must amount to either a tangible or a constructive employment action." Lee-Crespo v. Schering-Plough Del Caribe, Inc. 354 F.3d 34 (1st Cir. 2003). Here, most of Plaintiff's complaint focuses on what appear to be employment differences and/or a personality conflict between her and her superior, which are insufficient for a hostile work environment claim against the Defendant. What is clear is that anytime she brought her complaints to the attention of her superiors, specifically Superintendent Gregory Long and Deputy Superintendent Norma Ayala, they went above and beyond to accommodate the Plaintiff. For example, she wanted more diversity among her staff, she was assigned two African-American detectives (Compl. ¶20 & ¶23). She made a formal Complaint to Superintendent Gregory Long on April 24, 2017 about Captain Mark Hayes (Compl. ¶50) and was assigned a new supervisor (Compl. ¶60).

Because there has been no adverse employment action, the Plaintiff cannot articulate how her membership in a protected class is connected to any of her grievances. Additionally, she cannot show how the Defendant, her employer, discriminated against her and/or created a hostile work environment. Therefore her claim of a hostile work environment must fail.

### C. PLAINTIFF HAS FAILED TO ESTABLISH THAT SHE WAS RETALIATED AGAINST BY THE BOSTON POLICE DEPARTMENT.

Under both Massachusetts state law and Federal law, Plaintiff's retaliation claim fails. It is unclear from Plaintiff's Complaint what specific retaliatory action she is attributing to the Defendant but again, taking the facts as they are, Plaintiff has not articulated *any* retaliatory action taking by the Defendant employer towards her (arguably the facts suggest the exact opposite). A prima facie case of retaliation under Title VII requires a showing that: (1) the employee engaged in protected conduct under Title VII; (2) he suffered adverse employment action; and (3) an adverse action was causally connected to protected activity. Fantini v. Salem State Coll., 557 F.3d 22 (1st Cir. 2009), Civil Rights Act of 1964, § 704, 42 U.S.C.A. § 2000e–3.[6]

As detailed above, the actions complained of by the Plaintiff are not "adverse" within the meaning of the anti-discrimination laws. At most, they are grounded in disagreement in management styles that does not rise to the level of discriminatory conduct as required to prove a claim of retaliation. Where the Plaintiff cannot establish that she suffered an adverse employment action, as detailed above, she is also unable to establish the requisite causal connection to support her claim of retaliation and the complaint must be dismissed.

### V. CONCLUSION

**WHEREFORE**, for the reasons set forth above, the City respectfully requests that all claims alleged against it in Plaintiff's Complaint be dismissed with prejudice.

---

[6] Under Massachusetts law, the legal requirements are essentially the same.

Respectfully submitted:

DEFENDANT, CITY OF BOSTON

By its attorneys:

Eugene L. O'Flaherty
Corporation Counsel


/s/ Erika P. Reis
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4031
Erika.Reis@boston.gov
Nicole Taub (BBO# 663517)
Senior Assistant Corporation Counsel
Boston Police Department
Office of the Legal Advisor
One Schroeder Plaza
Boston, MA 02120
(617) 343-4550
Nicole.Taub@pd.boston.gov

**CERTIFICATE OF SERVICE**

I, Erika P. Reis, hereby certify that a true copy of the above document has been served upon all registered parties via this court's electronic filing system and upon all non-registered parties via first class mail.

Date:   5/17/18                                     /s/ Erika P. Reis

9

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1**

I, Erika P. Reis, hereby certify that I conferred with Plaintiff's counsel, Dan V. Bair II, via telephone regarding the issues raised in this motion on May 15, 2018, parties were unable to narrow the issues raised by this motion.

Date:   5/17/18                                    /s/ Erika P. Reis