UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:18-cv-10819

DONNA GAVIN

       Plaintiff,

v.

CITY OF BOSTON and MARK HAYES
       Defendants.

**DEFENDANT, CITY OF BOSTON'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES**

Now comes the Defendant, City of Boston ("the Defendant Boston"), and answers the Plaintiff, Donna Gavin ("Plaintiff") as follows:

### I.  Nature of the Action

1. Paragraph 1 contains legal conclusions to which no response is required from the City of Boston ("the Defendant Boston").  To the extent a response is required Defendant Boston any wrongdoing.

### II.  The Parties

2. Defendant Boston admits the allegations set forth in Paragraph 2 of the Complaint.

3. Defendant Boston admits the allegations set forth in Paragraph 3 of the Complaint.

4. Defendant Boston admits that Mark Hayes is an employee of the Boston Police Department whose office is located at One Schroeder Plaza, Boston, MA.

### III. Venue

5. Defendant Boston admits the allegations set forth in Paragraph 5 of the Complaint[1].

### IV. The Facts

6. Defendant Boston admits the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant Boston admits that Plaintiff is the only female Lieutenant Detective currently employed by the Boston Police Department. Defendant denies the remaining allegations set forth in Paragraph 7 of the Complaint.

8. Defendant Boston is without sufficient knowledge or information as to whether Plaintiff performed her job in a satisfactory manner. Defendant admits the remaining allegations set forth in Paragraph 8 of the Complaint.

9. Defendant Boston admits that Plaintiff was included in an e-mail sent on May 11, 2016 announcing her promotion.

10. Defendant Boston states that Captain Hayes was Plaintiff's direct supervisor at all times until June 2017. Defendant is without sufficient knowledge or information to form a belief as to whether "Hayes in fact continued to supervise her in many respects". Defendant Boston admits the remaining allegations set forth in Paragraph 10 of the Complaint.

11. Defendant Boston is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint.

12. Defendant Boston admits the allegations set forth in Paragraph 12 of the Complaint.

13. Defendant Boston admits that both the Human Trafficking and Crimes Against Children Units are located at the Family Justice Center. Defendant Boston admits that the Suffolk County District Attorney's Office Children's Advocacy Center is also located at the Family Justice Center. Defendant Boston admits that Captain Hayes along with two other Lieutenant Detectives worked at the Family Justice Center. Defendant Boston admits that the Crimes Against Children Unit is staffed with two sergeant detectives, one of which was overseeing the Human Trafficking Unit prior to Plaintiff's arrival. Defendant Boston is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 13 of the Complaint.

14. Defendant Boston admits that Plaintiff was initially assigned to a cubicle when she was transferred to the Family Justice Center. Defendant Boston denies the remaining allegations set forth in Paragraph 14 of the Complaint.

---

[1] Defendants removed this case to the United States District Court of Massachusetts on April 27, 2018.

15. Defendant Boston admits that at the time Plaintiff was transferred the two other male Lieutenant Detectives had private offices. Defendant denies the characterization that they were "large" offices.

16. Defendant Boston admits that Plaintiff assumed command of the Human Trafficking and Crimes Against Children Units in May 2016. Defendant Boston denies the remaining allegations set forth in Paragraph 16 of the Complaint.

17. Defendant Boston admits that Detective Jerrod Gero was assigned to the Human Trafficking Unit on or about May, 2016. Defendant Boston denies the remaining allegations set forth in Paragraph 17 of the Complaint.

18. Defendant Boston does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint.

19. Defendant Boston admits the allegations set forth in Paragraph 19 of the Complaint.

20. Defendant Boston admits that Plaintiff expressed that she wanted more diversity in the unit. Defendant Boston further admits that Plaintiff sent an e-mail stating that an African-American detective expressed interest in a transfer. Defendant Boston does not have sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 20 of the Complaint.

21. Defendant Boston admits that Sergeant Brian Miller was one of Plaintiff's subordinates. Defendant Boston denies the remaining allegations set forth in Paragraph 21 of the Complaint.

22. Defendant Boston does not have sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant Boston admits the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant Boston admits that Plaintiff did not agree with the transfer out of the two female detectives. Defendant Boston admits that one of the detectives had been awarded detective of the year. Defendant Boston denies that Plaintiff's concerns about personnel transfers were ignored. Defendant Boston does not have sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 24 of the Complaint.

25. Defendant Boston does not have sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant Boston admits the factual allegations set forth in Paragraph 26 of the Complaint. Defendant Boston denies the characterization that Defendant Hayes "threatened" Plaintiff.

27. Defendant Boston is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint.

28. Defendant Boston admits that Captain Hayes sent an e-mail on December 21, 2016 concerning a pending case. Defendant admits that several people were included in the e-mail, including outside agencies and both superiors and subordinates of the Plaintiff's. Defendant Boston is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 28 of the Complaint.

29. Defendant Boston is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant Boston is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint.

31. Defendant Boston admits the allegations set forth in Paragraph 31 of the Complaint.

32. Defendant Boston denies that it is "out of the norm" for a division commander to review the work of a unit in its command. Defendant Boston is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 32 of the Complaint.

33. Defendant Boston admits that an architect visited the Family Justice Center for the purpose of designing and building an office for Plaintiff as well as an interview room on several occasions. Defendant Boston is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 33 of the Complaint.

34. Defendant Boston is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint.

35. Defendant Boston admits the allegations set forth in Paragraph 35 of the Complaint.

36. Defendant Boston admits that Plaintiff's union contacted the Boston Police Department to express Plaintiff's concerns about her office. Defendant Boston is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 36 of the Complaint.

37. Defendant Boston admits that a Sergeant was transferred to the Human Trafficking Unit in March 2017. Defendant Boston denies the transfer was done by Captain Hayes. Defendant Boston is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 37 of the Complaint.

38. Defendant Boston admits that Plaintiff's position was created. Defendant Boston is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 38 of the Complaint. Defendant Boston denies any wrongdoing.

39. Defendant Boston is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 39 of the Complaint.

40. Defendant Boston admits that facilities maintenance returned to the Family Justice Center on several occasions. Defendant Boston is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 40 of the Complaint.

41. Defendant Boston admits that space was identified for Plaintiff's office based on availability. Defendant Boston is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 41 of the Complaint.

42. Defendant Boston admits that Plaintiff rejected the proposed office space and that Facilities Maintenance returned to the Family Justice Center. Defendant Boston denies the remaining allegations set forth in Paragraph 42 of the Complaint.

43. Defendant Boston admits that Captain Hayes conducted a review of cases from 2015 through March 2017. Defendant Boston further admits that Captain Hayes agreed that the case review went well. Defendant Boston is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 43 of the Complaint.

44. Defendant Boston is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Complaint.

45. Defendant Boston admits that on or about March, 30 2017 Captain Hayes sent in which Plaintiff was included in and cc'd both her superiors and subordinates.

46. Defendant Boston admits the allegations set forth in Paragraph 46 of the Complaint.

47. Defendant Boston admits that Captain Hayes replied to Plaintiff's e-mail on or about April 2, 2017. Defendant Boston further states that the e-mail portions included in Paragraph 47 of the Complaint do not reflect the entire contents of the e-mail sent by Captain Hayes on or about April 2, 2017.

48. Defendant Boston admits that both Plaintiff's superiors and her subordinates were cc'd in the April 2, 2017 e-mail sent by Captain Hayes. Defendant Boston is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 48 of the Complaint.

49. Defendant Boston admits that Captain Hayes reviewed files from the Human Trafficking Unit. Defendant Boston is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 49 of the Complaint.

50. Defendant Boston admits the allegations set forth in Paragraph 50 of the Complaint.

51. Defendant Boston admits that Plaintiff and her attorneys met with Internal Affairs on April 27, 2017 and that the Deputy Director of Human Resources for the Boston Police Department was present. Defendant Boston admits that Superintendent Frank Mancini was

in charge of the Boston Police Departments Bureau of Professional Standards. Defendant Boston is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 51 of the Complaint.

52. Defendant Boston is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Complaint.

53. Defendant Boston is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Complaint.

54. Defendant Boston is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 54 of the Complaint.

55. Defendant Boston admits that Plaintiff e-mailed Deputy Superintendent Ayala and Captain Hayes. Defendant Boston is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 55 of the Complaint. Defendant Boston denies any wrongdoing.

56. Defendant Boston is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 56 of the Complaint.

57. Defendant Boston is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Complaint.

58. Defendant Boston admits that Deputy Superintendent Ayala contacted Plaintiff on May 8, 2017 to inform her that Sgt. Det. Miller would not be writing a report regarding a particular operation. Defendant Boston denies the remaining allegations set forth in Paragraph 58 of the Complaint.

59. Defendant Boston admits that Captain Hayes filed an IAD Complaint against Plaintiff. Defendant Boston is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 59 of the Complaint.

60. Defendant Boston admits that as of May 2017, Plaintiff began reporting to Deputy Superintendent Ayala. Defendant Boston is without sufficient knowledge or information to form a belief as to the remaining allegations set forth in Paragraph 60 of the Complaint.

61. Defendant Boston admits the allegations set forth in Paragraph 61 of the Complaint. Defendant Boston also states that Paragraph 61 of the Complaint does not reflect the entire content of the email sent by Captain Hayes.

62. Defendant Boston is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 62 of the Complaint.

63. Defendant Boston is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 63 of the Complaint.

64. Defendant Boston admits the allegations set forth in Paragraph 64 of the Complaint.

65. Defendant Boston admits that Plaintiff met with IAD on or about May 31, 2017.  Defendant Boston is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth in Paragraph 65 of the Complaint.

66. Defendant Boston is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 66 of the Complaint.

67. Defendant Boston is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 67 of the Complaint.

68. Defendant Boston admits that there have been other IAD complaints filed against Plaintiff. Defendant Boston denies that the IAD complaints filed against the Plaintiff have been frivolous. Defendant Boston is without sufficient knowledge or information as to the truth of the remaining allegations set forth in Paragraph 68 of the Complaint.

69. Defendant Boston is without sufficient knowledge or information to form a belief as to the allegations set forth in Paragraph 69 of the Complaint.

70. Defendant Boston admits the Plaintiff was transferred to the Boston Police Academy on or about March 23, 2019.  Defendant Boston admits that the Boston Police Academy does not fall under the investigative bureau.  Defendant Boston denies any wrongdoing.

    a. Defendant Boston is without sufficient knowledge or information as to the truth of the allegations set forth in Paragraph 70(a) of the Complaint.

    b. Defendant Boston admits that Captain Detective Hayes was also transferred in or around March 23, 2019.  Defendant Boston admits that Captain Detective Hayes's was transferred to a position within the bureau of investigative services and that he is located at Boston Police Headquarters.  Defendant Boston denies the remaining allegations set forth in Paragraph 70(b) of the Complaint.

### COUNT ONE
### Gender Discrimination and Hostile Work Environment Based on Gender
### (Violation of M.G.L. c. 151B, §4[1])
### (Against Boston Police Department)

71. Defendant Boston repeats and re-alleges its responses set forth in Paragraphs 1 through 70 as if fully stated herein.

72. Defendant Boston denies the allegations set forth in Paragraph 72 of the Complaint.

73. Defendant Boston denies the allegations set forth in Paragraph 73 of the Complaint.

**COUNT TWO**
**Retaliation**
**(Violation of M.G.L. c. 151B, §4 [4])**
**(Against Mark Hayes and City of Boston)**

74. Defendant Boston repeats and re-alleges its responses set forth in Paragraphs 1 through 73 as if fully stated herein.

75. Paragraph 75 of the Complaint calls for legal conclusions to which no response is required.

76. Paragraph 76 of the Complaint calls for legal conclusions to which no response is required.

77. Paragraph 77 of the Complaint calls for legal conclusions to which no response is required.

78. Defendant Boston denies the allegations set forth in Paragraph 78 of the Complaint as to the City of Boston.

79. Defendant Boston denies the allegations set forth in Paragraph 79 of the Complaint as to the City of Boston.

**COUNT THREE**
**Interference With The Right To Be Free From Discrimination**
**(Violation of M.G.L. c. 151B, §4 [4A])**
**(Against Mark Hayes and City of Boston)**

80. Defendant Boston repeats and re-alleges its responses set forth in Paragraphs 1 through 79 as if fully stated herein.

81. Paragraph 81 of the Complaint calls for legal conclusions to which no response is required.

82. Defendant Boston denies the allegations set forth in Paragraph 82 of the Complaint.

83. Defendant Boston denies the allegations set forth in Paragraph 83 of the Complaint.

**COUNT FOUR**
**Aiding and Abetting**
**(Violation of M.G.L. c. 151B, §4 [5])**
**(Against Mark Hayes)**

84. Defendant Boston repeats and re-alleges its responses set forth in Paragraphs 1 through 83 as if fully stated herein.

85. Paragraph 85 of the Complaint pertains to a different Defendant therefore no response is required from Defendant Boston.

86. Paragraph 86 of the Complaint pertains to a different Defendant therefore no response is required from Defendant Boston.

**COUNT FIVE**
**Gender Discrimination and Hostile Work Environment Based on Gender**
**(Violation of Title VII, 42 U.S.C. §2000e-2)**
**(Against City of Boston)**

87. Defendant Boston repeats and re-alleges its responses set forth in Paragraphs 1 through 87 as if fully stated herein.

88. Defendant Boston denies the allegations set forth in Paragraph 88 of the Complaint.

89. Defendant Boston denies the allegations set forth in Paragraph 89 of the Complaint.

**COUNT SIX**
**Retaliation**
**(Violation of Title VII, 42 U.S.C. §2000e-3)**
**(Against City of Boston)**

90. Defendant Boston repeats and re-alleges its responses set forth in Paragraphs 1 through 89 as if fully stated herein.

91. Paragraph 91 of the Complaint contains legal conclusions to which no response is required.

92. Paragraph 92 of the Complaint contains legal conclusions to which no response is required.

93. Paragraph 93 of the Complaint contains legal conclusions to which no response is required.

94. Defendant Boston denies the allegations set forth in Paragraph 94 of the Complaint.

95. Defendant Boston denies the allegations set forth in Paragraph 95 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Defense

The Plaintiff has failed to state a claim or claims upon which relief can be granted.

### Second Defense

Every action taken by the Defendant Boston with respect to Plaintiff's employment was taken for one or more legitimate, non-discriminatory reasons.

### Third Defense

The Plaintiff has failed to present sufficient evidence upon which a fact-finder could form a reasonable belief that it is more probable than not that the Defendant Boston committed an unlawful practice.

### Fourth Defense

The Plaintiff failed to establish a prima facie case with respect to claims made based upon discrimination or retaliation.

### Fifth Defense

The Plaintiff has failed to mitigate her damages.

### Sixth Defense

Every action taken by the Defendant Boston and/or its employees was lawful and performed according to, and protected by, law and/or legal process, and therefore, the Plaintiff cannot recover.

### Seventh Defense

Plaintiff's damages, if any, were caused in whole or in part by her own actions and/or inactions.

**Eighth Defense**

Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, equitable estoppel and/or waiver.

**Ninth Defense**

Plaintiff's claims are barred in whole or in part by her failure to file a charge of discrimination on a timely basis with the MCAD or EEOC.

**Tenth Defense**

Any injury or deprivation suffered by the Plaintiff was caused in whole or in part by the actions of a person or persons over whom the Defendant Boston had no control and for whom the Defendant Boston is not responsible and/or was acting outside the scope of his employment.

**Eleventh Defense**

The Plaintiff's claims are barred in whole or in part by the Massachusetts Workers Compensation law.

**Twelfth Defense**

The Plaintiff has failed to state, and cannot show, the required elements for a claim of sexual harassment, discrimination and/or retaliation.

**Thirteenth Defense**

The Defendant Boston exercised reasonable care to prevent and promptly correct the alleged harassing, discriminatory and/or retaliatory behavior.

**Fourteenth Defense**

The Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the Defendant Boston or to otherwise avoid harm.

## Fifteenth Defense

Upon learning about the allegations, the Defendant Boston took immediate, reasonable and appropriate corrective action.

## Sixteenth Defense

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and/or by her failure to satisfy administrative prerequisites in a timely manner prior to filing suit in court.

## Seventeenth Defense

The Defendant reserves the right to raise additional affirmative defenses as additional information becomes available through discovery.

## DEMAND FOR JURY TRIAL

The Defendant Boston hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

DEFENDANT CITY OF BOSTON

by its attorney:

Eugene L. O'Flaherty
Corporation Counsel


/s/ Erika P. Reis
Erika P. Reis (BBO# 669930)
Senior Assistant Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4031 (Reis)
Erika.Reis@boston.gov

## **CERTIFICATE OF SERVICE**

 I, Erika P. Reis, hereby certify that I served a true copy of the above document all parties of record via this court's electronic filing system and upon those non-registered participants via first class mail.

March 27, 2020          /s/ Erika P. Reis