UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 1:18-cv-10819-LTS

DONNA GAVIN,
    Plaintiff,

v.

BOSTON POLICE DEPARTMENT and
MARK HAYES,
    Defendants.

# DEFENDANTS' MARK HAYES'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

**I.   INTRODUCTION**

The Defendant Mark Hayes ("Hayes") moves pursuant to Fed. R. Civ. P. 56(c) for summary judgment in his favor on all claims asserted against him within Plaintiff Donna Gavin's ("Plaintiff") Second Amended Complaint, each of which arises from allegations of unlawful retaliation under M.G.L. c. 151B. Plaintiff asserts the following claims against Hayes, all of which are asserted pursuant to Massachusetts state law: Count II: "retaliation," pursuant to M.G.L. c. 151B, §4(4); Count III: "interference with the right to be free from discrimination," pursuant to M.G.L. c. 151B, §4(4A); and Count IV: "aiding and abetting," pursuant to M.G.L. c. 151B, §4(5). Although Hayes absolutely denies any retaliatory motive, for purposes of this motion only, and under the standard of review applied to the factual record in motions pursuant to Fed. R. Civ. P. 56(c), Hayes acknowledges that there exists a material dispute of fact regarding his motive for filing an internal complaint against Plaintiff subsequent to her engaging

in protected activity.  However, Hayes is entitled to summary judgment on Plaintiff's claims alleging retaliation against him because Plaintiff has failed to demonstrate that she suffered any materially adverse employment action as a result of Hayes's conduct.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine issue as to any material fact and … the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Once the moving party shows "that there is an absence of evidence to support the nonmoving party's position, "the burden shifts to the nonmoving party to establish the existence of at least one factual issue that is both genuine and material."  Mitchell v. City of Boston, 130 F. Supp. 2d 201, 208 (D. Mass. 2001) (citations and internal quotation marks omitted).  "On issues where the nonmovant bears the ultimate burden of proof, he must present definite, competent evidence to rebut the motion."  Mesnick v. General Electric Co., 950 F.2d 816, 822 (1st Cir. 1991).  "Not every discrepancy in the proof is enough to forestall a properly supported motion for summary judgment."  Id.  Further, "[i]f the evidence is merely colorable or is not significantly probative, summary judgment may be granted."  Mitchell, 130 F. Supp. 2d at 208.

## III. ARGUMENT

### A. Hayes is entitled to summary judgment on Plaintiff's claim for retaliation pursuant to M.G.L. c. 151B, §4(4).

In Count II of her Second Amended Complaint, Plaintiff asserts a claim for retaliation against Hayes, pursuant to M.G.L. c. 151B, §4(4).  M.G.L. c. 151B, §4(4) makes it unlawful "for any person, employer, labor organization or employment agency to discharge, expel or otherwise discriminate against any person because he has opposed any practices forbidden under this chapter or because he has filed a complaint, testified or assisted in any proceeding under [M.G.L. c. 151B, §5]."  M.G.L. c. 151B, §4(4).  To make out a prima facie case of retaliation under §4(4),

the Plaintiff bears the initial burden to show that: 1) she engaged in protected conduct; 2) she suffered a material adverse employment action; and 3) a causal connection existed between the protected conduct and the adverse action.  Mole v. Univ. of Massachusetts, 442 Mass. 582, 592, 814 N.E.2d 329, 339 (2004).  Protected conduct is action taken in opposition to any practices forbidden under M.G.L. c. 151B § 4, such as the filing of a complaint, testifying or assisting in any proceeding under M.G.L. c. 151B § 5.  See M.G.L. c. 151B § 4(4); Morris v. Boston Edison Co., 942 F.Supp. 65, 70 (D. Mass. 1996).  If a plaintiff makes out a prima facie case of retaliation, Massachusetts then applies a burden-shifting framework along the lines of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Psy–Ed Corp. v. Klein, 459 Mass. 697, 706–707, 947 N.E.2d 520 (2011).  However, a plaintiff bears the initial burden of demonstrating that she suffered an adverse employment action resulting from the defendant's alleged retaliatory conduct.  Id.

For purposes of this motion, Hayes does not dispute that Plaintiff engaged in protected conduct under M.G.L. c. 151B by submitting an internal complaint against Hayes to Superintendent Long on April 24, 2017 and by filing a charge with the Massachusetts Commission Against Discrimination ("MCAD") on May 23, 2017.  Although Hayes absolutely denies any retaliatory motive, for purposes of this motion only, and under the standard of review applied to the factual record in motions pursuant to Fed. R. Civ. P. 56(c), Hayes acknowledges that there exists a material dispute of fact regarding his motive for filing an internal complaint against Plaintiff subsequent to her engaging in protected activity.  However, Plaintiff's retaliation claim against Hayes cannot survive because she has not made the necessary initial showing that Hayes's conduct caused her to sustain any materially adverse employment action.

The phrase "adverse employment action" refers to detrimental effects on working terms, conditions, or privileges that are material. See MacCormack v. Boston Edison Co., 423 Mass. 652, 662–663, 672 N.E.2d 1, 7 (1996); Ritchie v. Department of State Police, 60 Mass.App.Ct. 655, 665, 805 N.E.2d 54, 63 (2004). "The alleged retaliatory action must be material, producing a significant, not trivial, harm." Carmona–Rivera v. Puerto Rico, 464 F.3d 14, 20 (1st Cir. 2006) (internal citations omitted). "Massachusetts [c]ases have employed the phrase 'adverse employment action' to refer to the effects on working terms, conditions, or privileges that are material, and thus governed by the statute, as opposed to those effects that are trivial and so not properly the subject of a discrimination action." Sensing v. Outback Steakhouse of Florida, LLC, 575 F.3d 145, 159 22 (1st Cir. 2009), quoting King v. City of Boston, 71 Mass.App.Ct. 460, 883 N.E.2d 316, 323 (2008). "To be adverse an action must materially change the conditions of plaintiff['s] employ[ment]." Gu v. Boston Police Dep't, 312 F.3d 6, 14 (1st Cir.2002). A materially adverse change in the terms and conditions of employment "must be more disruptive than a mere inconvenience or an alteration of job responsibilities." Marrero v. Goya of P.R., 304 F.3d 7, 23 (1st Cir. 2002). "Work places are rarely idyllic retreats, and the mere fact that an employee is displeased by an employer's act or omission does not elevate that act or omission to the level of a materially adverse employment action." Horney v. Westfield Gage Co., Inc., 77 Fed.Appx. 24, 32-33 (1st Cir. 2003), quoting Blackie v. Maine, 75 F.3d 716, 725 (1st Cir. 1996). "Under Massachusetts law, subjective feelings of disappointment and disillusionment,' without 'objective evidence that [a plaintiff] had been disadvantaged in respect to salary, grade, or other objective terms of employment,' are insufficient to establish that an 'adverse employment action'" has occurred. Lavalley v. Quebecor World Book Services LLC., 315 F.Supp.2d 136, 147 (D. Mass.2004)., quoting MacCormack, 423 Mass. at 663. There must

4

be "real harm." MacCormack, 423 Mass. at 664.  See also Blackie, 75 F.3d at 725 (including demotion, reduction in salary and divestment of significant responsibilities as examples of adverse employment actions).

Plaintiff has not suffered any materially adverse employment action as a result of Hayes's May 2017 internal complaint against her.  The Department's Internal Affairs Division conducted an investigation into Hayes's internal complaint and sustained aspects of it.  Defendant Mark Hayes's Statement of Undisputed Facts in Support of His Motion for Summary Judgment ("SOF") at ¶19.  However, Plaintiff has never received any discipline as a member of the Boston Police Department.  SOF at ¶¶20-21.  Hayes has never imposed any discipline on Plaintiff and she has not received any discipline resulting from Hayes's internal complaint against her.  SOF at ¶¶20-21.

Hayes's internal complaint against Plaintiff has also not affected Plaintiff's supervision in her current position or any of the duties to which Plaintiff is assigned.  SOF at ¶¶22-24.  Indeed, Plaintiff's current supervisor, who has supervised Plaintiff since August 2019 was never even informed of the results of the Department's investigation into Hayes's internal complaint.[1]  SOF at ¶¶22-24.

---

[1] To the extent Plaintiff is alleging that Hayes's written criticism of the HTU file contents that he provided her at a May 2, 2017 meeting was a materially adverse employment action, it is clear that this act cannot sustain a retaliation claim.  There is no evidence which would demonstrate that Hayes's criticism of HTU file contents had a materially adverse effect on Plaintiff's employment or even contained any criticism specific to the Plaintiff.  Plaintiff was not disciplined as a result of this criticism and Hayes did not raise the issue with Plaintiff again.  SOF at ¶8.  Further, Hayes conducted his review of the file contents in early April and had already completed his review well prior to Plaintiff making her initial internal complaint to Superintendent Long on April 24, 2017.  SOF at ¶¶5-7.  Indeed, Hayes e-mailed Plaintiff on April 20, 2017, to schedule the May 2, 2017 meeting to discuss issues he discovered regarding the content of these files.  SOF at ¶¶5-7. Additionally, Plaintiff has not produced any evidence within the summary judgment record to demonstrate that this particular criticism of the file contents was unfounded.

5

Hayes's actions, which have not caused any materially adverse change to Plaintiff's employment, do not support a cognizable retaliation claim.  See Wyse v. Summers, 100 F.Supp.2d 69, 77 (D. Mass. 2000) (noting that no adverse employment action occurs where the alleged retaliatory act had no tangible consequences on the employee's job); Bhatti v. Trustees of Boston University, 659 F.3d 64, 73 (1st Cir. 2011) (employer's written reprimand not an adverse employment action where it carried no tangible consequences); O'Brien v. Robbins, 679 F.Supp.2d 212, 271 n. 7 (D. Mass. 2010) (improperly motivated negative performance evaluation could not constitute adverse action without having tangible negative effect on plaintiff's promotion); Lavalley, 315 F.Supp.2d 136 (D. Mass. 2004) (relegation to tasks in an isolated work space, isolation from co-workers, and excessive reprimands unlikely to rise to the level of adverse employment action under Massachusetts law); Boutin v. Home Depot U.S.A., Inc., 490 F.Supp.2d 98, 106 (D. Mass. 2007) (personality conflict with supervisor and supervisor's "snubbing" and "nitpicking" did not constitute material adverse action).

To the extent Plaintiff is relying on her March 23, 2019 transfer of assignment from the Family Justice Unit to the Boston Police Training Academy as the basis of her retaliation claim against Hayes, her claim must still fail.  First, Plaintiff has not demonstrated that Hayes caused her transfer.  Hayes does not have the ability to reassign personnel.  SOF at ¶13.  Personnel transfers are made by and at the discretion of the Boston Police Commissioner.  SOF at ¶13.  Transfers are common within the Boston Police Department and personnel are transferred between assignments all the time.  SOF at ¶14.  Prior to her 2019 transfer, Plaintiff had worked in approximately nineteen different assignments across the City in different patrol districts and specialized units with varying duties and had been transferred between assignments approximately eighteen times during her career.  SOF at ¶15.  Plaintiff has testified that she does

not know why she was transferred and the summary judgment record is devoid of evidence demonstrating that Hayes's 2017 complaint was the cause of Plaintiff's personnel transfer nearly two years later. SOF at ¶18.

Also, Plaintiff's transfer was not materially adverse. Adverse employment actions may encompass transfers of assignments but only where they are materially disadvantageous. Cherkaoui v. City of Quincy, 213 F. Supp. 3d 264, 277 (D. Mass. 2016), aff'd, 877 F.3d 14 (1st Cir. 2017), citing Hernandez Torres v. Intercontinental Trading, Inc., 158 F.3d 43, 47 (1st Cir. 1998). "Prohibited retaliatory actions are those that constitute a change in working conditions that 'create a material disadvantage in the plaintiff's employment.'" Shervin v. Partners Healthcare System, Inc., 2 F.Supp.3d 50, 74, (D. Mass. 2014), quoting Ritchie v. Dep't of State Police, 60 Mass.App.Ct. 655, 665 (2004). Thus, "a transfer or reassignment that involves only minor changes in working conditions normally does not constitute an adverse employment action." Marrero v. Goya of P.R., Inc., 304 F.3d 7, 23 (1st Cir. 2002). It is not enough that an employee feels "stigmatized and punished" by a reassignment. Id. at 25. Whether an action is materially adverse to a plaintiff is judged under an objective rather than subjective standard. Burns v. Johnson, 829 F.3d 1, 10 (1st Cir. 2016).

Plaintiff's lateral transfer did not create a material disadvantage in her employment. The transfer did not impact Plaintiff's rank as a Lieutenant Detective, pay, schedule, hours, substantial benefits[2], access to training or overtime or use of a private office. SOF at ¶16. Like her former assignment, Plaintiff's current position entails substantial supervisory duties. SOF at ¶17. It also involves conducting departmental instruction and training regarding human trafficking and crimes against children. SOF at ¶17. As the Lieutenant Detective at the Training

---

[2] In her current assignment, Plaintiff is not assigned a Department-owned vehicle as she was in her former assignment. SOF at ¶16.

Academy, Plaintiff conducts officer trainings, including on the topics of child abuse and sexual abuse and exploitation, human trafficking and the use of body cameras, as well as other training curriculum. She is also in charge of executing the Department's electronic in-service learning ("e-learning"), including the development of an e-learning training regarding human trafficking. SOF at ¶17. She also oversees all Department testing and exams. SOF at ¶17. Plaintiff also commands approximately two sergeants, eighteen sworn officers, and multiple civilian employees. SOF at ¶17. For these reasons, Plaintiff has failed to demonstrate that she suffered any materially adverse employment action as a result of Hayes's conduct and Hayes is entitled to summary judgment on Plaintiff's claims alleging retaliation against him.

### B. Hayes is entitled to summary judgment on Plaintiff's claim for retaliatory interference pursuant to M.G.L. c. 151B, §4(4A).

In Count III, Plaintiff asserts claim pursuant to M.G.L. c. 151B, §4(4A) which also alleges unlawful retaliation by Hayes. M.G.L. c. 151B, § 4(4A) makes it unlawful for "any person to coerce, intimidate, threaten, or interfere with another person in the exercise or enjoyment of any right granted or protected by [M.G.L. c. 151B] or to coerce, intimidate, threaten or interfere with such other person for having aided or encouraged any other person in the exercise or enjoyment of any such right granted or protected by this chapter." M.G.L. c. 151B, § 4(4A). In this Count, Plaintiff specifically alleges that she "exercised rights granted and/or protected under M.G.L. c.151B" and "Defendant Hayes interfered, coerced, intimidated and/or threatened Plaintiff as a result of her activities." Plaintiff's Second Amended Complaint at ¶82.

A claim under M.G.L. c. 151B, §§4(4A) "is commonly called a 'retaliation claim,' even though the statute does not use this term." Pontremoli v. Spaulding Rehab. Hosp., 51 Mass. App. Ct. 622, 625, 747 N.E.2d 1261, 1264 (2001), citing Bain v. Springfield, 424 Mass. 758,

8

765, 678 N.E.2d 155 (1997). "To maintain a claim of retaliation under sections 4(4) and 4(4A), the plaintiff has the burden of establishing (1) that he engaged in protected conduct; (2) that he suffered adverse action; and (3) that a causal connection existed between the protected conduct and the adverse action." Dyer v. East Coast Diners, LLC, 33 F.Supp.3d 82, 93 (D. Mass. 2014), citing Bolduc v. Town of Webster, 629 F.Supp.2d 132, 155 (D. Mass. 2009). In claim for retaliation under M.G.L. c. 151B, §4(4A), "a plaintiff must establish the basic fact that he was subjected to an adverse employment action because of his protected activity." Blockel v. J.C. Penney Co., Inc., 337 F.3d 17, 27 (1st Cir. 2003), citing Pontremoli., 51 Mass.App.Ct. at 625; Dyer v. East Coast Diners, LLC, 33 F.Supp.3d 82, 93 (D. Mass. 2014) (claim under M.G.L. c. 151B § 4(4A) includes a showing "that some detrimental action occurred in response to the employees' assertion of protected rights.") Therefore, Plaintiff's retaliatory interference claim pursuant to 151B, §§4(4A) against Hayes fails for the same reasons as her retaliation claim under §4(4); she has failed to demonstrate that she has suffered any objective and materially adverse employment action as a result of Hayes's conduct.

    **C.    Hayes is entitled to summary judgment on Plaintiff's claim for aiding and abetting retaliation pursuant to M.G.L. c. 151B, §4(5).**

In Count IV, Plaintiff asserts a claim pursuant to M.G.L. c. 151B, §4(5) alleging that "Defendant Hayes aided, abetted, incited, compelled and/or coerced BPD into retaliating against Plaintiff." Plaintiff's Second Amended Complaint at ¶85. M.G.L. c. 151B, § 4(5) makes it unlawful for any person to aid or abet the doing of any of the acts forbidden under G.L. c. 151B. Lopez v. Com., 463 Mass. 696, 712, 978 N.E.2d 67, 81 (2012), citing M.G.L. c. 151B, § 4(5). In order to prevail on an aiding and abetting claim under § 4(5), a plaintiff must show (1) that the defendant committed "a wholly individual and distinct wrong ... separate and distinct from the claim in main"; (2) "that the aider or abettor shared an intent to discriminate not unlike that of

9

the alleged principal offender"; and (3) that "the aider or abettor knew of his or her supporting role in an enterprise designed to deprive [the plaintiff] of a right guaranteed him or her under G.L. c. 151B." Lopez v. Com., 463 Mass. at 712., citing Harmon v. Malden Hosp., 19 Mass. Discrimination L. Rep. 157, 158 (1997).

Plaintiff's aiding and abetting claim fails because, as described above, she cannot sustain a viable underlying retaliation claim since she has failed to demonstrate an adverse employment action. "An aiding and abetting claim under §4(5) … is …'entirely derivative of the discrimination claim.'" Lopez v. Com., 463 Mass. 696, 714 (2012), quoting Abramian v. President & Fellows of Harvard College, 432 Mass. 107, 122 (2000). "[B]ecause an aiding and abetting claim under section 4(5) requires proof that the aider or abetter shared an intent to discriminate not unlike that of the alleged principal offender, the claim is wholly derivative of the underlying claim of discrimination, and fails as a matter of law if the underlying claim of discrimination fails." Coogan v. FMR, LLC, 264 F. Supp. 3d 296, 308 (D. Mass. 2017), citing Fisher v. Town of Orange, 885 F.Supp.2d 468, 476–77 (D. Mass. 2012). See Furtado v. Standard Parking Corp., 820 F. Supp. 2d 261, 279 (D. Mass. 2011) (Plaintiff's aiding and abetting claims fails where underlying retaliation claim is unsubstantiated).

Additionally, "[t]here must exist direct evidence to permit a reasonable fact finder to conclude that the aider/abettor possessed the requisite intent and knowledge of the unlawful enterprise to render himself or herself liable under an accessory liability theory." Harmon, 19 M.D.L.R. at 158. "Moreover, as with a claim for interference, a claim of aiding and abetting requires showing a defendant's intention to provide substantial, supporting assistance to intentional conduct in violation of the Massachusetts General Laws chapter 151B." Furtado, 820 F.Supp.2d at 279, citing Planned Parenthood League of Mass., Inc. v. Blake, 417 Mass. 467, 481,

631 N.E.2d 985 (1994).  Plaintiff has also failed to demonstrate that Hayes colluded with his employer with a shared intent to unlawfully retaliate against her.  Therefore, Plaintiff's claim pursuant to M.G.L. c. 151B, §4(5) cannot succeed and Hayes is entitled to summary judgment.

## IV.    CONCLUSION

For the foregoing reasons, the Defendant Mark Hayes respectfully requests that this Court grant summary judgment on his behalf on all counts and claims asserted against him in Plaintiff's Second Amended Complaint.

> Respectfully submitted,
>
> Defendant,
> MARK HAYES,
> By his attorney,
>
> */s/ Evan C. Ouellette*
> Evan C. Ouellette, BBO# 655934
> BRODY, HARDOON, PERKINS & KESTEN, LLP
> 699 Boylston Street
> Boston, MA 02116
> (617) 880-7100
> eouellette@bhpklaw.com

Dated: January 15, 2021

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those participants indicated as non-registered participants.

> */s/ Evan C. Ouellette*
> Evan C. Ouellette, BBO# 655934

Dated: January 15, 2021