UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 1:18-cv-10819-LTS

DONNA GAVIN,
    Plaintiff,

v.

BOSTON POLICE DEPARTMENT and
MARK HAYES,
    Defendants.

# DEFENDANT MARK HAYES'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

1.  The Plaintiff Donna Gavin ("Plaintiff") has been an employee of Boston Police Department ("Department") for approximately thirty-four (34) years. She was promoted from Sergeant Detective to temporary Lieutenant in April 2015 until July 2015 and again in October 2015 until March 2016 when she was promoted to permanent Lieutenant. Plaintiff's Second Amended Complaint, attached as **Exhibit 1** at ¶8; Deposition of Plaintiff Donna Gavin, attached as **Exhibit 2** at pp. 12-16.

2.  Defendant Mark Hayes has been an employee of Department for approximately thirty-five (35) years. His current rank is Captain Detective. From 2004 to 2006, Hayes served as the Commander of the Department's Sexual Assault Unit. In May 2009, Hayes became the Commander of the Department's Family Justice Unit ("FJU"), which is comprised of four smaller separate units, the Sexual Assault Unit ("SAU"), the Domestic Violence Unit ("DVU"), the Human Trafficking Unit ("HTU"), and the Crimes Against Children Unit ("CACU"). Exhibit 1 at ¶13.

1

3.      On May 13, 2016, Plaintiff was transferred to a newly created position where she was in charge of both the HTU and CACU.  In this role, Captain Hayes served as Plaintiff's direct supervisor.  Exhibit 1 at ¶10.

4.      On or about October 15, 2016, Plaintiff was promoted to Lieutenant Detective.  Exhibit 1 at ¶¶7-8.

5.      On or about April 20, 2017, Plaintiff learned that Hayes had completed a review of the contents of the HTU case files which he had been conducting since early April.  On April 20, 2017, Hayes e-mailed Plaintiff to schedule a meeting to discuss issues he discovered regarding the content of these files.  Exhibit 1 at ¶49; Deposition of Mark Hayes, attached as **Exhibit 3** at pp. 35-36; E-Mail dated April 20, 2017, attached as **Exhibit 4.**

6.      On or about April 24, 2017, Gavin wrote to the Department's Superintendent of the Bureau of Investigative Services, Gregory Long stating in total:

> I respectfully request to file a formal complaint pursuant to Rule 114 (Harassment Policy) of the Boston Police Department.  Since 2016, I have been the subject to a hostile working environment based upon my gender by Captain Detective Mark Hayes, my direct supervisor.  In addition I have been discriminated against based on my gender and retaliated against by Captain Hayes for complaining about the discrimination.  Finally, Captain Hayes, on at least one occasion, has attempted to intimidate and coerce me from exercising my right to be free from discrimination.  I respectfully ask to meet and discuss my complaint at your earliest opportunity.  Respectfully submitted, Lt. Det. Donna Gavin.

> Exhibit 1 at ¶50.

7.      On May 2, 2017, Hayes held the meeting with Plaintiff that he had requested in his April 20, 2017 e-mail and provided Plaintiff with written criticism regarding the content of the HTU's case files, arising from his review of these files that he had conducted in early April.  Exhibit 1 at ¶56; Exhibit 2 at pp. 290-291.

8.     Plaintiff was not disciplined as a result of Haye's criticism of the HTU file contents and Hayes did not raise the issue with Plaintiff again.  Exhibit 2 at pp. 290-291.

9.     On or about May 16, 2017, Hayes filed an internal complaint with the Department asserting that Plaintiff had violated Department rules and regulations.  Exhibit 1 at ¶59.

10.    On or about May 23, 2017, Plaintiff filed a charge of discrimination with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC") against Hayes and the City of Boston.  Exhibit 1 at ¶64.

11.    Plaintiff voluntarily withdrew her complaint at the MCAD and EEOC prior to any determination regarding probable cause and on March 16, 2018, filed the instant action in the Massachusetts Superior Court, Norfolk County.  This action was subsequently removed to the United States District Court, District of Massachusetts pursuant to 28 U.S. Code § 1446.

12.    On or about March 23, 2019, the Department reassigned Plaintiff from the FJU to serve as the Detective Lieutenant at the Boston Police Training Academy.  Exhibit 2, pp. 16-22.

13.    Hayes does not have the ability to reassign personnel.  Personnel transfers are made by and at the discretion of the Boston Police Commissioner.  Deposition of Sharon Dottin, attached as **Exhibit 5** at p. 30.

14.    Transfers are common within the Boston Police Department and personnel are transferred between assignments all the time.  Exhibit 2, p. 179; Exhibit 3, p. 30.

15.    From the time she joined the Department in 1986 through her 2019 assignment to the Training Academy, Plaintiff had worked in approximately nineteen different assignments, including assignments to four different district stations throughout the City, and multiple specialized units, including the Intelligence Unit, asset forfeiture within the Drug Control Unit,

Recruit Investigations, the Sexual Assault Unit and the Human Trafficking Unit and had been transferred between assignments approximately eighteen times.  Exhibit 2, pp. 12-16.

16. Plaintiff's March 2019 transfer did not impact her pay.  It did not affect her rank as Lieutenant Detective.  It did not change her schedule of Monday through Friday of from 7:30 a.m. - 4:00 p.m.  It did not impact her benefits, except that she was no longer assigned a Department-owned vehicle.  Plaintiff has also never been denied any training or access to overtime as a result of the transfer.  Within her new assignment, Plaintiff also has a private office.  Exhibit 2, pp. 16-22, 90-91;  Deposition of Winifred Cotter, attached as **Exhibit 6** at pp. 59-61.

17. In her current assignment as Lieutenant Detective at the Training Academy, Plaintiff conducts officer trainings, including on the topics of child abuse and sexual abuse and exploitation, human trafficking and the use of body cameras, as well as other training curriculum.  She is also in charge of executing the Department's electronic in-service learning ("e-learning"), including the development of an e-learning training regarding human trafficking.  Plaintiff also oversees all Department testing and exams.  Under Plaintiff's command are approximately two sergeants, eighteen sworn officers, and multiple civilian employees.  Exhibit 2, pp. 22-24, 411; Exhibit 6, pp. 55-56, 64-65, 213-218.

18. Although Plaintiff alleges that her March 2019 transfer was caused by Hayes's May 16, 2017 internal complaint against her, Plaintiff has testified that she does not know why she was transferred and the summary judgment record is devoid of evidence demonstrating that Hayes's complaint was the cause of her transfer nearly two years later.  Exhibit 2, p. 364.

19. The Department's Internal Affairs Division conducted an investigation into Hayes's internal complaint and sustained aspects of it. Exhibit 2, p. 17.

20. Plaintiff has never received any discipline as a member of the Boston Police Department.

21. Hayes has never imposed any discipline on Plaintiff and Plaintiff was not disciplined as a result of Hayes's internal complaint against her. Exhibit 2, pp. 17-19.

22. Winifred Cotter has been the Superintendent of the Department's Bureau of Professional Development since August 2019 and in that capacity is in charge of the Boston Police Training Academy, including supervising Plaintiff. Exhibit 6, pp.12-13, 17.

23. Hayes's internal complaint against Gavin has not affected Cotter's supervision of the Plaintiff in any manner or any duties Plaintiff is assigned in her current position. Exhibit 6, pp. 96-101.

24. Indeed, as Plaintiff's supervisor, Cotter has never even been informed of the results of the Department's investigation into Hayes's internal complaint or whether any aspect of the complaint was sustained by the Department. Exhibit 6, pp. 96-101.

Respectfully submitted,

Defendant,
MARK HAYES,
By his attorney,

*/s/ Evan C. Ouellette*
Evan C. Ouellette, BBO# 655934
BRODY, HARDOON, PERKINS & KESTEN, LLP
699 Boylston Street
Boston, MA 02116
(617) 880-7100
eouellette@bhpklaw.com

Dated: January 15, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those participants indicated as non-registered participants.

*/s/ Evan C. Ouellette*
Evan C. Ouellette, BBO# 655934

Dated: January 15, 2021