UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DONNA GAVIN | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C. A. No. 1:18-cv-10819-LTS |
| CITY OF BOSTON and MARK HAYES, | ) ) ) ) | |
| Defendants. | ) ) ) | |

### PLAINTIFF'S SUPPLEMENTAL SUBMISSION IN OPPOSITION TO DEFENDANT HAYES' MOTION FOR SUMMARY JUDGMENT

Plaintiff Donna Gavin ("Plaintiff" or "Gavin") hereby makes this supplemental submission in opposition to the motion for summary judgment from Defendant Mark Hayes ("Defendant" or "Hayes"). In Hayes' pleadings and at oral argument, he asserts the Court should not allow Gavin to bring a claim of discrimination, as opposed to retaliation, against him, even though Gavin pled in Count III of the Second Amended Complaint that Hayes violated M.G.L. c. 151B, sec. 4(4A) which prohibits both discrimination and retaliation and Gavin titled this claim, "Interference with the Right to be Free from Discrimination."

Hayes argues that it would be unduly prejudicial because his discovery was limited to what he understood was only a retaliation claim against him. Gavin disagrees and, as argued at the summary judgment hearing, asserts that the discovery was always focused on Plaintiff proving (and Defendants disproving) that Hayes discriminated against Gavin and later also retaliated against her when she complained of discrimination. As argued at the hearing, Hayes' first set of interrogatories to Gavin demonstrate that he sought discovery from the outset about the discrimination allegations against him.

1

With the Court's permission, Gavin is filing herewith her responses to Hayes' first set of interrogatories as **Exhibit A** hereto. Hayes' Interrogatory Nos. 9, 10, 11, 13, 16, and 22, and Gavin's answers, illustrate the point that Hayes was seeking information from the beginning of discovery about Gavin's discrimination allegations. In these interrogatories he seeks all relevant information and does not say it is limited to "retaliation," as he does in Interrogatory Nos. 12 and 15. Nor does he provide a date limitation that would indicate he only sought information for the period after she filed her complaints against him within the Boston Police Department. Gavin's answers, therefore, were not limited to information about retaliation; they appropriately included information prior to March 2017 which only pertains to the discrimination claim against Hayes. Gavin respectfully contends that Hayes similarly sought discovery about the discrimination and retaliation allegations against him throughout discovery.

Accordingly, the Court should not limit Count III and should allow Gavin to proceed with her direct discrimination claim against Hayes.

        Respectfully submitted,

        **DONNA GAVIN**

        By her attorneys,

        */s/* Nicholas Carter_____
        Nicholas B. Carter (BBO#561147)
        Lucia A. Passanisi (BBO#691189)
        TODD & WELD, LLP
        One Federal Street, 27th Floor
        Boston, MA 02110
        (617) 720-2626
        ncarter@toddweld.com
        lpassanisi@toddweld.com

Date: July 20, 2021

## **CERTIFICATE OF SERVICE**

  I, Nicholas B. Carter, Esq., hereby certify that the foregoing document was filed through the ECF system and will therefore be sent electronically to all counsel of record as identified on the Notice of Electronic Filing (NEF).

               */s/ Nicholas B. Carter*