UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DONNA GAVIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 18-10819-LTS |
| | ) | |
| CITY OF BOSTON and MARK HAYES, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ON DEFENDANT MARK HAYES'S
MOTION FOR SUMMARY JUDGMENT (DOC. NO. 110)

July 22, 2021

SOROKIN, J.

Donna Gavin has worked for the Boston Police Department ("BPD") for more than thirty years. In this action, she has sued the City of Boston and her former direct supervisor, Mark Hayes, alleging she was subjected over several years to gender-based discrimination, a hostile work environment, and retaliation in violation of state and federal law.[1] Pending now is Hayes's motion for summary judgment, in which he challenges Gavin's ability to succeed at trial on the

---

[1] The operative complaint includes six claims: 1) gender discrimination and hostile work environment in violation of Chapter 151B, section 4 of the Massachusetts General Laws; 2) retaliation in violation of Chapter 151B, section 4; 3) interference with the right to be free from discrimination in violation of Chapter 151B, section 4; 4) aiding and abetting retaliation in violation of Chapter 151B, section 4; 5) gender discrimination and hostile work environment in violation of Title VII; and 6) retaliation in violation of Title VII. Doc. No. 80. All claims except Count 4 are asserted against the City, which has not sought summary judgment. Counts 2, 3, and 4 are asserted against Hayes.

three state-law claims she brings against him. Hayes's motion (Doc. No. 110) is DENIED for the reasons explained herein.[2]

In his motion, Hayes characterizes all three claims against him as requiring Gavin to prove the basic elements of retaliation: 1) that she engaged in protected conduct; 2) that she suffered an adverse employment action; and 3) that the adverse employment action was causally linked to the protected conduct.[3] Dyer v. E. Coast Diners, LLC, 33 F. Supp. 3d 82, 93 (D. Mass. 2014). Hayes concedes that the first element is established here,[4] directing his summary judgment arguments at the remaining two elements—adverse employment action, and causation. As to these factors, the parties primarily focus on Gavin's 2019 transfer from a position commanding two investigatory units within the Family Justice Division (the Human Trafficking Unit and the Crimes Against Children Unit) to a position at the Boston Police Training Academy. Following suit, the Court will center its attention on the transfer for present purposes.

---

[2] The parties are familiar with the facts, and the Court will not recount them here in any detail. What follows draws attention only to those facts necessary to explain the present ruling. The Court has carefully reviewed all relevant submissions, applying the familiar Rule 56 standard, viewing the record in the light most favorable to Gavin, and drawing all reasonable inferences in her favor. Frangos v. Bank of Am., N.A., 826 F.3d 594, 596 (1st Cir. 2016).

[3] Gavin recounts the elements slightly differently, citing the Supreme Judicial Court's description of them in Verdrager v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., 50 N.E.3d 778, 800 (Mass. 2016). There, the "protected conduct" element is essentially split into two separate components. For present purposes, the Court need not choose which statement of the elements is appropriate, as the record plainly includes facts from which a jury could find Gavin has satisfied either version of the "protected conduct" element.

[4] Hayes points to an internal complaint Gavin made in April 2017 and a complaint she submitted a month later to a state agency, both of which accused Hayes of gender-based discrimination and retaliation. Gavin also identifies a conversation she had with Hayes in early March 2017, when she complained to him directly of discrimination based on her gender. Each of these complaints constituted protected conduct for purposes of Chapter 151B retaliation claims. See Mass. Gen. Laws, ch. 151B, § 4 (protecting employees who have "opposed any practices forbidden under this chapter").

Hayes claims Gavin's "transfer did not create a material disadvantage in her employment" and, thus, cannot satisfy the second retaliation element. Doc. No. 111 at 7-8.[5] The record, however, plainly contains facts from which a jury could conclude otherwise. See, e.g., Doc. No. 117-2 at 24 (describing effects of transfer as including loss of a BPD take-home vehicle, absence of investigative work and of detectives reporting to her, loss of status as part of a federal task force, and inability to attend meetings, conduct trainings, and generally work in the area of human trafficking); Doc. No. 117-10 at 98-99 (containing testimony by Gavin's current supervisor that her position does not include work related to human trafficking, which had been "her passion" and "her career" before the transfer); cf. Caraballo-Caraballo v. Corr. Admin., 892 F.3d 53, 61 (1st Cir. 2018) (explaining transfer can constitute adverse employment action, even if rank and pay are retained, where new responsibilities or conditions of employment are "significantly different," such as where expertise gained after years of work in one area are "rendered useless" by transfer).

As to the third retaliation element, Hayes urges that he did not cause Gavin's transfer.[6] Doc. No. 111 at 6-7.  On this question, too, the Court finds that Gavin has put forth evidence creating a material fact dispute necessitating trial.  See, e.g., Doc. No. 117-1 at 46-47 (reflecting express request by Hayes to his Deputy Superintendent that BPD "*[i]mmediately* transfer" Gavin out of FJD and either fire her or "remove her Detective Rating") (emphasis in original); id. at 9 (noting Hayes spoke to a superior and advocated for Gavin's transfer as early as July 2016); Doc.

---

[5] Citations to "Doc. No. __" reference documents appearing on the court's electronic docketing system; pincites are to the page numbers in the ECF header.

[6] To the extent Hayes believes the causation element requires Gavin to prove he personally was vested with the power to order her transfer, he is wrong.  The record (including Hayes's own deposition) contains evidence from which a jury could infer that Hayes both possessed and exercised the ability to influence personnel decisions, including transfers of those under his command.  E.g., Doc. No. 117-6 at 17; Doc. No. 124-1; Doc. No. 124-2.

No. 117-9 at 5, 15 (containing testimony by a BPD Superintendent identifying the conflict between Gavin and Hayes, including their internal complaints against one another, as the reason for the transfer); Doc. No. 117-11 at 15-16, 20 (reflecting same explanation offered by BPD Superintendent and City's Rule 30(b)(6) witness);[7] cf. Verdrager, 50 N.E.3d at 801 (noting a plaintiff may prove causation even where protected activity is temporally distant from adverse employment action by presenting evidence of discriminatory treatment during the intervening time period from which a jury might conclude that a pattern of retaliatory conduct was prompted by the protected activity and later culminated in an adverse action).[8]  Indeed, a factfinder could read Hayes's lengthy internal complaint against Gavin and reasonably infer—from its contents and the manner in which they are expressed—that he engaged in a persistent and ongoing course of conduct that included harassing and discriminating against Gavin based on her gender, then retaliating against her when she complained, and ultimately causing his superiors to take retaliatory and adverse action against her.  Cf. Staub v. Proctor Hosp., 562 U.S. 411, 415-21

---

[7] To be clear, these BPD officials attributed Gavin's transfer to problems between Gavin and Hayes that lasted several years and impacted the workplace.  They did not testify that Hayes and/or his retaliatory conduct caused Gavin's transfer.  However, a jury could conclude after hearing all of the evidence that the problems between Gavin and Hayes were caused by Hayes (via discriminatory treatment of Gavin based on her gender, and/or retaliation against her).  In that case, a chain of reasonable inferences would support the conclusion that Hayes caused Gavin's transfer (by causing the problems that eventually led to it).

[8] Gavin invokes the theory of causation endorsed in Verdrager by pointing to her treatment between 2017 and 2019, starting with Hayes's internal complaint against her and continuing with evidence Hayes sought out and submitted a second complaint against Gavin; excluded her from meetings, decisions, and operations concerning the units she continued to command; encouraged her subordinates to circumvent her; and generally undermined her reputation.  And, if a jury were to conclude that Hayes's conduct in this period at some point rose to the level of subjecting Gavin to a hostile work environment based on her gender, then that—separate from and in addition to the 2019 transfer—could constitute an adverse employment action for purposes of the third retaliation element.  Noviello v. City of Boston, 398 F.3d 76, 90-92 (1st Cir. 2005); Clifton v. Mass. Bay Transp. Auth., 839 N.E.2d 314, 318 (Mass. 2005).

(2011) (discussing "cat's paw" theory of holding an employer liable for the animus of a supervisor who was not the ultimate decisionmaker).

One more point bears mention. In Count 3, Gavin alleges that both Hayes and the City violated Chapter 151B, section 4[4A], pursuant to which it is unlawful "[f]or any person to coerce, intimidate, threaten, or interfere with another person in the exercise or enjoyment of any right granted or protected by this chapter." Hayes concedes that this statute can be violated by retaliation or by "direct interference with a plaintiff's right to be free from discrimination, including gender discrimination." Doc. No. 125 at 1-2. However, he urges that Gavin should be limited here to a retaliation-based theory in Count 3 because she omitted Hayes from the other claims alleging gender-based discrimination and hostile work environment. Id. The Court declines to impose such a limitation. The Second Amended Complaint expressly alleges that Hayes discriminated against Gavin based on her gender in several ways. E.g., Doc. No. 80 ¶¶ 21-22, 25-28.[9] It further asserts that Gavin's protected conduct, which gave rise to the retaliation she alleges, was undertaken in response to Hayes's discriminatory actions. See id. ¶ 50 (quoting Gavin's April 2017 internal complaint, which alleged she had been subjected "to a hostile working environment based upon [her] gender" and "discriminated against based on [her] gender" by Hayes).

Though two of Gavin's claims against Hayes are stated expressly in terms of retaliation, id. ¶¶ 75-78, 85, Count 3 is not so limited. Rather, it is entitled "Interference with the Right to be Free from Discrimination" and does not include the word "retaliation" at all. Id. ¶¶ 80-83

---

[9] Such allegations have always been part of this case. See Doc. No. 1-1 ¶¶ 22, 25, 27-28. Hayes's discovery requests broadly sought responses from Gavin on topics beyond retaliation, and Gavin's December 2018 responses to Hayes's interrogatories echo the allegations in her pleadings by describing ways in which she contends Hayes discriminated against her based on her gender. E.g., Doc. No. 129-1 at 5, 7-11.

5

(emphasis added).  Moreover, it expressly incorporates all preceding paragraphs, including those cited above that plainly describe gender-based discrimination by Hayes.  Id. ¶ 80.  The remainder of the claim essentially repeats the language of Chapter 151B, section 4[4A].  Id. ¶¶ 81-82.  In these circumstances, the Court reads Count 3 as broadly asserting a violation of the cited provision, under either or both available theories.

In sum, because the record plainly contains evidence from which a reasonable jury could resolve each of the three retaliation elements in Gavin's favor at trial, and because none of the other arguments advanced warrant striking or limiting Gavin's claims in any way, Hayes's motion for summary judgment (Doc. No. 110) is DENIED.

A separate order will issue scheduling trial in this matter.

                                       SO ORDERED.

                                       /s/ Leo T. Sorokin
                                       United States District Judge