UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 1:18-cv-10819-LTS

DONNA GAVIN,
Plaintiff,

v.

BOSTON POLICE DEPARTMENT and
MARK HAYES,
Defendants.

**DEFENDANT MARK HAYES'S MOTION TO EXCLUDE THE TESTIMONY OF PLAINTIFF'S DISCLOSED EXPERT WITNESS NORMAN STAMPER**

## I. INTRODUCTION

Now comes the Defendant Mark Hayes, ("Hayes" or "Defendant") and moves to exclude the testimony of Plaintiff Donna Gavin's ("Plaintiff") proposed witness Norman Stamper ("Stamper"), whom Plaintiff has designated as an expert witness pursuant to Fed. R. Civ. P. 26(b)(4). Stamper was employed as the Chief of the Seattle Police Department from 1994 to February 2000. He was also previously employed as an assistant chief at the San Diego Police Department. He retired in 2000 and is currently a self-employed writer who does occasional expert witness and consulting work. See Deposition of Norman Stamper, attached as **Exhibit 1**, pp. 35-36.

Stamper's expected testimony as set forth within his Fed. R. Civ. P. 26(a)(2) disclosure report, as well as at his deposition, is simply to highlight specific facts, in the light most favorable to the Plaintiff, involving Plaintiff's treatment by the Boston Police Department

("Department or BPD") and Hayes and opine that these particular facts constituted a hostile and discriminatory work environment in violation of G.L. c 151B. See Expert Report of Norman H. Stamper, Ph.D, attached as **Exhibit 2**. Stamper employs no specialized methodology in arriving at his proffered opinion. Further, any specialized knowledge that Stamper possesses from serving as the chief of a major city police department twenty-one years ago is not utilized in reaching his opinions that the particularized facts in this case amount to discrimination and that the individuals involved subjectively harbored a discriminatory motive toward Plaintiff. Stamper identifies no evidence or facts at issue which a jury would require expert guidance to consider. His purpose as a proffered expert is simply to appear before the jury as a well-credentialled advocate, summarize cherry-picked facts regarding Plaintiff's employment environment, which require no specialized knowledge for the jury to consider, and inform the jury that in his opinion, Hayes and the Department have violated the law. This is precisely the type of testimony which is consistently barred under Fed. R. Evid. 403 and 702.

Stamper's expected testimony as described within his expert disclosures and deposition should be excluded pursuant to Fed. R. Evid. 702 because it does not involve scientific, technical, or other specialized knowledge that will assist the trier of fact and is not based on any reliable principles and methods. Further, his testimony should also be excluded pursuant to Fed. R. Evid. 403 because it lacks any probative value, will cause unfair prejudice, will mislead the jury, and will amount to the needless presentation of cumulative evidence.

## II. ARGUMENT

"Under [Fed. R. Evid.] 702, a witness may testify to scientific, technical, or other specialized knowledge if it will assist the trier of fact to understand the evidence or to determine

a fact in issue." Cummings v. Standard Reg. Co., 265 F.3d 56, 64 (1st Cir. 2001), citing Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 592, 113 S.Ct. 2786 (1993) (internal quotations omitted). A witness qualified as an expert by knowledge, skill, experience, training, or education, may only testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Daubert., 509 U.S. at 579; Fed. R. Evid. 702. "In admitting such testimony, the trial court must perform a gatekeeping function and decide whether the proposed testimony, including the methodology employed by the witness in arriving at the proffered opinion, rests on a reliable foundation and is relevant to the facts of the case." Cummings, 265 F.3d at 64, citing Ed Peters Jewelry Co. v. C & J Jewelry Co., 124 F.3d 252, 259 (1st Cir.1997) (internal citations omitted). Expert testimony must also conform to the requirements of Fed. R. Evid. 403, under which the testimony will also be excluded if its probative value is outweighed by "the danger of unfair prejudice, confusion of issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. Because of the weight expert testimony is often given by a jury, it "presents a special level of complexity in constructing the balance between probative value and unfairly prejudicial effect." United States v. Pires, 642 F.3d 1, 12 (1st Cir.2011).

Captain Detective Mark Hayes served as the commander of the Department's Family Justice Center ("FJC"), which includes four specialized units, the Domestic Violence Unit, Sexual Assault Unit, Crimes Against Children Unit ("CACU") and Human Trafficking Unit ("HTU"). In 2016, Plaintiff was transferred into the FJC as the Lieutenant Detective in

command of two of those units, the HTU and CACU. In this capacity, Hayes was Plaintiff's commanding officer.

Stamper opines that "Captain Detective Mark Hayes, Lieutenant Detective Gavin's immediate supervisor, engaged in a pattern of hostile, discriminatory behavior toward Gavin from the time she arrived at the Family Justice Center" and that "the BPD both allowed and encouraged her immediate supervisor to engage in a pattern of unprofessional, discriminatory behavior toward her." Exhibit 2, p. 3. In reaching this overarching opinion regarding discrimination, Stamper focuses on a series of self-selected specific facts: 1) the size of plaintiff's initial work-space when she was transferred into the HTU as its commander (Exhibit 2, p. 4), Hayes documenting critical observations regarding Plaintiff's work (Exhibit 2, p. 5), Hayes "auditing" HTU case files (Exhibit 2, p. 6), Hayes's exercise of control over personnel decisions, including transfers into and out of the HTU (Exhibit 2, p. 8), and Hayes's and the Department's request that Plaintiff develop a list of suspects to target and to share HTU information with other units in accomplishing their arrests (Exhibit 2, p. 12). Stamper then concludes that because other male unit supervisors and their units were allegedly treated differently than Plaintiff (i.e. allegedly had larger work spaces, were not subject to written criticism or file audits, had greater input into personnel decisions involving their units and were not requested to share information with other units) that these selected facts prove disparate treatment discrimination. Exhibit 1, p. 138, 141-142; Exhibit 2, p. 3-8, 12. Stamper also concludes that Hayes's alleged siding with a male sergeant in disagreements with the Plaintiff demonstrates gender-based discrimination. Stamper opines, "Hayes's unusually strong support

for a new detective, … at the expense of a seasoned officer and commander Gavin, tends to reflect favoritism toward a popular male officer." Exhibit 2, p. 13-14.[1]

Specialized knowledge and experience are not necessary to determine whether the specific facts cited by Stamper demonstrate disparate treatment or retaliation and to the extent Stamper possesses specialized knowledge or expertise in policing, he has not employed it in reaching his conclusions. "[C]ourts consistently exclude the testimony of expert witnesses concerning the existence of discrimination, preferring to leave the issue for the jury." Wolf v. Antonio Sofo & Sons Importing Co., 890 F. Supp. 2d 823, 826 (N.D. Ohio 2012). See, e.g., Brink v. Union Carbide Corp., 41 F.Supp.2d 402, 405 (S.D.N.Y.1997) (excluding an expert witness' affidavit on the existence of age discrimination because "a lay jury is capable of understanding the facts and issues here without the aid of an expert"). "Additionally, courts will strike the opinions of experts—even those with specialized degrees giving them expertise in the psychology or sociology of discrimination—when the experts are merely applying general knowledge to events and expressing thoughts more akin to general beliefs or opinions than analysis based on a reliable methodology." 5 Handbook of Fed. Evid. § 702:4 (9th ed.). See, e.g., Chadwick v. WellPoint, Inc., 561 F.3d 38, 48 (1st Cir.2009) (holding that generalized expertise was insufficient to provide admissible expert testimony about specific instances of discrimination); See Tuli v. Brigham & Women's Hosp., Inc., 592 F. Supp. 2d 208, 212 (D.

[1] Stamper also opines that the specific facts of this case demonstrate unlawful retaliation. He states that, "[i]n my professional opinion, the effects of Hayes's hostile, gender-based discriminatory behavior did not end with his separation from Gavin" and that "[w]hen Lieutenant Detective Gavin filed her complaint against Captain Detective Hayes, she was punished, retaliated against. Exhibit 2, p. 12. Stamper bases his overarching opinion regarding retaliation on the fact that Plaintiff was transferred by the Department to a new assignment approximately a year and a half after making her complaint against Hayes. Exhibit 1, pp. 207-208.

Mass. 2009) (excluding experts proffered testimony where it would "not help the jury here evaluate a complex and difficult discrimination claim."

Stamper's opinion is not necessary to assist the jury, rather it is intended to instruct them. "There is no more certain test for determining when experts may be used than the common sense inquiry whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute." Ladd, "Expert Testimony," 5 Vand.L.Rev. 414, 418 (1952). "Opinions that merely tell the jury what result to reach should be deemed inadmissible under Rules 701, 702 and 403." Maciel v. Thomas J. Hastings Properties, Inc., No. CV 10-12167-JCB, 2012 WL 13047595, at *6 (D. Mass. Nov. 30, 2012), citing Perez-Garcia v. P.R. Ports Auth., 873 F.Supp.2d 435, 441–42 (D.P.R. 2012); Rule 704 Advisory Committee notes. Expert testimony will be excluded under Fed. R. Evid. 403 where the expert "is doing little more than putting his imprimatur on the defendant's case." Tuli., 592 F. Supp. 2d at 212. Such testimony should be excluded under Fed. R. Evid. 403 because of "the concern that, because of an expert's stature qua expert, jurors may assign more weight to expert testimony than it deserves." Maciel, 2012 WL 13047595, at *6, citing Pires, 642 F.3d at 12.

Further, Stamper has no specialized understanding of the subject involved. He is no expert in human psychology, discrimination or retaliation. Indeed, Stamper has never previously served as a Rule 26 expert or offered an expert opinion in a matter related to gender discrimination or gender-based hostile work environment or retaliation in the context of an employment setting. Exhibit 1, pp. 246, 249-251. See Tuli, 592 F. Supp. 2d 208 (excluding under Rule 702, otherwise well-credentialed whose expertise is not discrimination.); See Ward v.

Westland Plastics, Inc., 651 F.2d 1266, 1271 (9th Cir.1980) (witness "incompetent to voice on opinion on whether ... conduct constituted illegal sex discrimination") (emphasis added).

Stamper does not employ any specialized knowledge or methodology in reaching his conclusions. He has not examined any particular department or division of the Department. He has not reviewed any rules, regulations or orders of the Department. He is not familiar with the Department's relevant training. Exhibit 1, pp. 72, 95, 156.

Rather, his opinion that Plaintiff was discriminated against is based only upon his personal review of specific facts pertaining to the Plaintiff's experience. Exhibit 1, p. 95. At trial, Stamper simply intends to identify specific facts at issue and opine that those facts demonstrate instances of discrimination and voice a general belief about the existence of discrimination against the Plaintiff within the Boston Police Department based on these facts. Exhibit 1, p. 241.[2] Such testimony must be excluded. Expert testimony is most problematic when "it is so concrete, so focused on the very facts of the case at bar." Tuli, 592 F.Supp.2d at 212. "Experts are asked to testify to opinion rather than fact. While the difference between fact and opinion is often merely a difference of degree, the closer the purported "expert' comes to testify about the very facts at issue in the case, the more that testimony must be scrutinized." Id. citing, 1 McCormick on Evidence § 12." See Tuli, 592 F.Supp.2d 208 (excluding expert

[2] Q. Well, do you intend to talk about at trial the specific facts at issue in this case that led to your opinion that Donna Gavin was discriminated against?
A. Yes.
Q. And your opinion is those facts demonstrate specific instances of discrimination?
A. In my judgment, yes.
Q. And based on the facts you reviewed in this case, you have a general belief about the existence of discrimination within the Boston Police Department as it affected Donna Gavin?
A. Yes.
Q. And your opinion is that that discrimination occurred?
A. Yes.

testimony whose opinion that discrimination occurred was little more than an opinionated general belief about the discrimination's existence).

Stamper goes one step further and opines as to the subjective motives of Hayes and that Hayes's statements, writings and e-mails demonstrate hostility and discrimination. Exhibit 1, pp. 241-242. This includes Stamper's belief that Hayes's written "log" containing criticism of Plaintiff was "highly problematic and its written entries displayed significant hostility toward [Plaintiff]." Exhibit 2, p.5. At trial, Stamper intends to identify specific behaviors and conclude for the jury that the behaviors are discriminatory and unlawful. Exhibit 1, p. 245.[3] He is clearly not competent to opine as to whether an individual harbors discriminatory animus or hostility though interpreting the content of their e-mails and other writings. Courts routinely exclude expert testimony because "[t]he expert, whatever her professional credentials, is not competent to testify about what these supervisors meant, consciously or unconsciously, in using certain words." Chadwick v. WellPoint, Inc., 561 F.3d 38, 48 (1st Cir. 2009). Even Stamper agrees that whether behavior is discriminatory is a question for the jury. Exhibit 1, p. 99.[4]

Beyond opining that the Defendants' conduct was discriminatory and retaliatory, Stamper offers additional opinions which must be similarly excluded. He includes an opinion that Hayes's written criticism, which he terms a "log" violates that "Massachusetts Personnel Records Statute." Exhibit 2, p. 6. Whether this is so is irrelevant to the ultimate issues in this

[3] Do I understand you, that the evidence or issue of fact that your expertise will assist the jury in understanding is that you have reached conclusions about behavior and have determined that behavior to be discriminatory and unlawful?
A. Yes.

[4] Q. So let me ask you. Whether the behavior is discriminatory, you'd agree, belongs -- is a question to be answered by the jury; correct?
(objection)
A. And I -- I would say absolutely, you're correct.

case and such testimony should therefore be excluded pursuant to Fed. R. Evid. 401 and 403. Further, the interpretation of statutory language and whether it has been violated would be (if relevant) a question for the court and the jury and not the subject of expert testimony. An expert "may not 'assist' the jury by expounding upon the law ... because to do so would intrude upon the province of the trial judge." Ji v. Bose Corp., 538 F.Supp.2d 354, 357–58 (D. Mass. 2008), citing Nieves–Villanueva v. Soto–Rivera, 133 F.3d 92, 100 (1st Cir. 1997). Additionally, Mr. Stamper does not hold himself out as any sort of expert on this Massachusetts statute. Exhibit 1, p. 153. Rather, his opinion is based entirely on personal research he conducted as part of preparing his report. Exhibit 1, p. 99.

Mr. Stamper also offers the opinion that, "women are as competent, if not more competent than their male counterparts in all law enforcement positions." Exhibit 2, p. 10. Stamper references unidentified "studies" that he has read but does not identify the scientific basis for this extraordinarily broad opinion other than his own personal experience at two police departments more than twenty years ago. This opinion is therefore not based upon sufficient facts or data or reliable principles and methods. Regardless, this opinion should also be excluded because it is not relevant to the ultimate issues of discrimination and retaliation in this case and will not assist the trier of fact in determining these issues.

Finally, Stamper also opines multiple times in his report as to Plaintiff's credentials as an expert in the field of human trafficking. He opines that Plaintiff is "one of the nation's foremost police experts on human trafficking (Exhibit 2, p. 3)," "she was, and is, widely acknowledged as an expert in the area of human trafficking law enforcement (Exhibit 2, p. 5)" and that she has "superlative credentials as an expert on human trafficking (Exhibit 2, p. 8)." This reputational evidence is not the subject of expert testimony. Additionally, Plaintiff's overall credentials are

irrelevant to the ultimate issue of she was subjected to alleged discrimination. However, even if this evidence was relevant and otherwise inadmissible regarding reputation pursuant to Fed. R. Evid. 405, it would be the subject of non-expert testimony from individuals personally familiar with Plaintiff's reputation and credentials, not Stamper who readily admits he has no specialized knowledge regarding the field of human trafficking[5], had never heard of Plaintiff before he was retained as an expert in this matter and has no personal knowledge regarding Plaintiff's credentials in that field. Exhibit 1, pp. 164, 278-279.

## III. CONCLUSION

For the foregoing reasons, the Defendant Mark Hayes respectfully requests that this Court exclude from trial the testimony of Plaintiff's proffered expert Norman Stamper.

Respectfully submitted,

Defendant,
MARK HAYES,
By his attorney,

*/s/ Evan C. Ouellette*
Evan C. Ouellette, BBO# 655934
BRODY, HARDOON, PERKINS & KESTEN, LLP
699 Boylston Street
Boston, MA 02116
(617) 880-7100
eouellette@bhpklaw.com

Dated: September 15, 2021

[5] Stamper has never personally worked in any specialized unit policing human trafficking crimes or worked for any police department that employed such a unit. Exhibit 1, p. 281.

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those participants indicated as non-registered participants.

*/s/ Evan C. Ouellette*
Evan C. Ouellette, BBO# 655934

Dated: September 15, 2021

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)**

I hereby certify that I have conferred with counsel for the Plaintiff in a good faith and we were not able to resolve or narrow the issues raised in this motion.

/s/ *Evan C. Ouellette*
Evan C. Ouellette, BBO #655934

Dated: September 15, 2021