UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 1:18-cv-10819-LTS

DONNA GAVIN,
        Plaintiff,

v.

BOSTON POLICE DEPARTMENT and
MARK HAYES,
        Defendants.

## <u>DEFENDANT MARK HAYES'S MOTION IN LIMINE TO EXCLUDE ANY REFERENCE TO PRIOR UNRELATED LITIGATION</u>

Now comes the Defendant Mark Hayes ("Hayes" or "Defendant") and moves *in limine* to exclude any reference to prior unrelated litigation involving Hayes as a defendant.

Discovery in this case has demonstrated that in 2019, a Boston police officer named Brenda Hayes filed a civil action against the City of Boston, the Boston Police Department and four individual Boston Police Department employees including Hayes (James v. City of Boston, 19-cv-10430-FDS), alleging discrimination in violation of Title VII of the Civil Rights Act of 1964.  None of the facts or allegations contained in James's complaint relate to or overlap in any way with those asserted in the instant litigation.  The sole allegation against Hayes contained in James's complaint was that Hayes allegedly made an unfavorable remark regarding James's work performance in 2011.

The court dismissed all claims asserted against Hayes at the pleadings state upon allowance of a Rule 12(b)(6) motion to dismiss, finding that James had failed to assert any viable claim against Hayes upon which relief could be granted.  See James v. City of Boston, 19-cv-

10430-FDS, at ECF #15.  The Court subsequently dismissed James's action in its entirety.  Id. at ECF #30.

Evidence that a prior, completely unrelated civil lawsuit was filed against Hayes should be excluded as inadmissible under Fed. R. Evid. 402, 403 and 404 relevancy principles.  The fact that a civil action was filed and almost immediately dismissed against Hayes holds absolutely no probative value.  Further, the litigation filed by James involved allegations from 2011 and is completely unrelated to the facts of the instant litigation.  See Kinan v. City of Brockton, 876 F.2d 1029, 1035 (1st Cir. 1989) (excluding introduction of evidence of unrelated litigation involving a party on relevance principles).  Therefore, any evidence regarding any unrelated civil lawsuits filed against Hayes must be excluded because such evidence is wholly irrelevant to the claims against Hayes in the instant action, has no probative value as to any material issues, and would unfairly prejudice Hayes and/or needlessly confuse the jury.

For the foregoing reasons, the Defendant Mark Hayes respectfully requests that this Court exclude from trial any reference to prior unrelated litigation involving Hayes as a defendant.

<div style="margin-left: 40%;">

Respectfully submitted,

Defendant,
MARK HAYES,
By his attorney,

/s/ Evan C. Ouellette
Evan C. Ouellette, BBO# 655934
BRODY, HARDOON, PERKINS & KESTEN, LLP
699 Boylston Street
Boston, MA 02116
(617) 880-7100
eouellette@bhpklaw.com

</div>

Dated: September 29, 2021

## **CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those participants indicated as non-registered participants.

*/s/ Evan C. Ouellette*
Evan C. Ouellette, BBO# 655934

Dated: September 29, 2021

## **CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)**

I hereby certify that I have conferred with counsel for the Plaintiff in a good faith and we were not able to resolve or narrow the issues raised in this motion.

/s/ *Evan C. Ouellette*
Evan C. Ouellette, BBO #655934

Dated: September 29, 2021