UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:18-cv-10819

DONNA GAVIN,
    Plaintiff,

v.

CITY OF BOSTON and MARK HAYES
    Defendants.

**CITY OF BOSTON'S MOTION *IN LIMINE* TO EXCLUDE NEWS ITEMS, OTHER RECENTLY REPORTED EVENTS, AND UNRELATED REPORTS**

Now comes the Defendant, City of Boston (the "City"), who hereby moves *in limine* to prohibit the plaintiff from offering any and all testimony, documentary evidence, or referencing at trial topics involving irrelevant, volatile and/or prejudicial topics, subjects such as police reform, institutional racism, recently-reported news items regarding the Boston Police Department, including, but not limited to, the handling of Internal Affairs Division, the hiring and termination of former Police Commissioner Dennis White,[1] criminal proceedings against any former police officer and recent protests of the department. In addition, the City requests that Plaintiff be prohibited from offering in evidence or referencing during trial unrelated reports, including, but not limited to the dissertation of Lisa Barao ("Barao Report") (Ex. A) and the report authored by The Boston Police Reform Task Force, which was chaired by Attorney Wayne Budd ("Budd Report") (Ex. B).

---

[1] Mr. White's lawsuit against the City of Boston is pending before this Court (1:21-cv-10952-LTS). He is represented by Nicholas B. Carter, counsel for Plaintiff in this case.

As grounds therefore, the City states:

1. As the Court is undoubtedly aware, recent national events have brought to the forefront of the national consciousness issues regarding topics such as police reform, police brutality, institutional racism, systemic racism, and similar such issues. Furthermore, local and national media have heavily reported on a number of BPD-related issues in recent months.

2. The Court should enter an order precluding Plaintiff from attempting at trial to present evidence on these and similar topics. Such topics must be excluded because they are irrelevant to Plaintiff's claim of discrimination, hostile work enviorment, or retaliation. None of the matters in the news relate to Plaintiff's claims.

3. Even were such evidence somehow relevant, it should be precluded under Fed. R. Evid. 403. Rule 403 provides that relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." On that note, Plaintiff has not identified any documentary evidence or witnesses in discovery related to these news items and for her to now present evidence on these matters would be highly prejudicial.

4. Allowing Plaintiff at trial to delve into volatile, hot-button topics involving police reform and racism generally and BPD news items specifically would raise the very issues of unfair prejudice, jury confusion and misleading the jury that Rule 403

2

is designed to prevent. It would also unnecessarily prolong the trial of this case. Such evidence should be excluded from trial.

5. In addition, Plaintiff disclosed as trial exhibits the Barao Report, which consists of a study wherein Dr. Barao surveyed a number of Boston Police employees regarding their feeling surrounding gender equality within the department. The report contains data from those surveys and anecdotal quotations from Boston Police Department Employees. Through the data gathered and the stories of unnamed Boston Police Employees, Barao renders an opinion that female employees of the Boston Police Department will "never be treated as equal." *See Hassel expert report at p.8.*

6. The Budd report was produced by Mayor Martin J. Walsh's Police Reform Taskforce. The report provides proposed reforms for the Boston Police Department to implement, ranging from the formation of an independent oversight panel to the creation of a public records bureau. Among the suggested reforms, are suggestions regarding the hiring, promotion and retention of diverse employees.

7. At its core, the use of the Barao and Budd reports at trial would only serve to place inadmissible hearsay statements before the jury. Indeed, the Barao report contains numerous uncorroborated and unattributed anecdotes regarding the experience of other female employees of the Boston Police Department – experiences which Plaintiff would be offering for the truth, but which would not be subject to cross-examination. The Budd Report contains statistics regarding diversity within the department and a recommendation that a diversity officer be put in place to

manage the retention and promotion of diverse employees. The above-referenced reports constitute inadmissible hearsay and plaintiff has not, and cannot, proffer a permissible purpose for their admission. The Barao and Budd reports should be excluded. See Jones ex rel. U.S. v. Massachusetts Gen. Hosp., 780 F.3d 479, 494 (1st Cir. 2015) (holding that an appendix to expert report constitutes inadmissible hearsay evidence). The Defendants have not had an opportunity to cross-examine either of the witnesses on the substance of their reports or to cross-examine.

8. Both through expert disclosures and proffered exhibits, plaintiff attempts to paint a picture that the Boston Police Department was rife with sexism and discrimination at the time the Plaintiff alleges that she was subject to retaliatory hostile work environment. In sum, what Plaintiff would seek to show through the data and anecdotes of the Barao report and the suggested reforms of the Budd report is simple - because anonymous female employees of the Boston Police Department have endorsed gender equality issues within the department and because a commission tasked with effectuating police reform suggested diversity issues exist within the Department - the Defendants must have discriminated against the Plaintiff in this case. This is hornbook improper propensity evidence which is not being offered for any permissible purpose under Fed. R. Evid. 404(b). See Becker v. ARCO Chem. Co., 207 F.3d 176, 192 (3d Cir. 2000) (finding trial court erred in admitting evidence of unrelated alleged discriminatory conduct where plaintiff failed to show a causal chain that would suggest other discriminatory acts were probative of defendant's intent). Thus, the Barao and Budd Reports should be excluded.

9.      Absent a proper witness, neither report can be authenticated by Plaintiff, which precludes their admission.

WHEREFORE, the City requests that the Court issue an order excluding any and all testimony, documentary evidence and argument at trial by Plaintiff regarding topics involving police reform and recently reported news items regarding BPD, and all similar such evidence, including the Barao and Budd Reports.

Dated: September 29, 2019                    Respectfully submitted:

                                             CITY OF BOSTON

                                             By its attorneys:

                                             HENRY C. LUTHIN
                                             Corporation Counsel

                                             */s/ Nieve Anjomi*
                                             Erika P. Reis (BBO#669930)
                                             Nieve Anjomi (BBO#651212)
                                             Senior Assistant Corporation Counsel
                                             City of Boston Law Department
                                             Boston, MA 02201
                                             (617) 635-4034
                                             Erika.Reis@boston.gov
                                             Nieve.Anjomi@boston.gov

**L.R. 7.1 CERTIFICATION**

On September 23, 2021, counsel for Defendant, Nieve Anjomi, conferred with counsel for Plaintiffs in a good faith effort to resolve or narrow the issues.

                                             */s/ Nieve Anjomi*
                                             Nieve Anjomi

5

## **CERTIFICATE OF SERVICE**

      I, Nieve Anjomi, hereby certify that a true copy of the above document will be served upon all parties of record via this court's electronic filing system and upon any non-registered participants via first class mail on the date listed below.

Dated:  September 29, 2021             */s/ Nieve Anjomi*
                                                    Nieve Anjomi