CIVIL ACTION NO. 1:18-cv-10819

**DONNA GAVIN,**
    **Plaintiff,**

v.

**CITY OF BOSTON and MARK HAYES**
    **Defendants.**

## CITY OF BOSTON'S MOTION *IN LIMINE* TO EXCLUDE PLAINTIFF'S HEARSAY STATEMENTS AND SPECULATIVE EVIDENCE

City of Boston, respectfully moves *in limine* to exclude witnesses from testifying on hearsay and speculative statements – which has been an ongoing theme among Plaintiff and her witnesses. In addition to requesting that Plaintiff, and her witnesses from testifying on hearsay and speculative statements, The City also requests that Plaintiff be precluded from using any such items in her opening statement.

During her deposition on December 18, 2019, Plaintiff testified about various matters that constituted hearsay and speculation. See Donna Gavin Deposition Transcript at 93:15-22, 97:16-98:1 attached hereto as Exhibit A. By way of example, the plaintiff testified to the following at her deposition:

1. In response to a question regarding whether the Plaintiff believed she would receive a promotion Plaintiff testified: "I think there was a lot of people that felt I would be promoted to the command staff." (Ex. A, 93: 15-22.)

2. In response to a question regarding whether Plaintiff had been told that she would not be promoted to the command staff: "I've had people tell me what

people said about me…that when I go to headquarters members of the command staff run away from me like they do cockroaches, that my reputation has been ruined both inside and outside the police department." (Ex A, 97:16- 98:1.)

3. Plaintiff also claims that Defendant Hayes was "going to get me." (Ex. A. 305:14.) When questioned on her assertion, Plaintiff admitted that her statement was based on someone telling someone telling someone:

> Q. He was going to get you. Who told you that they heard him say that?
> A. The two people who he reportedly said it to told the third person who had just walked in or had seen them talking.
> Q. Who do you believe he said that statement to, Mark Hayes said that statement to?
> A. Allison Berry, O'Toole and Erica Schroeder Wittington.
> Q. Where did he say that?
> A. At the FJC.
> Q. Did they tell you that he said that?
> A. No.
> Q. Somebody else told you they overheard him saying that to those two people?
> A. Somebody else spoke to them after one of the other detectives.
> Q. Who was that?
> A. Miguel Novo.
> Q. Did Miguel Novo actually hear Mark Hayes --
> A. I don't think so.

(Ex. A 305:15-306:11.) There are at least three levels of hearsay.

4. Plaintiff's husband, likewise, testified on hearsay matters:

> Q. Who's John Daley?
> A. He's a retired cop.
> Q. Do you know when he retired?
> A. I couldn't tell you.
> Q. All right. What did he say to you?
> A. He said I heard they're making Donna next month and I said, Okay. Thanks.
> Q. Did he say anything else?

> A. No.
> […]
> Q. Did he say how he knew that or why he believed that?
> A. He never said that. He said he heard. That's -- in Boston that's kind of like the way things get out there. Scuttlebutt.

(See ECF No. 150-3 – *Deposition of William Gavin* 47:12-48:5.) The City of Boston believes that Plaintiff's attorney will attempt to elicit testimony from Plaintiff and her witnesses that mirrors these extrajudicial statements and that she will attempt to introduce them for the truth of the matter asserted.

"Hearsay' means a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Conning v. Halpern, No. 18-CV-12336-ADB, 2021 WL 2646672, at *1 (D. Mass. June 28, 2021). Plaintiff's statements above, and numerous other statements contained within her deposition, constitute hearsay, and do not fall within any exception to the hearsay rule. See Vazquez v. Lopez-Rosario, 134 F.3d 28, 34 (1st Cir. 1998) (finding unattributed statements inadmissible where the statements were "hearsay within hearsay"). None of Plaintiff and her witnesses' testimony on rumor and gossip is admissible. Plaintiff lacks foundation to make many of these statements. As such, hearsay and speculation must be precluded.

WHEREFORE, for the reasons stated above, the Defendant hereby moves that this Court to exclude Plaintiff and her witnesses' hearsay and speculative statements. In addition, the requests Plaintiff from asserting such during her opening statement.

Respectfully submitted:

DEFENDANT, CITY OF BOSTON

By its attorneys:
Henry C. Luthin
Corporation Counsel

*/s/ Nieve Anjomi*
Erika P. Reis (BBO#669930)
Nieve Anjomi (BBO#651212)
Senior Assistants Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4031 (Reis)
(617) 635-4098 (Anjomi)
Erika.Reis@boston.gov
Nieve.Anjomi@boston.gov

## L.R. 7.1 CERTIFICATION

On September 23, 2021, counsel for Defendants, Nieve Anjomi, conferred with counsel for Plaintiffs in a good faith effort to resolve or narrow the issues.

*/s/ Nieve Anjomi*
Nieve Anjomi

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel for all parties of record via this court's electronic filing system.

Date: 9/29/21      */s/ Nieve Anjomi*
Nieve Anjomi