UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:18-cv-10819-LTS

DONNA GAVIN

       Plaintiff,

V.

CITY OF BOSTON and MARK HAYES

       Defendants.

## CITY OF BOSTON'S OPPOSITION TO PLAINTIFF'S FOURTH MOTION TO COMPEL RECORDS CONCERNING JARROD GERO [ECF No. 146]

Now comes the Defendant, City of Boston (hereinafter "City') and respectfully requests that Plaintiff's fourth Motion to Compel records pertaining to Boston Police Detective Jarrod Gero be denied. As reasons therefore, the City states that this is the fourth time the Plaintiff is seeking records concerning one of her subordinates. She has been denied Jarrod Gero's records **three** times by Magistrate Judge Mariann Bowler[1] on May 1, 2019 (ECF No. 52) March 10, 2020 (ECF No. 78 and attached **Exhibit A** *Transcript of March 10, 2020 Hearing*) and September 10, 2020 (ECF No. 105 and attached **Exhibit B** *Transcript of September 10, 2020 Hearing*) respectively. As previously stated, and perhaps even more so now on the eve of trial, the information that

---

[1] Plaintiff has never sought review of Magistrate Judge Bowler's rulings.

1

Plaintiff seeks is not proportional to the needs of this case as required under Fed. R. Civ. P 26(b)(1) and is inadmissible at trial.[2]

## I.     PROCEDURAL BACKGROUND

Boston Police Detective Jarrod Gero worked for the Plaintiff, as a subordinate, from May 2017 to about June 2018. In June 2018, he voluntarily transferred out of the Human Trafficking Unit to the Special Investigations Unit.

### a. Motions to Compel

Plaintiff's *first* Motion to Compel was filed on March 1, 2019. [ECF No. 40]. In her first Motion to Compel Plaintiff sought, among other things, the disciplinary and personnel records of Detective Jarred Gero. After a hearing, the Court denied Plaintiffs request for Det. Gero's records. [ECF No. 52].

Plaintiff's *second* Motion to Compel was filed on February 28, 2020. [ECF No. 72]. Plaintiff specifically requested that the City be ordered to produce 30(b)(6) testimony as to the disciplinary history and subsequent transfer of Det. Gero." See ECF No. 72, Pg. 9-13. During oral argument, Plaintiff's counsel requested Det. Gero's personnel and internal affairs records again. Both requests were denied. See **Exhibit A**, *Transcript of March 10, 2020 Hearing*, Pg. 11-15.

On July 9, 2020, Plaintiff served the Defendant with a second request for production of documents, in which among other things, Request No. 69 stated "[a]ll civilian and/or BPD complaints, but not limited to IAD complaints, concerning Det. Jarrod Gero from 2017 to present." See **Exhibit C**. The Defendant objected to Plaintiff's request. See **Exhibit D**.

Plaintiff's *third* Motion to Compel, which was filed on August 12, 2020 [ECF No. 95]. Again, Det. Gero's disciplinary history was raised. See ECF No. 95, Pg. 14-16. On September

---

[2] See Defendant's *Motion in Limine* to Exclude the Personnel and Internal Affairs Records of Non-Parties, ECF No. 156.

10, 2020, once again Plaintiff raised the issue of Det. Gero's disciplinary records, particularly after he left the Human Trafficking Unit.  Judge Bowler limited any discipline to a) untruthfulness or b) any discipline while he was under the plaintiff's supervision (limited to the time period from May 2017 to June 2018). See **Exhibit B**, *Transcript of September 10, 2020 Hearing,* Pg. 7-8 & 17-20.  He has neither.  It is also important to note that Judge Bowler's ruling vis a vis Det. Gero's internal affairs records is consistent with this court's ruling in Correia v. Town of Framingham[3], 2013 WL 952332.

Plaintiff's instant Motion to Compel, again requests that the Court revisit the issue of why Det. Gero was transferred out of the Special Investigations Unit to the Domestic Violence Unit[4]. Plaintiff asserts that she wants his records to rebut the presumption that he is a model detective. He is not a party to this case. He is not a comparator, as he was Plaintiff's subordinate. Furthermore, Det Gero left the Family Justice Center in the Spring of 2018 on his own accord. She has never supervised him again.  She offers no legal argument as to why she is a) entitled to this information (particularly after having been denied it several times); b) how/why it is relevant to the claims she presents and in fact bears the burden of proving; and c) how this information is admissible (which in fact it is not).

---

[3] In Correia v. Town of Framingham, Michael Stratton had been a named Defendant at one point (he was subsequently dismissed).  Moreover, the issues presented in Correia were during fact discovery, not five weeks before trial.
[4] Interestingly, Plaintiff has hinged her entire case on the fact that she is committed to issues that primarily affect women, yet she characterizes the Domestic Violence Unit as one of "low prestige" and "a demotion in terms of prestige", which seems to contradict her self-described status as a "champion" for women and children.

## II.    ARGUMENT

As a preliminary matter, Plaintiff's Motion is untimely. Fact discovery closed in August 2020. On August 12, 2020, at the close of fact discovery, Plaintiff filed her *third* motion to compel concerning Det. Gero, specifically seeking all of his disciplinary records post-Human Trafficking Unit. [See ECF No. 95.] Because fact discovery has been closed for more than a year, Plaintiff's Motion is untimely. Furthermore, Plaintiff failed to timely object to Judge Bowler's ruling on this issue. Fed. R. Civ. P. 72(a) requires that Plaintiff "serve and file [her] objections to the order within 14 days." The Court denied Plaintiff's Motion on September 10, 2020. Because Plaintiff waited more than a year to file her objection, her objection is untimely, and therefore, waived.

The instant Motion to Compel continues to ask for documents and/or information that go well beyond the scope of anything that is relevant, probative and more importantly admissible. It continues to highlight a pattern of abusive discovery requests, which are designed to embarrass and harass colleagues. Perhaps what makes this latest Motion to Compel most egregious; Plaintiff did not like the rulings she received from Judge Bowler on three separate occasions and is now raising the same issue to this Court. Ironically, plaintiff has filed a *Motion to Exclude* her own internal affairs findings in this case [ECF No. 147], but somehow argues that a non-party's internal affairs record is relevant, probative and admissible.

Plaintiff's argument with respect to Det. Gero's records has remained the same. She does not offer any nexus to her alleged claims that she was discriminated against and/or allegedly retaliated against by the Defendants *and* Det. Gero's disciplinary/personnel records. Moreover, what he did, or didn't do, eighteen months <u>after</u> plaintiff was his supervisor is immaterial. Plaintiff has conducted discovery as a fishing expedition. On this particular topic, she has been repeatedly, and rightly, been told no. The information she seeks is irrelevant and inadmissible. Plaintiff

4

refuses to accept that her conduct towards Det. Gero is harassing and abusive. In fact, Defendants have filed a standard *Motion in Limine to Exclude Any Evidence, Argument, or Reference to Internal Affairs or Personnel Records of Non-Party Witnesses* [ECF NO. 156].

### III.    CONCLUSION

For the reasons stated above, the Defendant respectfully requests that this Honorable Court deny Plaintiff's Motion to Compel. In addition, any reference to any IA concerning Det. Gero must be excluded.

Respectfully submitted,
DEFENDANT, CITY OF BOSTON

Henry C. Luthin
Corporation Counsel

By its attorney:

/s/  Erika P. Reis_____
Erika P. Reis (BBO#669930)
Nieve Anjomi (BBO#651212)
Senior Assistants Corporation Counsel
City of Boston Law Department
City Hall, Room 615
Boston, MA 02201
(617) 635-4042 (Reis)
(617) 635-4098 (Anjomi)
Erika.Reis@boston.gov
Nieve.Anjomi@boston.gov

## **CERTIFICATE OF SERVICE**

     I, Erika P. Reis, hereby certify that I served a true copy of the above document all parties of record via this court's electronic filing system and upon those non-registered participants via first class mail.

October 6, 2021　　　　　　　　　　　　/s/ Erika P. Reis
　　　　　　　　　　　　　　　　　　　　Erika P. Reis