UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DONNA GAVIN, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 18-10819-LTS |
| CITY OF BOSTON and MARK HAYES, | ) ) ) | |
| Defendants. | ) ) | |

ORDER ON PENDING MOTIONS

October 18, 2021

SOROKIN, J.

On October 14, 2021, the Court held a pretrial conference in which it addressed and heard the parties regarding the pending motions in limine and motions to compel. The Court further addressed these motions on October 15, 2021. Accordingly, the motions are resolved as follows for the reasons stated in open court and/or explained below:

(1) Doc. No. 139 is DENIED.

(2) Doc. No. 141 is DENIED.

(3) Doc. No. 143 is DENIED in part. The Court has RESERVED ruling on the Defendants' challenge to testimony by Stamper that Gavin likely would have been promoted to the command staff had she not been subjected to discrimination and retaliation.

(4) Doc. No. 144 is ALLOWED. The Court reviewed the documents at issue in camera and finds no basis for the redactions. Accordingly, the City of Boston shall promptly produce the unredacted versions of the documents to Gavin.

(5)   Doc. No. 146 remains under advisement pending the City's submission of the documents which the Court will review in camera.

(6)   Doc. No. 148 is ALLOWED to the extent that the parties may not offer evidence that Renee Payne-Callender filed a lawsuit against Gavin alleging race discrimination and retaliation but DENIED to the extent that Payne-Callender may testify about Gavin's conduct during the relevant time period without accusing her of discrimination based on race or retaliation.

(7)   Doc. No. 149 is DENIED.

(8)   Doc. No. 150 is DENIED.

(9)   Doc. No. 152 is DENIED.

(10)  Doc. No. 153 is DENIED.

(11)  Doc. No. 154 is DENIED.

(12)  Doc. No. 155 is DENIED.

(13)  Doc. No. 156 is DENIED.

(14)  Doc. No. 161 is ALLOWED as to Lisa McEachern, Vernelle Smalls-Cardona, Kelly Nee, Kelly O'Connell, Martin Smiddy, and Russ Brown, and is otherwise DENIED.

(15)  Doc. No. 162 is DENIED.

(16)  Doc. No. 163 is ALLOWED insofar as substantive evidence of the relevant prior litigation is concerned but DENIED without prejudice to the extent such information is necessary for impeachment as described in the opposition (Doc. No. 196).

(17)  Doc. No. 164 is ALLOWED as unopposed.

(18)  Doc. No. 165 is DENIED.

(19)  Doc. No. 166 is DENIED except as to the Police Reform Report, which remains under advisement pending review of portions of the report Gavin seeks to admit.

(20)  Doc. No. 167 is DENIED.

(21)  Doc. No. 168 is DENIED.

(22)  Doc. No. 147 is ALLOWED.  Gavin and the City of Boston have agreed in open court and proposed that the Court should: (1) admit the Internal Affairs ("IA") complaint Gavin filed against Hayes and the IA complaint Hayes filed against Gavin which Gavin alleges was retaliation for her exercise of protected rights; (2) exclude all reports, findings, and other materials generated in the course of the investigation(s) of the two IA complaints; (3) permit the parties to use the underlying sworn testimony provided in the course of the IA investigation(s) for impeachment; (4) exclude the results of the investigation(s); and (5) give a limiting instruction to the jury regarding this topic.  Hayes, over the objection of both Gavin and the City, seeks to admit the reports and findings noted above, as he says it will support his defense that his complaint was merited, not retaliatory or driven by discriminatory animus.  The objections are SUSTAINED, and the motion is ALLOWED.  The proffered evidence's "probative value is substantially outweighed by a danger of . . . confusing the issues, [and] misleading the jury." Fed. R. Evid. 403.  In this case, the jury is called upon to resolve questions arising under state and federal anti-discrimination laws.  The IA complaints put in issue compliance with similar, but different, Boston Police Department rules.  Courts applying Rule 403 are called upon to "balance[e] the probative value of and need for the evidence against the harm likely to result from its admission." Id. advisory committee's note to 1972 proposed rules.  Even if Hayes's

IA complaint was fully sustained and Gavin's rejected, that is at best weak evidence of whether a hostile work environment existed under state and federal anti-discrimination laws and whether Hayes was motivated by discriminatory animus or another prohibited reason.  Admitting the IA reports and findings would create the risk of mini trials over the Boston Police Department's IA process itself, which is not the subject of the claims in this case.  Nothing in this ruling prevents Hayes from introducing other admissible evidence, such as testimony of percipient witnesses to the relevant underlying events, supporting the claims he made in the IA complaint he filed, or imposes upon Hayes a burden to establish the veracity, propriety, or any other aspect of his IA complaint.

(23)   Doc. No. 183 is DENIED given the resolution of Doc. No. 147 above.

The Court's rulings expressed herein are WITHOUT PREJUDICE and are subject to revisiting during trial at any point in light of the evidence or further argument of any party.

SO ORDERED.

/s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge