UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 1:18-cv-10819-LTS

DONNA GAVIN,
    Plaintiff,

v.

CITY OF BOSTON and
MARK HAYES,
    Defendants.

### DEFENDANT MARK HAYES'S MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FED. R. CIV. P. 50

The Defendant Mark Hayes ("Defendant") is entitled to judgment as a matter of law pursuant to Fed. R. Civ. P. 50 on each and every one of Plaintiff Donna Gavin's ("Plaintiff") counts and claims against him. As grounds for this motion, the Defendant states that no reasonable jury would have a legally sufficient evidentiary basis to find for Plaintiff on the following counts as she has failed to demonstrate the essential elements of these claims. Additionally, the Defendant is entitled to common law immunity.

The Defendant is entitled to judgment as a matter of law on Plaintiff's counts alleging retaliation:

Count II: Claim alleging a violation of M.G.L. c.151B, § 4[4]

The Plaintiff has failed to prove the essential elements of this count. The Plaintiff has failed to show the Defendant retaliated against Plaintiff for engaging in any protected activity and that the Defendant caused Plaintiff to suffer any materially adverse employment action.

1

Count III: Claim alleging a violation of M.G.L. c.151B, § 4 [4A]

The Plaintiff has failed to prove the essential elements of this count. Plaintiff has failed to show the Defendant interfered, coerced, intimidated and/or threatened Plaintiff in any way. Further, Plaintiff has failed to demonstrate sufficient evidence to show that the Defendant interfered with her rights under M.G.L. c. 151B "in deliberate disregard of those rights," which requires a showing of "an intent to discriminate." Coogan v. FMR, LLC, No. CV 15-13148-GAO, 2018 WL 4405614, at *10 (D. Mass. Sept. 17, 2018), citing Furtado v. Standard Parking Corp., 820 F. Supp.2d 261, 278-79 (D. Mass. 2011). To the extent this count contains an allegation that the Defendant discriminated against Plaintiff based on her gender and/ or created a gender-based hostile work environment, no reasonable jury would have a legally sufficient evidentiary basis to find for Plaintiff on such claims. Additionally, the Defendant did not cause Plaintiff to suffer any materially adverse employment action.

Count IV: Claim alleging a violation of M.G.L. c.151B, § 4 [5]

The Defendant is entitled to judgment as a matter of law on Plaintiff's count alleging he aided and abetted discrimination. The Plaintiff has failed to prove the essential elements of this count. Plaintiff has failed to demonstrate that the Defendant aided, abetted, incited, compelled and/or coerced any other individual or entity into retaliating against or discriminating against the Plaintiff. In order to prevail on an aiding and abetting claim under § 4(5), a plaintiff must show (1) that the defendant committed "a wholly individual and distinct wrong ... separate and distinct from the claim in main"; (2) "that the aider or abettor shared an intent to discriminate not unlike that of the alleged principal offender"; and (3) that "the aider or abettor knew of his or her supporting role in

an enterprise designed to deprive [the plaintiff] of a right guaranteed him or her under G.L. c. 151B." Furtado v. Standard Parking Corp., 820 F. Supp.2d 261, 278-79 (D. Mass. 2011), citing Planned Parenthood League of Mass., Inc. v. Blake, 417 Mass. 467, 481, 631 N.E.2d 985 (1994).  Plaintiff has failed to produce direct evidence to permit a reasonable fact finder to conclude that the Defendant possessed the requisite intent and knowledge of an unlawful enterprise to render himself liable under an accessory liability theory.  "Moreover, as with a claim for interference, a claim of aiding and abetting requires showing a defendant's intention to provide substantial, supporting assistance to intentional conduct in violation of the Massachusetts General Laws chapter 151B." Lopez v. Com., 463 Mass. 696, 714 (2012), quoting Abramian v. President & Fellows of Harvard College, 432 Mass. 107, 122 (2000).  No reasonable jury would have a legally sufficient evidentiary basis to conclude that Plaintiff has made such a showing. Additionally, the Defendant did not cause Plaintiff to suffer any materially adverse employment action.

      Additionally, the Defendant is entitled to common law immunity as he was at all times a government employee acting within his supervisory discretion and in good faith. See Najas Realty, LLC v. Seekonk Water Dist., 821 F.3d 134, 145-146 (1st Cir. 2016); Vanderburgh House, LLC v. City of Worcester, No. CV 18-40063-TSH, 2021 WL 1195800, at *7 (D. Mass. Mar. 30, 2021)

      Therefore, no reasonable jury would have a legally sufficient evidentiary basis to find for the Plaintiff on her claims against the Defendant and he is entitled to judgment as a matter of law pursuant to Fed. R. Civ. P. 50.

        Respectfully submitted,

        Defendant,
        MARK HAYES,
        By his attorney,

        */s/ Evan C. Ouellette*
        Evan C. Ouellette, BBO# 655934
        BRODY, HARDOON, PERKINS & KESTEN, LLP
        699 Boylston Street
        Boston, MA 02116
        (617) 880-7100
        eouellette@bhpklaw.com

Dated: November 7, 2021

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the ECF system and will therefore be sent electronically to the registered participants as identified on the Notice of Electric Filing (NEF) and paper copies will be sent to those participants indicated as non-registered participants.

        */s/ Evan C. Ouellette*
        Evan C. Ouellette, BBO# 655934

Dated: November 7, 2021

4