UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:18-cv-10819

DONNA GAVIN,
 Plaintiff,

v.

BOSTON POLICE DEPARTMENT[1] and MARK HAYES
 Defendants.

**Defendant City of Boston's Motion for Judgment as a Matter of Law Pursuant to Fed. R.Civ.P.50(a)**

Now comes the Defendant, the City of Boston ("the City"), and respectfully requests this Honorable Court enter Judgment as a Matter of Law pursuant to Fed.R.Civ.P.50(a) in its favor on all claims. As grounds therefore, the City states that the Plaintiff has failed to present sufficient evidence that she was subjected to a hostile work environment, gender-based discrimination or retaliation.

**I. Plaintiff has failed to offer sufficient evidence that she was subjected to a gender based hostile work environment**

As a threshold matter, in order to sustain a claim for hostile work environment under both Federal and Massachusetts Law, a Plaintiff must demonstrate:

> "that she was subjected to severe or pervasive harassment that materially altered the conditions of her employment. Faragher v. City of Boca Raton, 524 U.S. 775, 786(1998). The harassment must be "objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." Id. at 787. In determining whether a reasonable person would find particular conduct hostile or abusive, a court must mull the totality of the circumstances, including factors such as the "frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably

---

[1] The Boston Police Department is not a separate entity from the City of Boston.

interferes with an employee's work performance." *Id.* at 787–88 (quoting *Harris,* 510 U.S. at 23, 114 S.Ct. 367). The thrust of this inquiry is to distinguish between the ordinary, if occasionally unpleasant, vicissitudes of the workplace and actual harassment. *Id.* at 788." Noviello v. City of Bos., 398 F.3d 76, 92 (1st Cir. 2005).

Here, Plaintiff has offered several emails sent by the Defendant Hayes that she avers constitute sufficient evidence that she was subjected to harassment that was objectively and subjectively offense. While the plaintiff certainly testified, at length, that she found these emails harassing and offensive, the subject emails were not objectively offensive. Cases interpreting whether negative intraoffice communications amount to a cognizable hostile work environment hold that where the alleged "hostile" communications are "episodic [and] related to workplace responsibilities" a claim for hostile work environment is not supported. Teague v. Brennan, No. CIV.A. 13-10789-DJC, 2015 WL 3910192, at *6 (D. Mass. June 25, 2015)(finding no triable issue of fact where employer supervisor yelled at plaintiff on numerous occasions and sent critical emails regarding her work performance and absenteeism) citing Colón–Fontánez v. Municipality of San Juan, 660 F.3d 17, 44–45 (1st Cir.2011) (affirming summary judgment because "[t]he incidents described are episodic, but not frequent, in nature; upsetting, but not severe; mildly humiliating, but not physically threatening"); See also Faragher v. City of Boca Raton*,* 524 U.S. 775, 787–88 (1998) (explaining that Title VII does not create a "general civility code").

Accordingly, Plaintiff has failed to offer sufficient evidence that she was subjected to a hostile work environment and judgement as a matter of law should enter in favor of the Defendants on her associated claims under Title VII and Chapter 151b.

**II.     Plaintiff has failed to offer sufficient evidence that the Department retaliated against her after she filed her hostile work environment complaint where she has failed to offer evidence that her transfer to the academy was done with a retaliatory motive**

Assuming, *arguendo,* that Plaintiff has admitted sufficient evidence that her transfer to the academy was an adverse employment action under Massachusetts and Federal Law, she has failed to proffer any evidence to suggest the transfer- almost three-years after her initial complaint- was motivated by her engaging in protected activity.[2] In order to prove that a temporally distant adverse employment action was done in retaliation, a Plaintiff must offer "[e]vidence of discriminatory or disparate treatment in the time period between the protected activity and the adverse employment action." Verdrager v. Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., 50 N.E.3d 778, 801 (2016). Here, the only evidence plaintiff has offered that Hayes or the City did anything in the intervening period between her complaint and her transfer to the academy was Hayes's email clarifying the chain of command. In the subsequent two year period, plaintiff has adduced no evidence of any even remotely discriminatory conduct on the part of the Defendants. Thus, plaintiff has failed to offer sufficient evidence of other discriminatory acts to establish the causal link between her protected activity and her transfer.

Moreover, the unimpeached testimony of BPD Command Staff members Gregory Long and Paul Donovan further belie Plaintiff's claim that her transfer was motivated by her complaint of discrimination. Acting Commissioner Greg Long under questioning by Plaintiff's counsel testified to the following:

> **Q**. The department transferred her out because of the issues she had with Hayes, right?
> **A.** They were both transferred out because it was the
> collective belief that there needed to be a new start at the FJC.

---

[2] The City does not concede that the record to this point supports a finding that Plaintiff's transfer to the academy constituted an adverse employment action. The record actually suggests that at the very least it was a transfer that the City believed the plaintiff wanted.

>   **Q.** And the department determined that the problem with Hayes had been going on for quite some time, right?
>   **A.** Yes.
>   **Q.** And the department determined that this had taken a toll on Gavin, right?
>   **A.** I think it was the collective belief that it had taken its toll on Captain Hayes, Lieutenant Gavin, and the FJC, in general.

Likewise, Superintendent Paul Donovan testified to the following on direct examination by the City:

>   **Q.** In March 2019, was Lieutenant Gavin transferred?
>   **A.** Yes.
>   **Q.** And was Captain Hayes transferred with her?
>   **A.** Yes.
>   **Q.** And you discussed Harrington, Lembo, and Miller were all transferred in around April of 2019?
>   **A.** Yes.
>   **Q.** Did you recommend transferring Mr. Hayes?
>   **A.** Yes.
>   **Q.** Did you recommend transferring Ms. Gavin?
>   **A.** Yes.
>   **Q.** Did the fact that either of them had filed complaints against one another factor into your decision whether to recommend their transfers?
>   **A.** No.

This testimony, taken in conjunction with the above-referenced lack of evidence of intervening discrimination, shows that the decision to transfer plaintiff to the academy was not motivated by her protected activity.

Judgement as a matter of law should enter for the defendants on Plaintiff's claims of retaliation under both Title VII and Chapter 151b.[3]

---

[3] For the same reasons, Plaintiff's claim under M.G.L. c.151b §4(a) also fails were Plaintiff has offered no evidence that either of the Defendants "interfered with her rights under the statute in deliberate disregard of those rights." Saari v. Allegro Microsystems, LLC, 436 F. Supp. 3d 457, 466 (D. Mass. 2020)

**III.     Plaintiff has failed to offer sufficient evidence of gender discrimination**

In support of her claims of gender discrimination under both Title VII and Chapter 151b, Plaintiff appears to point to four factors which she suggests show the required disparate treatment; 1) she was not afforded the same input into personnel decisions that her male contemporaries were; 2) she was not given a private office; 3) she received a less favorable transfer than the male Sergeants and Lieutenants that were moved from the FJC around the same time; 4) Hayes micromanaged the HTU.

While the above-factors, if proven, could serve to show disparate treatment, Plaintiff has failed to offer any reliable comparator evidence. Throughout the examination of department personnel, counsel for the Plaintiff has attempted to paint the picture that Hayes' treatment of Sergeant Detective Brian Miller was the correct measuring stick to use in evaluating Hayes' treatment of the Plaintiff. It is not. The testimony has been clear that Brian Miller was filling in *some* supervisory responsibilities in the HTU while Gavin was on temporary assignment in a district. Miller is not the same rank as the plaintiff and did not have the same supervisory responsibilities. There is insufficient evidence from which a jury could infer that Miller and the Plaintiff are similarly situated See Stuart v. City of Framingham, Massachusetts, 989 F.3d 29, 36 (1st Cir. 2021) (upholding summary judgement where plaintiff failed to offer evidence that comparators were similarly situated).

Plaintiff's claims that Lieutenants Harrington and Juliano were given more input on personnel decisions and were not micromanaged by Hayes are similarly unsupported. Indeed, at no point, has Plaintiff offered evidence that Juliano and Harrington were experiencing the same disfunction and lack of production in their units. Furthermore, where the jury has not heard from Harrington or Juliano, there has been absolutely no evidence that they have been given enhanced

input on personnel decisions. In fact, almost every Department witness has testified that personnel decisions are a mixed bag. Sometimes you get what you want and other times you do not. Additionally, Plaintiff has presented no evidence that Hayes did not involve himself in the day-to-day operations of the Domestic Violence Unit and/or the Sexual Assault Unit. Juliano and Harrington are not comparators for the Plaintiff.

Lastly, Plaintiff has presented no evidence that the Department's failure to provide her with a private office was motivated by discriminatory animus. The evidence on the office issues has been clear. There was no available office space when plaintiff returned to the FJC as a Lieutenant. Plaintiff did not raise the issue with Hayes or anyone on the Command Staff and instead complained to her union in the winter of 2016-2017. Shortly thereafter, the planning for a new office commenced and after some back and forth regarding where the office would be placed, an office was built. At no point has there been any testimony that anyone from the Department delayed the office's construction, let alone did so because of Plaintiff's gender. Webber v. Int'l Paper Co., 417 F.3d 229, 240 (1st Cir. 2005)(upholding District Court's entry of Judgment as a Matter of Law where plaintiff failed to offer evidence that defendant's decision was motivated by a discriminatory animus).

Accordingly, where plaintiff has failed to adduce evidence that she was discriminated against on the basis of her gender, this Court should enter Judgement as a Matter of Law in favor of the Defendants on Plaintiff's claims for gender-based discrimination under Title VII and Chapter 151b.[4]

---

[4] Similar to footnote 1, *supra*, Plaintiff has also failed to offer evidence that the Defendant's violated chapter 151b(4)(a) as she has not adduced any evidence that the Defendants "coerce[d], intimidate[d], threaten[ed], or interfere[d] with any right guaranteed under the statute. Semmami v. UG2 LLC, No. 18-CV-12396-DJC, 2019 WL 2249705, at *7 (D. Mass. May 24, 2019).

**IV. Plaintiff has failed to offer sufficient evidence which would warrant giving the question of promotional related wage and pension damages to the jury.**

In regards to plaintiff's specious claim that she would have been promoted to a command staff position, but for the Defendants' discriminatory conduct Plaintiff has failed to produce any evidence that this is in fact the case. As such, any damages that Plaintiff is claiming which are presuming that she would have been promoted to the Command Staff are far too speculative for the jury to consider.  Other than the plaintiff and her husband's self-serving testimony, the jury has heard no evidence that would support even an inference that the Plaintiff was destined for a position on the command staff. See Connolly v. Suffolk Cty. Sheriff's Dep't, 815 N.E.2d 596, 605 (2004) ("While it is true that a plaintiff need not prove damages with mathematical certainty, 'damages cannot be recovered when they are remote, speculative, hypothetical, and not within the realm of reasonable certainty").

The Court should not give the question of promotional wage and pension damages to the jury.

## Conclusion

Wherefore, the City of Boston respectfully requests this Honorable Court enter Judgement as a Matter of Law in its favor on all claims.

                                                Respectfully submitted,
                                                Henry Luthin,
                                                Corporation Counsel,

                                                Defendant City of Boston
                                                By its attorney,

                                                /s/ James Megee
                                                _____
                                                James Megee (BBO#691911)
                                                Assistant Corporation Counsel
                                                Boston Police Department
                                                Office of the Legal Advisor
                                                One Schroeder Plaza
                                                Boston, MA 02120
                                                (617) 343-4550

Dated: 11/9/2021

## **CERTIFICATE OF SERVICE**

      I, James J. Megee hereby certify that on this date I served a copy of the foregoing document via electronic filing (EFC) on all counsel of record. Copies were also served in hand.

| | |
|---|---|
| Date:  11/9/2021 | /s/ James J. Megee |
| | James J. Megee |