UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONNA GAVIN, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF BOSTON and MARK HAYES <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) C. A. No. 1:18-cv-10819-LTS <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## AFFIDAVIT OF NICHOLAS CARTER IN SUPPORT OF BILL OF COSTS

I, Nicholas B. Carter, Esq., hereby depose and state as follows:

1. I am a partner at the law firm of Todd & Weld LLP and together with Lucia A. Passanisi represent Plaintiff Donna Gavin ("Plaintiff") in the above-captioned matter.

2. I am licensed to practice in the Commonwealth of Massachusetts. I am currently in good standing with all courts in which I have been licensed to practice, including the Commonwealth of Massachusetts, The United States District Court for the District of Massachusetts and The United States Court of Appeals for the First Circuit.

3. I have personal knowledge regarding the matters set forth in this affidavit.

4. This affidavit is filed in support of Plaintiff's Bill of Costs following judgment entering in favor of Gavin and against Defendants City of Boston ("City") and Mark Hayes ("Hayes").

5. Plaintiff seeks taxable costs in the amount of $35,058.73, which includes deposition transcripts, necessary photocopying, and court fees.

1

6. Plaintiff seeks a total of $22,644.80, in connection with the cost of depositions that were taken in this case.

7. With regard to depositions, Plaintiff deposed the following individuals:

1) Gregory Long (in an individual and 30(b)(6) capacity);

2) Mark Lynch (in a 30(b)(6) capacity);

3) Janet Dougherty (in a 30(b)(6) capacity);

4) Brian Miller;

5) Mark Hayes (his deposition continued for two days);

6) Norma Ayala;

7) Jarrod Gero;

8) George Juliano;

9) Mark Harrington;

10) Kathleen Doris;

11) Sharon Dottin;

12) Paul Donovan; and

13) William Gross.

8. Hayes noticed and conducted the depositions of:

14) Ludwik Bartkiewicz;

15) Donna Gavin;

16) Jessica Wagner;

17) Kara Connolly;

18) Janet Dougherty (in her individual capacity);

19) Winifred Cotter; and

20) Amy Matthews (her deposition was spread out over two days).

9. The City noticed and conducted the depositions of Plaintiff's experts:

21) Thomas Stack;

22) Kimberly Hassell; and

23) Norman Stamper.

10. With the exception of George Juliano, Mark Harrington, and Sharon Dottin, all of the witnesses were called at trial. Plaintiff did not call these witnesses to avoid potential duplicative testimony.

11. Plaintiff tried to call William Gross, but he was unavailable due to reasons stated *in camera* by the City's attorney.

12. A break down of the deposition costs is as follows:

| Deponent | Cost |
|---|---|
| Gregory Long / 30(b)(6) | $1,384.30 |
| Ludwik Barktiewicz | $626.90 |
| Brian Miller | $1,415.65 |
| Mark Hayes (Day 1) | $1,660.55 |
| Norma Ayala | $1,202.35 |
| Jarrod Gero | $1,451.45 |
| Donna Gavin | $1,364.00 |
| George Juliano | $1,859.10 |
| Sharon Dottin | $626.70 |
| Mark Lynch / 30(b)(6) | $331.40 |
| Mark Harrington | $1,061.20 |
| Jessica Wagner | $586.10 |
| Kathy Doris | $1,017.75 |
| William Gavin | $251.45 |
| Kara Connolly | $727.55 |
| Janet Dougherty | $488.60 |
| Janet Dougherty / 30(b)(6) | $979.65 |
| Paul Donovan | $419.35 |
| William Gross | $386.15 |
| Winifred Cotter | $803.45 |
| Amy Matthews (Day 1) | $147.95 |
| Mark Hayes (Day 2) | $389.60 |

3

| | |
|---|---|
| Amy Matthews (Day 2) | $551.60 |
| Thomas Stack | $1,036.00 |
| Norman Stamper | $1,085.00 |
| Kimberly Hassell | $791.00 |

True and accurate copies of the invoices have been attached to the Bill of Costs as Exhibit 1.

13. In addition to the deposition costs, Plaintiff incurred significant printing costs related to exhibits and juror books for a total of $12,138.93.

14. Prior to trial commencing, it was Plaintiff's understanding that the Court required copies of the potential exhibits that would be submitted into evidence. As such, Plaintiff compiled binders of all uncontested exhibits and copies of Plaintiff's exhibits (which were contested by one or more of the defendants). Plaintiff submitted those costs to an outside vendor. The total cost for the uncontested exhibit binders was $814.55. The total cost for the contested exhibit binders was $10,493.98. True and accurate copies of these invoices have been attached as Exhibits 2 and 3 to the Bill of Costs.

15. In addition, Plaintiff utilized one chalk (marked as Exhibit 134) which cost $126.00. A true and accurate copy of this invoice has been attached as Exhibit 4 to the Bill of Costs.[1]

16. Plaintiff was further directed to provide copies of the admitted exhibits to the jury at the close of evidence. As such, my team took the lead on compiling the admitted exhibits into binders and providing them to the jury. This copying was handled in-house by Todd & Weld. Todd & Weld's in-house printing cost is no higher than what is generally charged in the area for photocopies. I reviewed the printing log for the days on which the jury binders were printed. A

---

[1] This invoice includes four (4) additional chalks that were not used at trial. As such, Gavin is not seeking those additional chalks as taxable costs.

copy of those entries are attached to the Bill of Costs as <u>Exhibit 5</u>.  In-house printing costs totaled $704.40 for the jury binders.

17. Finally, Plaintiff originally filed her lawsuit in Norfolk Superior Court, Civil Action No. 1882CV00348 and paid a fee of $275.00 for which she seeks to be reimbursed.

18. Accordingly, the items claimed in the Bill of Costs are correct, the costs have been necessarily incurred, and the services for which fees have been charged were necessarily and actually performed.

Signed under the pains and penalties of perjury this 1st day of December, 2021.

                                                                   <u>/s/ Nicholas Carter</u>
                                                                   Nicholas Carter