UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DONNA GAVIN, | ) |
| Plaintiff, | ) |
| v. | ) C. A. No. 1:18-cv-10819-LTS |
| CITY OF BOSTON and MARK HAYES | ) |
| Defendants. | ) |

**PLAINTIFF DONNA GAVIN'S MOTION TO AMEND JUDGMENT
TO INCLUDE INTEREST AND TAXABLE COSTS**

Plaintiff Donna Gavin ("Gavin") moves that the Court amend the Judgment (Docket No. 265) to include prejudgment interest on the $1 million award for emotional distress and/or reputation damages, and the $60,000 award for lost overtime, sick time and vacation pay.[1] As explained below, because the jury awarded Gavin undifferentiated damages for her federal and state claims, Gavin is entitled to the twelve percent interest rate provided for by G.L. c. 231, § 6B on the entire award, amounting to $466,976.60.[2] Gavin also requests that the Court amend

---

[1] The $940,000 lost promotion damages are future damages which are not subject to prejudgment interest. *See, e.g., DeRoche v. Mass. Comm'n Against Discrimn.*, 447 Mass. 1, 15 (2006) ("While the plaintiff is entitled to prejudgment interest on the back pay damage award, he is not entitled to prejudgment interest on the front pay award.")

[2] Gavin filed this action on March 16, 2018, and judgment entered on November 15, 2021. There are 3 years, 7 months and 30 days, or 1,340 days between these dates. Twelve percent annual interest works out to $127,200 per year (0.12 x $1,060,000), or $348.49 per day. Multiplying this amount by the number of days (348.49 x 1,340) results in $466,976.60 in total prejudgment interest.

the judgment to include costs pursuant to 28 U.S.C. § 1920 in the amount of $35,058.73, as itemized in the Bill of Costs (Docket No. 281) and attached hereto as <u>Exhibit A</u>.³

**A.    <u>Prejudgment Interest</u>**

Gavin is entitled to the G.L. c. 231, § 6B twelve percent prejudgment interest on her $1 million emotional distress/reputation award and on the $60,000 award for lost overtime, sick time and vacation pay.

"It is well established that prejudgment interest is a substantive remedy governed by state law when state-law claims are brought in federal court, . . . while post-judgment interest, even on state-law claims, is governed by federal law." *Tobin v. Liberty Mut. Ins. Co.*, 553 F.3d 121, 146 (1st Cir. 2009). The Massachusetts prejudgment interest statute, G.L. c. 231, § 6B, authorizes the award of prejudgment interest for damages awards pursuant to G.L. c. 151B. *See, e.g., Freeman v. Package Mach. Co.*, 865 F.2d 1331, 1343 n.6 (1st Cir. 1988); *Conway v. Electro Switch Corp.*, 402 Mass. 385, 390 n.7 (1988) (under chapter 151B, "the award of interest may be used to make the aggrieved party whole"); *Trustees of Health & Hosps. Of the City of Bos., Inc. v. Mass. Comm'n Against Discrmn.*, 65 Mass. App. Ct. 329, 338 (2006), *aff'd*, 449 Mass. 675 (2007) ("prejudgment interest is a remedy authorized under c. 151B").

"When federal and state claims overlap, the plaintiff may choose to be awarded damages based on state law if that law offers a more generous outcome than federal law." *Tobin v. Liberty Mut. Ins. Co.*, 553 F.3d 121, 146 (1st Cir. 2009). "[W]here . . . the claims under federal and state law, and the damages awarded therefore, are identical, a plaintiff is entitled to select the body of law under which the damages will be paid." *Doty v. v. Sewall*, 908 F.2d 1053, 1063 (1st Cir. 1990). *See also Freeman v. Package Machinery Co.*, 865 F.2d 1331, 1345 (1st Cir. 1988)

---

³ Gavin will file a motion for attorney's fees and non-taxable costs pursuant to G.L. c. 151B, § 5 on or before December 3, 2021.

("Nor does the fact that damages held to be recoverable under . . . [state law] largely replicated those recoverable under . . . [federal law] disqualify plaintiff from receipt of prejudgment interest on the common portion of the award"). The First Circuit has "specifically applied that principle to the award of prejudgment interest in cases involving 'wholly symmetrical' claims, holding that a plaintiff in such cases has the option to invoke either 'federal or state law, whichever affords her the better interest rate.'" *Tobin*, 553 F.3d at 146 (quoting *Conetta v. Nat'l Hair Care Ctrs., Inc.*, 236 F.3d 67, 78 (1st Cir. 2001) (where damages awarded under Title VII and Rhode Island discrimination statutes, plaintiff entitled to twelve percent Rhode Island prejudgment interest rate)).

Gavin, therefore, may elect to recover her damages pursuant to G,L, c. 151B, and is therefore entitled to twelve percent prejudgment interest on her $1 million emotional distress/reputation damages, and on the $60,000 attributed to lost overtime, sick time and vacation pay, totaling $452,344.11.

**B.   Costs**

As the prevailing party, Gavin is "presumptively entitled to recover reasonable costs expended in connection with [the] litigation." *E.E.O.C. v. AutoZone, Inc.*, 934 F. Supp. 2d 342, 360 (D. Mass. 2013) (Young, J.). *See* Fed. R. Civ. P. 54(d)(1) (costs "should be allowed to the prevailing party"). The court may award costs provided by statute, which include:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

3

28 U.S.C. § 1920.  *See Prouty v. Thippanna*, --- F. Supp. 3d ----, 2021 WL 3055025, at *1 (D. Mass. July 20, 2021) (Hillman, J.).  "In deciding whether to award costs to a prevailing party, the district court has broad discretion."  *Trustees of Bost. Univ. v. Everlight Elecs. Co.*, 392 F. Supp. 3d 120, 134 (D. Mass. 2019) (Saris, J.).  The court should "assess whether the costs sought to be reimbursed are in fact reasonable."  *AutoZone, Inc.*, 934 F. Supp. 2d at 360.  "If a party's request for costs is uncontested, the request is customarily granted."  *Id.*

Plaintiff submits that the costs set forth in <u>Exhibit A</u> were reasonable and necessary to this litigation and requests that the Court award these costs pursuant to Fed. R. Civ. P. 54(d)(1) and 28 U.S.C. § 1920.

      Respectfully submitted,

      **DONNA GAVIN**

      By her attorneys,

      */s/ Nicholas B. Carter*
      Nicholas B. Carter (BBO#561147)
      Lucia A. Passanisi (BBO#691189)
      TODD & WELD, LLP
      One Federal Street, 27th Floor
      Boston, MA 02110
      (617) 720-2626
      ncarter@toddweld.com
      lpassanisi@toddweld.com

Dated: December 1, 2021

## CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL RULE 7.1

Counsel for the City and for Mark Hayes do not assent to the relief requested herein.

*/s/ Lucia A. Passanisi*

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2021, a copy of the foregoing was served upon counsel of record through the Court's e-filing system.

*/s/ Lucia A. Passanisi*