UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | ) | |
| | ) | |
| DONNA GAVIN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C. A. No. 1:18-cv-10819-LTS |
| v. | ) | |
| | ) | |
| CITY OF BOSTON and MARK HAYES | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**PLAINTIFF DONNA GAVIN'S MOTION FOR
ASSESSMENT OF ATTORNEYS' FEES AND EXPENSES**

Plaintiff Donna Gavin ("Gavin") brought claims of discrimination, hostile work environment, and retaliation, and interference with the right to be free from discrimination under Title VII and M.G.L. c. 151B against Defendants City of Boston ("City") and Mark Hayes ("Hayes").[1]  *See* Docket Nos. 80, as amended on November 11, 2021 pursuant to Docket No. 245. At the conclusion of the three-week trial, a jury found in favor of Gavin on all her claims.  *See* Docket No. 261.  The jury awarded Gavin $1,000,000.00 in emotional distress damages, $60,000.00 in lost overtime, sick time, and/or vacation damages, and $940,000.00 in lost promotion damages.  Gavin now moves for an award of a reasonable amount of attorneys' fees and costs pursuant to M.G.L. c. 151B, § 9.

---

[1] The City and Hayes shall be collectively referred to as "Defendants."

As discussed below, and as supported by the Affidavit of Nicholas Carter submitted in connection with this motion, Gavin is entitled to an award of reasonable attorneys' fees in the amount of $1,387,788.50 and non-taxable costs in the amount of $66,094.51.

## I.      PROCEDURAL BACKGROUND

Gavin filed her complaint with the Massachusetts Commission Against Discrimination ("MCAD") in May 2017, setting forth in detail, the factual basis for her claims of discrimination and retaliation up to that point in her career with the Boston Police Department ("BPD").  In March 2018, after removing her case from the MCAD, Gavin filed a lawsuit in Norfolk Superior Court. The following month, Hayes removed the complaint to federal court.  What then ensued was a lengthy period of motion practice – which included: (1) a motion to dismiss from the City (Docket Nos. 10 & 11), which was denied; (2) a motion to dismiss from Hayes (Docket Nos. 12 & 13), which was denied; (3) a motion to amend the complaint (Docket No. 28), which was allowed without opposition, as well as (4) a second motion to amend the complaint (Docket No. 69),[2] which was allowed without opposition (Docket Nos. 78 & 80), following Gavin's transfer from the Family Justice Center to the Boston Police Academy in March 2019.[3]

Additionally, discovery was a hard-fought battle often necessitating Court involvement. Gavin was required to file three motions to compel during the discovery period.  *See* Docket Nos.

---

[2]   Prior to filing this motion to amend the complaint, the parties attempted Court-appointed mediation, which was unsuccessful in resolving the claims.

[3]   From 2017 until approximately April of 2019, Gavin was represented by predecessor counsel. In April of 2019, Nicholas Carter and Todd & Weld became Gavin's counsel, and remained counsel for the remainder of the litigation.  *See* Docket Nos. 50, 51, 54 & 58.

39, 40, 72, & 95.[4]   Gavin noticed depositions of: (1) the City of Boston (Gregory Long, Mark Lynch, and Janet Dougherty were the City's designees); (2) Gregory Long (in his individual capacity); (3) Brian Miller; (4) Jarrod Gero; (5) Norma Ayala; (6) Mark Hayes; (7) George Juliano; (8) Mark Harrington; (9) Kathleen Doris; (10) Sharon Dottin; (11) Paul Donovan; and (12) William Gross.[5]   Hayes noticed the depositions of: (13) Ludwik Bartkiewicz; (14) Donna Gavin; (15) Jessica Wagner; (16) Kara Connolly; (17) Janet Dougherty (in her individual capacity); (18) Winifred Cotter; (19) William Gavin and (20) Amy Matthews.   The City noticed the depositions of Gavin's experts: (21) Thomas Stack; (22) Kimberly Hassell; and (23) Norman Stamper.   In connection with each expert deposition, the City served lengthy Schedule A's seeking documents which necessitated responses and objections, as well as privilege logs. *See* Exhibits 1-3 (deposition notices and schedules).[6]   Not including the expert discovery, the parties exchanged thousands of pages of documents, which included dozens of transcripts from Internal Affairs interviews that related directly to this case and were used at trial.[7]

---

[4] The City also opposed Gavin's request to take additional depositions beyond the 10 afforded by the local rules.

[5]   Sharon Dottin, Paul Donovan, and William Gross were each partial day depositions.   George Juliano, Mark Harrington, and Sharon Dottin were not called at trial in the interest of avoiding cumulative testimony. William Gross was unavailable to appear at trial, due to reasons that were provided under seal to the Court.

[6]   Gavin can provide these responses upon request.   With regard to Kimberly Hassell, the City sought every publication she had authored – including books which were provided for temporary use to the City – as well as every document referenced in her expert report.   As a result, for Hassell alone, 5875 pages were produced, not including her books.

[7]   The City produced over 10,000 pages of documents, separate from Hayes' production. Gavin produced over 3,000 pages of documents.

Following the completion of fact and expert discovery, Hayes moved for summary judgment, which Gavin opposed.[8]  *See* Docket Nos. 110-113, 116-118, 125, & 129.  The Court denied Hayes' motion for summary judgment.  *See* Docket No. 130.

Defendants then sought to exclude all of Gavin's expert witnesses from testifying, in whole or in part, which Gavin opposed.  *See* Docket Nos. 139-143 & 158-160.  Prior to trial, Defendants collectively filed 12 motions *in limine*. *See* Docket Nos. 150, 152-156, 162, 163, & 165-168.  Prior to trial, Gavin filed five motions *in limine*.  *See* Docket Nos. 147-149, 161 & 164.

Prior to trial, and despite multiple conferences, Defendants objected to the overwhelming majority of exhibits that Gavin sought to introduce, resulting in additional conferences with the Court in advance of their anticipated introduction.  *See* Docket Nos. 201-1 & 201-2, List of Uncontested Exhibits and List of Exhibits to be Offered at Trial.[9]  Moreover, on the eve of trial, the City argued that the certificate several of Gavin's medical providers gave in connection with her records were insufficient, requiring Gavin to spend time seeking additional certifications.[10] The City and Hayes threw up every conceivable obstacle to Gavin getting to trial and then proving her case at trial, which drove up Gavin's fees.

Following a lengthy trial, the jury ruled in favor of Gavin on all her claims, awarding her $2,000,000.00 in damages and judgment was entered in Gavin's favor.  *See* Docket Nos. 261 & 265.

---

[8] As the City labelled nearly every document as Confidential and/or took an expansive view of what was considered Confidential under the Protective Order, Gavin had to file multiple motions to file documents and/or briefs, under seal.  *See e.g*., Docket Nos. 73 & 119.

[9]  The City and Hayes submitted separate objections to Gavin's exhibits.  As a result, counsel for Gavin took on the majority of the work to create one list of objected to exhibits.

[10]  Also, shortly before trial, the City objected to the use of deposition stickers on trial exhibits.

II.     **ARGUMENT**

    a.   <u>Chapter 151B and Title VII Provide for an Award of Reasonable Attorneys' Fees and Costs.</u>

    Gavin succeeded on the merits of her Chapter 151B and Title VII claims, both of which provide for an award of attorney' fees and costs to a prevailing plaintiff.  *See* M.G.L. c. 151B, § 9 and 42 U.S.C. § 2000e-5(k).  Indeed, an award of attorneys' fees and costs is mandatory under Chapter 151B which provides that "[i]f the court finds for the petitioner it *shall*, in addition to other relief and irrespective of the amount in controversy, award the petitioner reasonable attorneys' fees and costs unless special circumstances would render such an award unjust." M.G.L. c. 151B, § 9 (emphasis added).

    The determination of a reasonable fee is a question that is committed to the sound discretion of the trial judge. *See McGrath v. Mishara*, 386 Mass. 74, 87 (1982); *Fontaine v. Ebtec Corp.*, 415 Mass. 309, 324 (1993) (finding that the amount of a reasonable attorneys' fee**,** awarded on the basis of statutory authority, "is largely discretionary with the judge"); *Linthicum v. Archambault*, 379 Mass. 381, 389 (1979); *see also Joyce v. Town of Dennis*, 720 F.3d 12, 26 (1st Cir. 2013) (court may consider both state and federal case law in determining reasonable fee).

    The award amount should be "reasonable" and represent the fair market value of counsel's time reasonably spent on the case.  *Torres v. Attorney Gen.*, 391 Mass. 1, 16 (1984).  As a general rule, an award of fees is "calculated by multiplying the number of hours reasonably spent on the case times a reasonable hourly rate."  *Fontaine v. Ebtec Corp.*, 415 Mass. 309, 324 (1993).  This method is referred to as a "lodestar" award.  *Id*.; *see also Joyce*, 720 F.3d at 26; *Connolly v. Harrelson*, 33 F. Supp. 2d 92, 95-96 (D. Mass. 1999).

    The standard of reasonableness is not what the attorney typically charges, but "what his [or her] services were objectively worth."  *Heller v. Silverbranch Constr. Corp.*, 376 Mass. 621, 629

(1978).  The *Heller* Court listed the critical factors as: (1) the length of the trial; (2) the difficulty of the legal and factual issues; and (3) the competency demonstrated by the attorneys involved. *Id*.

The Supreme Judicial Court later added to the list of factors by including "the nature of the case and the issues presented, the time and labor required, the amount of damages involved, the result obtained, the experience, reputation and ability of the attorney, the usual price charged for similar services by other attorneys in the same area, and the amount of awards in similar cases." *Linthicum v. Archambault*, 379 Mass. 381, 388-89 (1979); *see also Berman v. Linnane*, 434 Mass. 301, 302-303 (2001).

Under Massachusetts law, no one single factor is determinative, and a factor-by-factor analysis is not required.  *See Margolies v. Hopkins*, 401 Mass. 88, 93 (1987) (affirming fee award calculated without lodestar method); *Raymond Leasing Corp. v. Callico*, 62 Mass. App. Ct. 747, 752 (2005) (approving use of "well-established criteria set out in *Cummings v. National Shawmut Bank*" to request for attorney's fees under lease)[11]; *WHTR Real Estate L.P. v. Venture Distrib., Inc.*, 63 Mass. App. Ct. 229 (2005).

Under federal case law, "results obtained" is "a preeminent consideration in the fee-adjustment process," "but that factor has multiple facets," including the "plaintiff's success claim by claim," "the relief actually achieved," and "the societal importance of the right which has been vindicated."  *Joyce v. Town of Dennis*, 720 F.3d 12, 27 (1st Cir. 2013) (internal citations omitted).

---

[11] In *Cummings v. National Shawmut Bank*, 284 Mass. 563, 569 (1933), the Court considered the "ability and reputation of the attorney, the demand for his services by others, the amount and importance of the matter involved, the time spent, the prices usually charged for similar services by other attorneys in the same neighborhood, the amount of money or the value of the property affected by the controversy, and the results secured."  *See also Northern Assocs., Inc. v. Kiley*, 57 Mass. App. Ct. 874, 882 & n.17 (2003) (quoting *Cummings* with approval).

"Consistent with this broad notion of the lawsuit's outcome, Massachusetts precedent emphasizes the need to consider, inter alia, 'the interests that the statute in question is designed to protect and the public interest in allowing claims under that statute to proceed with competent counsel.'" *Id*. (quoting *Haddad v. Wal-Mart Stores, Inc.*, 920 N.E.2d 278, 281 (2010)); *see also Borne v. Haverhill Golf & Country Club, Inc.*, 58 Mass. App. Ct. 306, 324 n.17 (2003) (quoting with approval brief of Attorney General, who argued that an "appropriate award of attorney's fees promotes Chapter 151B's policy of enlisting the help of private attorneys general in the fight against discrimination."). Even if the suit does not confer broad benefits on the public, that should not result in major restrictions on compensable hours. *Joyce*, 720 F.3d at 27. Nor should the fee award be limited by the amount of damages recovered, especially under Section 9 of Chapter 151B, which provides for an award of fees "irrespective of the amount in controversy." *Id*.

   b. <u>Methodology Employed to Determine Attorneys' Fees</u>

In connection with Gavin's submission of an attorneys' fee petition in this case, Attorney Carter reviewed the billing statements containing all time entries submitted by Todd & Weld LLP attorneys and paralegals for this matter. True and accurate copies of the billing statements reflecting the results of this process are attached to the Affidavit of Nicholas Carter.

Gavin seeks a fee award relating to Todd & Weld's work in the total amount of $1,357,788.50. These fees relate directly to Gavin's successful prosecution of her claims, as stated in Attorney Carter's sworn affidavit.

In addition to the award of Todd & Weld's attorneys' fees, Gavin seeks to be awarded the attorneys' fees she paid to her predecessor counsel Attorney Dan Bair.[12] Attorney Bair conducted substantial work in May 2017 through April 2019 and copies of his invoices are attached to

---

[12] Attorneys Lisa Lippiello and Kevin Mullen also worked under Attorney Bair.

7

Attorney Carter's Affidavit.  Prior to engaging Attorney Carter, Gavin signed a release with Attorney Bair and paid him $30,000.00 for full satisfaction of his attorneys' fees and costs.[13] Gavin, accordingly, seeks to be compensated for her payment to Attorney Bair.

This case was aggressively but professionally litigated from the beginning.  Where possible, Todd & Weld's counsel avoided duplication and overlapping of tasks between and among multiple counsel, including dividing up depositions.

  c.  <u>Application of the Lodestar Elements</u>

There can be little dispute that the amount for attorneys' fees incurred by Todd & Weld (and by predecessor counsel) sought through this Motion was justified and reasonable.

     1.     The Nature of the Case, the Issues Presented and the Time and Labor Involved.

This was a complex case that involved two defendants – Hayes and the City.  While Defendants were often aligned on certain issues, at times they took different positions and, in certain instances, even filed separate oppositions.  Discovery on this case was voluminous and included two separate sets of document requests to the City, a set of document requests to Hayes, interrogatories served on the City, interrogatories served on Hayes, over twenty depositions, and three experts.   Gavin also responded to separate document requests from Hayes and the City and separate interrogatory requests from Hayes and the City.

The City and Hayes fought on all fronts necessitating all the discovery and the trial.  They vigorously denied any discrimination or retaliation.

---

[13] A review of Attorney Bair's invoice shows a total of nearly $70,000.00 in attorneys fees, thus $30,000.00 is more than reasonable.  Out of the $30,000.00 payment, Attorney Lipellio was also compensated. Gavin can provide a copy of the release if requested by the Court.

As a result of the defense strategy, and as a result of the intricate nature of policing, Gavin hired an expert in human trafficking investigations (Thomas Stack), an expert in police practices (Norman Stamper), and an expert in police culture (Kimberly Hassell).

The factual and legal issues at trial (including substantive and evidentiary issues) were significant and complex.  The trial concluded with a jury verdict after approximately three weeks, with testimony from 23 witnesses.  As the Court is aware, a significant amount of time was also needed for Gavin's counsel to address motions *in limine* and jury instructions and the final pretrial conference spanned three separate days.

In short, Gavin litigated this case zealously but efficiently and effectively.  Gavin's request for attorneys' fees and costs is fair and reasonable especially given the complexity of the case and the aggressive defense that the City and Hayes mounted.

## 2.    The Result Obtained

The jury awarded Gavin $2,000,000.00 in damages:  $1,000,000 in emotional distress damages, $60,000 in lost overtime, and $940,000.00 for failure to promote Gavin. Moreover, Gavin has vindicated the important public policy, embodied in Chapter 151B, that individuals be free from discrimination and retaliation in the workplace.

This is an important public policy because it protects those who have been subjected to discrimination and retaliation in the workplace.  "Fee-shifting provisions in general reflect a legislative judgment that 'the public as a whole has an interest in the vindication of the rights conferred by the statutes . . . over and above the value of a . . . remedy to a particular plaintiff.'" *Joyce v. Town of Dennis*, 720 F.3d 12, 31 (1st Cir. 2013) (quoting *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986)).  "With respect to [M.G.L. c. 151B, § 9] in particular, the Massachusetts Attorney General has stated that 'an appropriate award of attorney's fees promotes Chapter 151B's

policy of enlisting the help of private attorneys general in the fight against discrimination.'" *Joyce*, 720 F.3d at 31 (quoting *Borne v. Haverhill Golf & Country Club, Inc.*, 58 Mass. App. Ct. 306, 324 n.17 (2003)).

### 3.   The Experience, Reputation and Ability of the Attorneys

Attorneys Carter and Passanisi are seasoned and experienced lawyers.  There is hopefully no serious dispute that the experience, reputation, and ability of Plaintiff's legal team is consistent with the best the Massachusetts legal community has to offer.   Attorney Carter has been litigating cases for over 25 years.  Attorney Passanisi has specialized in employment litigation disputes for approximately seven years.  Attorney Zic, who provided assistance with regard to the motions *in limine*, the Daubert motions, and the jury instructions also has been a Todd & Weld attorney since 2003.

### 4.   The Usual Price Charged For Similar Services By Other Attorneys In The Same Area

Todd & Weld LLP's hourly rates set forth in the fee petition are reasonable by any discernible standard.   Attorney Carter billed his time at $500.00 per hour.  Attorney Passanisi billed her time at $370.00 per hour.  Attorney Zic billed his time at $240.00 per hour.  Indeed, it has been noted multiple times that Todd & Weld's attorneys' fees "are substantially lower than the rates charged by many if not most medium- and large-size firms in the city that perform comparable services in complex civil cases." *See Giuliano v. Piantkowski*, No. 031629BLS2, 2005 WL 2525221, *1, *9 (Mass. Super. Ct. Aug. 16, 2005) (Botsford, J.) (awarding $661,267.25 in fees and costs on breach of contract and Chapter 93A claims with damages of nearly $1.2 million).  *See also, LR5-A Ltd. Partnership v. Meadow Creek, LLC*, No. 06-2804-BLS1, at 2 (Mass. Super. Ct. Jan. 9, 2009) (Gants, J.) ("there is no dispute that the billing rates charged by Todd & Weld for the legal work performed . . . were reasonable, well below the rates charged by

10

lawyers of comparable ability and experience at larger Boston law firms.  There is also no dispute

that they performed the work they billed, and that they performed that work very ably, awarding

$305,682.00 in legal fees), attached as Exhibit 4.  In keeping with this theme, Judge Roach

specifically remarked that Todd & Weld's "hourly rates set forth in the fee petition are

substantially lower than the usual fees charged by many litigation counsel in Boston performing

comparable services in this type of civil case." *50 Thomas Patton Drive LLC v. Fustolo*, No. 09-

3567-BLS2, at 2 (Mass. Super. Ct. Oct. 21, 2011) (awarding $106,430 in attorneys' fees), attached

as Exhibit 5.  Judge Roach repeated this finding in 2015.  *Advanced Healthcare Mgmt. Svcs., LLC*

*v. VHS Acquisition Subsidiary Number 9, Inc.*, No. 12-2473-BLS2, at 1 (Mass. Super. Ct. Sept.

11, 2015) (Roach, J.) (awarding $570,872.67 in attorneys' fees), attached as Exhibit 6. *See also*

*Marando v. Mazares*, No. 10 Misc. 443461, at 3, 4 (Mass. Land Ct. June 30, 2011) (finding Todd

& Weld's rates to be "more than reasonable"), attached as Exhibit 7.

     In further support of the reasonable attorney hourly rates applied by Todd & Weld in this

litigation, in 2018 Judge Roach awarded attorneys' fees at an hourly rate of $550.00 per hour for

a solo practitioner who had successfully tried a discrimination and retaliation case.  *See* Exhibit 8

(Memorandum and Order on Plaintiff's Petition for Attorneys' Fees and Costs in *Toussaint v.*

*Brigham and Women's Hospital et al.*, No. 2014-2253-B, Mass. Super. Ct. Aug. 20, 2018).

                    5.     The Amount of Awards in Similar Cases

     In addition, Gavin's attorneys' fees and costs are reasonable in relation to fee awards in

other cases.  *See e.g.*, *Tuli v. Brigham & Women's Hosp.*, 656 F.3d 33, at 46 (1st Cir. 2011)

(upholding $1.35 million attorneys' fees award on jury verdict awarding $1.62 million in

damages);); *Quarterman v. City of Springfield*, 91 Mass. App. Ct. 254, 264-65 (Mass. App. Ct.

2017) (affirming award of $169,002.41 in attorney's fees and costs with only $100,000.00 in

emotional distress damages in c. 151B case); *Ciccarelli v. School Dept. of Lowell*, 70 Mass. App. Ct. 787, 788, 799 (2007) ($102,252.54 in attorneys' fees awarded where jury awarded only $1,800.00 for lost pay, $8,200.00 for emotional distress, and $50,000.00 in punitive damages in M.G.L. c. 151B case); *Diaz v. Jiten Hotel Mgmt., Inc.*, 741 F.3d 170, 177-79 (1st Cir. 2013) (upholding award of over $100,000 in fees and costs where jury awarded only $7,650.00 in damages in M.G.L. c. 151B case); *Joyce v. Town of Dennis*, 2014 WL 585455, *2, 6 (D. Mass. Feb. 12, 2014) (awarding over $92,000.00 in attorneys' fees and costs on jury verdict of only $15,000.00 in c. 151B case); *Arthur D. Little, Int'l v. Dooyang Corp.*, 995 F. Supp. 217, 223 (D. Mass. 1998) (attorneys' fee award of over $900,000.00 on verdict of $460,000.00); *Jillian's Billiard Club of America, Inc. v. Beloff Billiards, Inc.*, 35 Mass. App. Ct. 372, 377 (Mass. App. Ct. 1993) (attorneys' fee award of $180,000.00 appropriate where plaintiff received only injunctive relief).

      6.      <u>Todd & Weld's Incurred Expenses Are Recoverable Under Massachusetts Law</u>.

The Court will note that the legal bills identified above include certain expenses incurred by Todd & Weld in the prosecution of this case. An itemized summary of these non-taxable costs is attached to Attorney Carter's Affidavit.  These amounts reflect expenses incurred for, among other things, expert fees, online legal research, and photocopying.  These expenses are recoverable under Massachusetts law.  Specifically, M.G.L. c. 151B, § 9 provides that "[i]f the court finds for the petitioner it *shall* . . . award the petitioner reasonable attorney's fees *and costs*."  (emphasis added.)  Moreover, expert fees are allowed under the M.G.L. c. 151B's fee shifting statute.  *See Freeman v. Package Machinery Co.,* 865 F.2d 1331, 1347-1350 (1st Cir. 1998).  Both the City and Hayes' attorneys questioned Gavin's experts during lengthy depositions and they testified at trial.

The costs identified in the legal bills reflect actual costs incurred by Gavin that were necessary to the successful outcome achieved in this case.

<b><u>CONCLUSION</u></b>

Therefore, Gavin respectfully requests that the Court enter an award of attorneys' fees of $1,387,788.50 and non-taxable costs of $66,094.51, for a total of $1,453,883.01.

Respectfully submitted,

**DONNA GAVIN**

By her attorneys,

*/s/ Nicholas B. Carter*
Nicholas B. Carter (BBO#561147)
Lucia A. Passanisi (BBO#691189)
TODD & WELD, LLP
One Federal Street, 27th Floor
Boston, MA 02110
(617) 720-2626
ncarter@toddweld.com
lpassanisi@toddweld.com

Dated: December 3, 2021

<b><u>CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL RULE 7.1</u></b>

Counsel for Mark Hayes does not assent to the relief requested in this motion.  Counsel for the City also opposes this motion.

*/s/ Lucia A. Passanisi*

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2021, a copy of the foregoing was served upon counsel of record through the Court's e-filing system.

*/s/ Lucia A. Passanisi*