UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DONNA GAVIN<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BOSTON and MARK HAYES<br><br>Defendants. | C. A. No. 1:18-cv-10819-LTS |

### AFFIDAVIT OF NICHOLAS CARTER IN SUPPORT OF MOTION FOR ASSESSMENT OF ATTORNEYS' FEES AND EXPENSES

I, Nicholas B. Carter, Esq., hereby depose and state as follows:

1. I am a partner at the law firm of Todd & Weld LLP and together with Lucia A. Passanisi represent Plaintiff Donna Gavin ("Plaintiff") in the above-captioned matter.

2. I am licensed to practice in the Commonwealth of Massachusetts. I am currently in good standing with all courts in which I have been licensed to practice, including the Commonwealth of Massachusetts, The United States District Court for the District of Massachusetts and The United States Court of Appeals for the First Circuit.

3. I have personal knowledge regarding the matters set forth in this affidavit.

4. This affidavit is filed in support of Plaintiff's Motion for Assessment of Attorneys' Fees and Expenses after judgment entered in favor of Gavin and against Defendants City of Boston ("City") and Mark Hayes ("Hayes").

5. It is the custom and practice of all Todd & Weld attorneys and paralegals, including all who worked on this case, to record accurately the time spent on matters from entry into Todd & Weld's timekeeping system. Todd & Weld takes this ethical obligation very seriously.

6. In preparing this fee petition, I reviewed all the time records for entries submitted by Todd & Weld attorneys and paralegals. A true and accurate copy of the time records and costs for this case is attached as Exhibit 1.

7. I reviewed the time entries and reduced time when I thought appropriate.

8. Moreover, throughout the case Todd & Weld utilized the assistance of summer interns from Northeastern University School of Law. Their time has not been charged to the client.

9. My time on this case was billed at a rate of $500.00 per hour. I have been a litigator for over 25 years.

10. Attorney Lucia Passanisi also worked extensively on this case. Her time was billed at $370.00 per hour. She has specialized in employment litigation for approximately seven years.

11. Attorney Kristijan Zic also provided assistance on the case – primarily in connection with the motions *in limine*, Daubert motions, and jury instructions. He billed his time at a rate of $240.00 per hour. Attorney Zic has been a Todd & Weld attorney since 2003.

12. Melissa Nutter is Todd & Weld's paralegal supervisor. She provided paralegal assistance shortly before and during trial. Ms. Nutter's time was billed at $255.00 an hour. She is a seasoned paralegal, with 15 years of paralegal experience.

13. In connection with the work performed through December 2, 2021, Todd & Weld seeks fees totaling $1,357,788.50. See Exhibit 1 for a true and accurate summary.

14. Todd & Weld began representing Gavin in April 2019. From May 2017 to April 2019, Gavin was represented by Attorney Dan Bair – and two other affiliated attorneys Kevin

Mullen and Lisa Lipellio. Copies of their invoices for work conducted on the case are attached as Exhibit 2. Attorney Bair took the case on a contingency fee basis. In connection with the change in counsel, Attorney Bair and Gavin entered into a release, whereby Attorney Bair agreed to accept $30,000.00 for his and his affiliates' work on the case. This was a significant reduction in the total fees incurred by Gavin. Gavin paid $30,000.00 directly to Attorney Bair. Gavin accordingly seeks to be reimbursed for the $30,000.00 in fees she paid to Attorney Bair.

15. Additionally, Todd & Weld seeks non-taxable costs totaling $66,094.51. A true and accurate summary of these non-taxable costs are included in Exhibit 1, starting at pg. 112, as well as Exhibits 3 and 10.[1]

16. As part of those costs, Gavin is seeking $44,038.57 in expert witness fees for her experts Thomas Stack, Kimberly Hassell, and Norman Stamper.[2] Copies of their invoices are included as Exhibit 3.

17. Gavin also seeks to be reimbursed for transcript costs that were utilized to prepare for trial and/or for discovery purposes. These transcripts include:

(a) the transcript of a May 19, 2019 discovery conference held before the Honorable Judge Bowler, totaling $19.80 (*see* Exhibit 4);

(b) daily trial transcripts, totaling $4,097.80 (*see* Exhibit 5); and

(c) trial transcripts from the matter of G. Renee Payne-Callender v. City of Boston and Donna Gavin, Civil Action No. 1:19-cv-11286-RGS, totaling $567.95 (*see* Exhibit 6).

---

[1] Gavin has separately filed a Bill of Costs (Docket Nos. 281 and 282) for taxable costs. While those costs are listed in the attached exhibit, they are not included in the $66,094.51 figure. However, if the Court determines that some of the outside printing costs claimed on the Bill of Costs are not taxable, Gavin requests that they be considered non-taxable and added to this total.

[2] Gavin paid most of the expert fees directly.

18. As the Court is aware, while Gavin's lawsuit against the City and Hayes was pending, G. Renee Payne-Callender ("Payne-Callender") brought a lawsuit against the City and Gavin. In July of 2021, the case was tried before the Honorable Judge Stearns.

19. Given the overlap in some of the witnesses, Gavin requested some of the trial transcripts, including Payne-Callender, Michael Sullivan, and Jeffrey Walcott. Given the limitations on the number of depositions, these witnesses were not deposed by Gavin in her lawsuit against the City and Hayes. They also were not deposed by either defendant in this case. Additionally, Gavin requested Hayes' trial transcript for impeachment purposes.

20. Payne-Callender, Jeffrey Walcott, and Michael Sullivan were disclosed as potential witnesses by the City and/or Hayes in connection with their pre-trial briefings. Payne-Callender was called at trial. On the last day of testimony, the City indicated that it would not be calling Michael Sullivan.

21. Additionally, Gavin seeks to be reimbursed for costs associated with requesting certified copies of her medical records. Defendants requested, and Gavin produced, her medical records. These records were also necessary to support Gavin's emotional distress damages. The total cost of the medical records was $813.49. *See* Exhibit 7.

22. Gavin also served subpoenas on Lisa Barao's work to seek to assertation the dissertation, which was used at trial. The cost of the subpoenas was $225.00. *See* Exhibit 8.

23. The remaining costs largely involve legal research fees, parking/transportation costs, courier fees (*see* Exhibit 9), and in-house printing costs. Todd & Weld's in-house printing cost is no higher than what is generally charged in the area for photocopies. A breakdown of those costs and fees is as follows:

(a) Legal Research: $9,095.50;

(b) In-house photocopies (including hardware): $4,705.26;[3]

(c) Courier costs: $712.05; and

(d) Transportation/parking: $1,761.63.

24.     To assist the Court as to the non-taxable costs, a breakdown of the major costs has been provided as <u>Exhibit 10</u>.

25.     The attorneys' fees and costs were necessarily incurred to effectively litigate this case.

Signed under the pains and penalties of perjury this 3rd day of December, 2021.

<u>/s/ Nicholas Carter</u><br>
Nicholas Carter

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2021, a copy of the foregoing was served upon counsel of record through the Court's e-filing system.

<u>/s/ Lucia A. Passanisi</u>

---

[3] This figure does not include the 11/19/2021 photocopying charge of $779.13. That charge has specifically been excluded from all calculations of costs. Additionally, the 8/3/2021 photocopying charge has been reduced from $1,935.60 to $483.90.